IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vlaho Miletak, et al., | NO. C 06-03778 JW |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND** |
| v. | |
| Allstate Insurance Co., | |
| Defendant. | |

## I. INTRODUCTION

Vlaho Miletak and Filka Miletak (collectively, "Plaintiffs") filed this diversity action against Defendant Allstate Insurance Company ("Allstate") for, *inter alia*, violation of Cal. Bus. & Prof. Code § 17200 et seq., breach of contract, and fraud. Plaintiffs allege that Allstate engaged in unlawful billing practices for its automobile insurance policies. Presently before the Court is Allstate's Motion to Dismiss Plaintiffs' First Amended Complaint. The Court found the matter appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Allstate's Motion to Dismiss with partial leave to amend.

## II. BACKGROUND

Plaintiffs allege as follows:[1]

Plaintiffs are California residents and Defendant is an Illinois corporation. (First Amended Class Action Complaint ¶ 3, hereafter, "FAC," Docket Item No. 1-1.)

---

[1] Plaintiffs have attached an example bill to the First Amended Complaint as Exhibit A. The Court summarizes Plaintiffs' description of the bill in this Section. The Court will then describes the bill attached as Exhibit A in the Section IV.

Beginning in January 1, 2002, Plaintiffs purchased motor vehicle insurance from Allstate, paying premiums according to Allstate's standardized billing statements ("Statements"). (FAC ¶ 12.) The due date for premium payments was the first date of the coverage period ("Actual Due Date"). (FAC ¶¶ 12, 13.) The Statements deceptively stated that premiums were due thirty days before the Actual Due Date. Id. The Statements requested that payment be sent by mail "no later than" thirty-five days before the Actual Due Date to "allow time for mail and processing." Id. Allstate benefitted by inducing Plaintiffs to make payments more than a month in advance of the Actual Due Date. (FAC ¶¶ 16, 18.) Plaintiffs were unaware that Allstate's representations with respect to the due date for premium payments were false. (FAC ¶ 28.)

On April 28, 2006, Plaintiffs filed this putative class action in Santa Clara County Superior Court. On May 11, 2006, Plaintiffs filed their First Amended Complaint. On June 15, 2006, Allstate removed this action for diversity to the Northern District of California pursuant to 28 U.S.C. §§ 1441. Plaintiffs alleges eight causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) fraud; (5) constructive fraud; (6) negligent misrepresentation; (7) unjust enrichment; and (8) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* Presently before the Court is Allstate's Motion to Dismiss.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistrer v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v.

2

City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusory allegations couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  A complaint should not be dismissed under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.  Lopez v. Smith, 203 F.3d. 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

The Court's analysis of whether Plaintiffs have stated a claim for relief depends on the Court's examination of the sample Statement attached to Plaintiffs' First Amended Complaint. Accordingly, the Court describes the material portions of the Statement as follows:

The Statement, which is three pages long, is Plaintiff Vlaho Miletak's Statement for the policy period April 24, 2005 to October 24, 2005.  A shaded area at the top states, "Your Bill at a Glance."  The shaded area is divided into three components.  The leftmost component states, "Due Date: March 24, 2005 at 12:01 A.M."  The center component states, "To Pay in Full: $367.86."  The rightmost component states, "Minimum Amount Due: $64.81."[2]
Immediately below the shaded area, the Statement provides, "To allow time for mail and processing, please send your payment no later than March 19, 2005."  Towards the middle of the page, as part of a section labeled, "Ways To Pay/Billing Inquiries," the Statement states, "If you choose to pay your policy in full, please make sure we receive $367.86 by April 24, 2005."  Page two of the Statement provides, "If for some reason you don't pay this first bill,

---

[2] The information in the shaded area is also repeated in the payment coupon at the bottom of the first page of the Statement.

