***E-FILED 5/12/08*** 

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLAHO MILETAK, | NO. C O6-03778 JW (RS) |
| Plaintiff, | **ORDER RE MOTION TO COMPEL** |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court for decision on shortened time as a result of a manifest failure by the parties to engage in a properly-functioning meet and confer process. The Court cannot and will not attempt to decide which, if either, party bears greater responsibility for that breakdown; it is apparent that there is blame enough to go around. In light of the time exigencies now presented,[1] the Court will issue this ruling rather than requiring further meet and confer. In doing so, it is likely that both parties will be less satisfied with the Court's line drawing than if they had reached their own reasonable compromises.

---

[1] The parties' respective arguments regarding timing are as polarly-divided as most of their arguments regarding other issues presented in the motion: defendant insists the plaintiff is solely at fault for waiting so long to commence discovery and for waiting thereafter to the eve of the cut-off to seek relief; plaintiff, in contrast, portrays his delay in propounding discovery as fully-excusable, and the delay in seeking relief thereafter solely the result of defendant's perfidy. The truth would appear to lie in between.

1

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed R. Civ. P. 26 (b)(1). The matter is relevant when it seeks admissible evidence or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ. P. 26(b)(1). In putative class actions such as this, so-called "merits" discovery is often bifurcated and stayed until after a class certification motion has been decided. Here, although the parties recognized that they had differing positions on whether such bifurcation should take place, they failed to obtain an express ruling on that question.. The presiding judge expressly referred the parties to this Court for resolution of the bifurcation question, but contrary to the presiding judge's direction, the parties failed ever to calendar such a motion.[2]

In their present briefing the parties do not take clear positions as to whether they think discovery is limited to class issues or not.[3] Additionally, on February 27, 2008, the presiding judge entered an order observing that by extending the cut-off to May 16, 2008, the parties would have "sufficient time to complete class discovery." That observation arguably supports an inference that the May 16, 2008 deadline applies only to class certification discovery. Even if that is so, however, in the absence of an express order of bifurcation, merits based discovery is open and proceeding. Additionally, until and unless the presiding judge indicates otherwise, this Court views the existing May 6, 2008 cut-off as applicable to *all* fact discovery issues, both class certification and merits.

Turning to the specific requests, Defendant's initial disclosures are insufficient. Defendant has the option, however, of either supplementing the disclosures directly or of ensuring that all relevant additional information is provided through responses to interrogatories and document requests.

Interrogatories No.1-4 are overbroad and require no further response. Additionally, whether or not third party privacy rights or California Insurance Code provisions strictly apply in this

---

[2] Apparently counsel at some point jointly contacted these chambers but did not at that time represent they had any outstanding disputes or otherwise seek resolution of the bifurcation issue.

[3] This may be because the parties positions on bifurcating discovery may have switched. Plaintiff originally opposed bifurcation, but may now want it since it would mean the rapidly-approaching cut-off would not foreclose him from later merits discovery. Defendant, who advocated for bifurcation originally, may now be hoping to hoist plaintiff on his own petard.

2

1  proceeding, plaintiff has not shown that disclosure of defendant's customer identities is appropriate.

2  As to Interrogatory No. 5, defendant shall identify the *number* of such persons, but need not
3  otherwise further respond.

4  The objections to Interrogatories Nos. 6 and 7 are overruled, and defendant shall fully
5  respond.

6  Interrogatories 8-11 require no further response.

7  The objections to Interrogatories Nos. 12 -14 are overruled, and defendant shall fully
8  respond.

9  Interrogatories No.15-17 are overbroad and require no further response.

10  Interrogatories 18-22 require no further response.

11  The interrogatory responses shall be verified.

13  Document Requests Nos. 1-5, 7-8, 21-25, 27-28 require no further responses, as defendant
14  has denied possessing any responsive documents and plaintiff has presented no evidence indicating
15  otherwise.

16  Defendants shall further respond to Request No. 6, and shall produce any responsive, non-
17  privileged documents in their possession, custody, or control. This request, unlike those listed above
18  does not use the term "early renewal programs."

19  Defendants shall further respond to Request Nos. 9-11, and shall produce any responsive,
20  non-privileged documents in their possession, custody, or control.

21  Document Requests No.12 requires no further responses, as defendant has denied possessing
22  any responsive documents and plaintiff has presented no evidence indicating otherwise.

23  Document Requests Nos. 13-19 are overbroad and many of them implicate the privacy of
24  third parties. No further responses are required.

25  Defendants shall further respond to Request No 20, and shall produce any responsive, non-
26  privileged documents in their possession, custody, or control.

27  Defendants shall further respond to Request Nos. 26, and shall produce any responsive, non-
28  privileged documents in their possession, custody, or control.

3

Defendants shall further respond to Request Nos. 29-31, and shall produce any responsive, non-privileged documents in their possession, custody, or control.

Document Request No. 32 requires no further responses, as defendant has denied possessing any responsive documents and plaintiff has presented no evidence indicating otherwise.

Document Requests Nos. 33-39 are overbroad and many of them implicate the privacy of third parties. No further responses are required.

Defendant shall further respond to Request No. 40, and shall produce any responsive, non-privileged documents in their possession, custody, or control.

To the extent not otherwise objectionable, Request Nos. 41-45 are duplicative, and no further responses specific to these requests will be required.

To the extent defendant has previously agreed to produce documents in its responses to Request Nos. 46-66, and 68-73 it need not serve further responses. To the extent production of documents was not promised, further responses shall be served. In either event, defendants shall produce any responsive, non-privileged documents in their possession, custody, or control.

Document Request No. 67 requires no further response, as defendant has denied possessing any responsive documents and plaintiff has presented no evidence indicating otherwise.

The Court sees no basis at this juncture to require defendant to certify the completeness of its document production.

All further written responses required by this order shall be made within 10 days hereof, and all further documents produced as promptly as practicable, on a rolling basis if necessary, but in no event later than 20 days after the date of this order.

IT IS SO ORDERED.

Dated: May 12, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C O6-03778 JW (RS)

4

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 Gayle M. Athanacio    gathanacio@sonnenschein.com, hkalay@sonnenschein.com, pcranmer@sonnenschein.com

3

4 Sanford Kingsley    skingsley@sonnenschein.com

5 Samuel Kornhauser    skornhauser@earthlink.net

6 Mark Paul Millen    MPMillen@aol.com

7 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

8

9 **Dated: 5/12/08**                                **Richard W. Wieking, Clerk**

10

11                                                   **By:    Chambers**

ORDER
C O6-03778 JW (RS)

5