3

the second renewal bill Minimum Amount Due will reflect at least two months of premium. Please note that in all cases we must receive at least the Minimum Amount Due on the second renewal bill by the renewal effective date and time in order for your renewal policy to go into effect." Page three of the statement has a table entitled, "Your Payment Options," which contains the following information:

| Option 1 - Pay in Full | Option 2 - Pay Min. Amt. Due | Option 3 - Pay Amt. in Between |
|---|---|---|
| You can avoid paying installment fees if you pay the full premium amount. | Pay $64.81 (Minimum Amount Due). | Pay any amount between $64.81 and $367.86. |
| Pay $367.86 (To Pay in Full premium amount). | You will be charged a $3.50 installment fee each time you choose this payment option. | You will be charged a $3.50 installment fee each time you choose this payment option. |
| You will not be sent a bill until your policy renews or you make a change in coverage resulting in additional premiums. | Your remaining payment schedule will be as follows:<br>4/24/05 $64.81   5/24/05 $64.81<br>6/24/05 $64.81   7/24/05 $64.81<br>8/24/05 $64.81 | A new payment schedule for your remaining payments will appear on your next bill. |

With this description, the Court proceeds to consider Plaintiffs' claims.

### A. Breach of Contract

Plaintiffs allege that Allstate breached its insurance agreements by using Statements with due dates thirty days in advance of the Actual Due Date and requesting that insureds send payment thirty-five days in advance of the Actual Due Date. (FAC ¶¶ 12-13, Ex. A.) Allstate contends that Plaintiffs' claims are deficient for two reasons: (1) the Statements contain a "mere offer to insureds to allow them to pay premiums in equal installments," which is not actionable; and (2) Plaintiffs have failed to address the necessary predicate to a breach of contract claim, as they have neither attached copies of the allegedly purchased policies nor pled their terms. (Defendant Allstate Insurance Company's Memorandum of Points and Authorities in Support of Motion to Dismiss at 9, hereafter, "Motion," Docket Item No. 5.)

Under California law, the elements of a breach of contract claim are: (1) existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the

4

1 defendant; and (4) damages. First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745
2 (2001).

3       The Court construes the Statement attached as Exhibit A to the First Amended Complaint as
4 follows. The Statement represents an offer by Allstate to contract for an upcoming six-month
5 period. Allstate will provide insurance coverage to a potential insured if the insured accepts its offer
6 by making payments according to one of the following three plans. First, an insured can elect to pay
7 the entire amount due for six months of coverage, in which case the insured's payment is due on the
8 first day of coverage (April 24, 2005 in Ex. A.) Second, an insured may elect to pay the amount
9 owed in equal monthly installments. If the insured elects this option, the first payment is due thirty
10 days in advance of the policy's coverage start date; Allstate recommends mailing the payment up to
11 five days earlier, to allow time for processing[3] (March 24, 2005 and March 19, 2005, respectively, in
12 Ex. A.) Third, an insured may pay any amount between the minimum monthly payment and the full
13 amount due, in which case Allstate will calculate a payment schedule for the insured's remaining
14 payments. If an insured does not mail payment in response to the first bill, Allstate will send a
15 second renewal bill the following month reflecting twice the minimum monthly payment.

16       Allstate thus makes three contemporaneous offers to its renewing insureds. A contract
17 between the parties does not exist until an insured accepts Allstate's offer by mailing in payment as
18 described by the Statement. Accordingly, the Court finds that Plaintiffs cannot state a claim for
19 breach of contract based on Allstate's Statements, irrespective of the content of the insurance
20 agreements.[4] The Court dismisses Plaintiffs' First Cause of Action with prejudice.

---

[3] An insurer is entitled to the full payment on the first day of policy coverage. Cal. Ins. Code § 480. As consideration for instead agreeing to accept payment over several months, then, the insurer may require the insured to begin installment payments in advance of the policy's coverage start date, may assess an installment fee, or both. Allstate's Statements indicate that Allstate has elected to require both.

[4] Plaintiffs have failed to attach copies of the alleged insurance agreements to the First Amended Complaint, but even if they had, the Court would reach the same result. The insurance agreements can, at most, provide additional terms for the contract between the parties. These additional terms would be irrelevant if the parties never formed a contract for the relevant period—and for a contract to exist, the Plaintiff-insureds would have to accept Allstate's terms as

5

**B.     Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that a term of Allstate's standardized contracts was an implied covenant of good faith and fair dealing requiring Allstate not to interfere with Plaintiffs' enjoyment of the benefits of the full and fair performance of the contracts. (FAC ¶ 17.)   Allstate contends that this cause of action fails for the same reason as Plaintiffs' breach of contract claim. (Motion at 9-10.)

The covenant of good faith and fair dealing is an implied term in every contract under California law; it provides that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 684 (1988).  A breach of the implied covenant of good faith and fair dealing cannot exist without an underlying breach of contract. Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1151 n.10 (1990).

Since Plaintiffs cannot state a claim for breach of contract, the Court finds that Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing as a matter of law.  The Court dismisses Plaintiffs' Second Cause of Action with prejudice.

**C.     Breach of Fiduciary Duty**

Plaintiffs allege that the "special relationship" between an insurer and its insured gave rise to a fiduciary duty, which Allstate breached by deceptively inducing Plaintiffs to pay their premiums early. (FAC ¶ 21-22.)  Allstate contends that an insurer is not a fiduciary of its insured, and thus, Plaintiffs cannot state a cognizable claim for breach of fiduciary duty. (Motion at 10.)

Although California courts have found that an insurance contract can give rise to a special relationship that is akin to a fiduciary relationship, they have never held that an insurer owes fiduciary duties to its insured. See Tilbury Constructors, Inc. v. State Compensation Ins. Fund, 137 Cal. App. 4th 466, 475 (2006).

As a matter of law, Plaintiffs cannot state a claim for breach of fiduciary duty against Allstate.  The Court dismisses Plaintiffs' Third Cause of Action with prejudice.

---

described in the Statement.

6

**D.     Fraud**

Plaintiffs allege that Allstate knowingly and falsely represented the due date for payment and receipt of their insurance premiums. (FAC ¶ 27.)  Allstate contends that Plaintiffs have not alleged the requisite elements of a fraud claim. (Motion at 8.)

Despite the liberal notice-pleading standard, Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud be alleged with particularity. See also Moore v. Kayport Package Exp. Inc., 885 F.2d 531, 540 (9th Cir. 1989). Although the "circumstances" constituting the fraud must be averred with particularity, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Id. In California, the elements of a fraud claim are (1) a false representation (2) made with knowledge of its falsity and (3) intent to defraud, (4) the victim's justifiable reliance on the misrepresentation, and (5) damages. Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1184 (1993).

Plaintiffs have not identified a false representation in Allstate's Statements.[5]  The Statements explicitly provide, "If you choose to pay your policy in full, please make sure we receive [full amount] by [policy start date]". (FAC, Ex. A.) The Statements' earlier deadlines apply only to insureds wishing to utilize Allstate's installment billing plan. Since Allstate's Statements do not contain an actual misrepresentation, Plaintiffs cannot state a cognizable claim for fraud. The Court dismisses Plaintiffs' Fourth Cause of Action with prejudice.

**E.     Constructive Fraud**

Plaintiffs allege that "Allstate's concealment and deception and failure to notify Plaintiffs and the class that the premiums were really due thirty (30) days later were fraudulent." (FAC ¶ 34.)

Constructive fraud depends on the existence of a fiduciary relationship. Younan v. Equifax, Inc., 111 Cal. App. 3d 498, 516 (1980). Under California law, Plaintiffs do not have a fiduciary

---

[5] Although Plaintiffs have specifically pled that Allstate knowingly made false representations on its billing statements, the Statement in Exhibit A to the First Amended Complaint contradicts this allegation. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may disregard allegations contradicted by the plaintiff's attached exhibits. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1988).

relationship with Allstate.  (See Part IV.C, *supra*.)  Accordingly, Plaintiffs cannot state a cognizable claim for constructive fraud.  The Court dismisses Plaintiffs' Fifth Cause of Action with prejudice.

### F.     Negligent Misrepresentation

Plaintiffs allege that "Allstate negligently induced Plaintiffs and the class, by its deceptive and confusing bills, into believing that the due date for payment of their insurance premiums was thirty (30) days earlier than the premiums were really due."  (FAC ¶ 38.)  Allstate contends that this cause of action fails for the same reason as Plaintiffs' fraud claim.  (Motion at 8.)

In the Ninth Circuit, both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.  Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  The elements of a negligent misrepresentation claim are (1) misrepresentation of a material fact (2) made without reasonable grounds for believing the fact to be true (i.e. negligence) and (3) made with intent to induce reliance, (4) the victim's justifiable reliance, and (5) resulting damages.  See B.L.M. v. Sabo & Deitsch, 55 Cal. App. 4th 823, 834 (1997).

Plaintiffs have not identified a false representation in Allstate's Statements.  (See Part IV.D, *supra*.)  In the absence of a false representation, Plaintiffs cannot state a cognizable claim for negligent misrepresentation.  The Court dismisses Plaintiffs' Sixth Cause of Action with prejudice.

### G.     Unfair Competition

Plaintiffs allege that Allstate committed at least three acts in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.: (1) misleading Plaintiffs into believing that their premiums were due thirty days early; (2) misleading Plaintiffs into believing that if they did not pay their premiums at least thirty days early, their policies would be cancelled; and (3) sending misleading bills to induce early payments to inure to Allstate's financial benefit.  (FAC ¶ 44.)  Plaintiffs further allege that they suffered damages in the form of monies improperly collected early.  (FAC ¶ 47.)

Allstate contends that its billing statements are not misleading, because: (1) they clearly disclose that if the insured chooses to pay the full premium, he or she need only do so by the renewal

1 effective date and (2) there are no negative consequences if the insured decides not to make the first
2 installment payment by the "due date" listed. (Motion at 5-7.) Allstate further contends that
3 Plaintiffs lack standing because they do not allege the actual loss of money due to Allstate's actions.
4 (Motion at 7.)

California's Unfair Competition Law defines unfair competition as any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "'Fraudulent,' as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public 'are likely to be deceived.'" Saunders v. Superior Court, 27 Cal. App. 4th 832, 839 (1994) (citing Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1267 (1992)). A plaintiff has standing to bring a § 17200 claim if (1) he or she relied on a defendant's allegedly misleading statement and (2) suffered injury as a result. See Cal. Bus. & Prof. Code § 17204.

### 1. Standing

To have standing to bring a § 17200 claim, a plaintiff must have (1) suffered injury-in-fact and (2) lost money as a result of unfair competition. See Cal. Bus. & Prof. Code § 17204. There is no caselaw that addresses whether the loss of use of money, as Plaintiffs allege, is equivalent to the loss of money as required for standing by Section 17204. Construing Section 17204 broadly, the Court finds that an allegation of loss of use of money, on which interest could be earned, is not materially different than the loss of money.

### 2. Misleading Billing Statements

Allstate cites several California cases that have found businesses' statements not misleading under § 17200. In one case, a court found that failure to disclose in an order form that the total included a merchant surcharge was not misleading, since the actual price charged was clear. Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 484 (2006). Another court found that failure to disclose that a seventeen percent room service charge on a hotel bill was remitted to service employees was not unfair or deceptive. Searle v. Wyndham Int'l, Inc., 102 Cal. App. 4th 1327, 1334-35 (2002). The

9

1 court concluded this practice did not violate § 17200 even though the service charge was given to
2 the employees and the hotel included another line for "gratuity" on patrons' bills, thus inspiring
3 another round of tipping. Id.

4     This case is in contrast to Wayne and Searle, where the courts found that disputed bills were
5 not misleading given clear disclosure of the total price that the consumer was being charged. Here,
6 due dates rather than prices are at issue, and Plaintiffs can potentially state a claim that the
7 Statements do not clearly disclose the Actual Due Date to insureds. Specifically, the first page of
8 each Statement contains two due dates: a highlighted due date one month in advance of the policy
9 effective date, and a statement that if the insured elects to pay in full, he or she should remit payment
10 no later than the policy effective date (the Actual Due Date). The Court has found that the presence
11 of these two due dates in Statements is not fraudulent within the common-law meaning of that term.
12 However, Plaintiffs can potentially allege that the presence of the two due dates in Statements is
13 "fraudulent" within the meaning of § 17200, so long as they allege that the Statements are likely to
14 deceive members of the public.

15     The Court finds that individuals who, in reliance on one of Allstate's Statements, submitted
16 the *full premium due for a six month period* more than thirty days in advance, can state a claim for a
17 fraudulent statement in violation of § 17200. Plaintiffs have not alleged facts sufficient to meet this
18 description.[6] The Court dismisses Plaintiffs' Eighth Cause of Action with leave to amend.

---

[6] Exhibit A to the First Amended Complaint shows Vlaho Miletak's payment coupon for April 24, 2005 to October 24, 2005, with the full amount due, $367.86, purportedly enclosed. However, this is unaccompanied by a specific allegation that Mr. Miletak submitted this payment at least thirty days early. Moreover, Ms. Miletak is not named in the Statement in Exhibit A, nor is there any specific allegation that she submitted a full policy payment at least thirty days in advance of the Actual Due Date.

10

**H.      Unjust Enrichment**

Plaintiffs allege that "Allstate, by its deceptive billings, wrongfully obtained the early and unjustified use of Plaintiffs' and the class' money which Allstate used for its own economic advantage to unjustly enrich itself to the detriment of Plaintiffs and the class by depriving them of the benefit and rightful use of their money." (FAC ¶ 41.) Allstate contends that this claim fails because Plaintiffs have alleged the existence of an express contractual agreement with Allstate. (Motion at 11.)

To state an unjust enrichment claim, a plaintiff must allege (1) that the defendant received a benefit (2) that it unjustly retained at the plaintiff's expense. Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000). Under California law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement defines the rights of the parties. California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, 94 Cal. App. 4th 151, 172 (2001).

Parallel to Section IV.G(1), *supra*, the Court finds that the early use of insureds' money, on which interest can be earned, constitutes a benefit to Allstate. Similar to Plaintiffs' Cal. Bus. & Prof. Code § 17200 claim, then, if Plaintiffs can allege specifically that they submitted the full premium due for a six month period more than thirty days in advance in reliance on one of Allstate's Statements, they can state a claim for unjust enrichment. The Court dismisses Plaintiffs' Seventh Cause of Action with leave to amend.

**I.      Voluntary Payment of Premiums**

Allstate contends that Plaintiffs cannot recover alleged damages resulting from early payment because they voluntarily and knowingly paid their insurance premiums before they were due. (Motion at 11-12.)

Under California law, payments voluntarily made with knowledge of the facts cannot be recovered. Western Gulf Oil Co. v. Title Ins. & Trust Co., 92 Cal. App. 2d 257, 266 (1949). As the California Court of Appeal has held, "[W]here a person with full knowledge of the facts voluntarily

11

pays money under a mistake of law on a demand not legally enforceable against him, he cannot recover it in the absence of unjust enrichment, fraud, duress, or improper conduct of the payee." American Psychometric Consultants, Inc. v. Workers' Compensation Appeals Bd., 36 Cal. App. 4th 1626, 1646-47 (1995) (internal quotations omitted).

The Court has held that Plaintiffs cannot maintain a fraud-based or contract-based theory of recovery. Accordingly, the Court considers Allstate's argument as to only Plaintiffs' unjust enrichment and Cal. Bus. & Prof. Code § 17200 causes of action. Plaintiffs have repeatedly alleged that they were deceptively induced to pay their premiums early. (See, e.g. FAC ¶¶ 40, 43.) These allegations do not support a finding that Plaintiffs paid their premiums voluntarily, with full knowledge of the facts. The Court finds that Plaintiffs are not barred from recovering against Allstate on an unjust enrichment or Cal. Bus. & Prof. Code § 17200 theory due to their early payment of premiums.

## V. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss. Plaintiffs' First through Sixth Causes of Action are dismissed with prejudice. Plaintiffs' Seventh and Eighth Causes of Action are dismissed with leave to amend. If Plaintiffs wish to file a Second Amended Complaint, they shall do so within thirty days of this Order. Plaintiffs' Second Amended Complaint shall contain only those causes of action that the Court has given leave to amend.

The parties shall appear for a case management conference on **March 26, 2007 at 10 a.m.** Pursuant to the Civil Local Rules of the Court, the parties shall submit a joint case management statement ten days before the date of the conference.

Dated: February 8, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gayle M. Athanacio gathanacio@sonnenschein.com
Mark Paul Millen MPMillen@aol.com
Samuel Kornhauser skornhauser@earthlink.net
Sanford Kingsley skingsley@sonnenschein.com

**Dated: February 8, 2007**             **Richard W. Wieking, Clerk**

                                        **By:  /s/ JW Chambers**
                                            **Elizabeth Garcia**
                                            **Courtroom Deputy**