GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@sonnenschein.com
SANFORD KINGSLEY (State Bar No. 99849)
skingsley@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAHO MILETAK,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an<br>Illinois corporation,<br><br>        Defendant. | No. C 06-03778 JW (RS)<br><br>**DECLARATION OF GAYLE M.<br>ATHANACIO IN SUPPORT OF MOTION<br>FOR ENTRY OF PROTECTIVE ORDER**<br><br>Hearing Date: TBD<br>Time: 9:30 a.m.<br>Dept.:    4<br>The Honorable Richard Seeborg |

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

1    I, Gayle M. Athanacio, declare as follows:

2    1.    I am an attorney at law duly admitted to practice before this Court and a partner of

3    the law firm of Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendant Allstate

4    Insurance Company ("Allstate"). I make this declaration in support of Allstate's Motion For

5    Entry of Protective Order. I have personal knowledge of the matters set forth herein and could

6    competently testify to them if called upon to do so.

7    2.    On January 17, 2008, Miletak hand-served Allstate with 73 document production

8    requests and 22 interrogatories.

9    3.    Allstate's responses to Plaintiff's discovery were due February 19, 2008. Before

10   Allstate's responses were due, I called Plaintiff's counsel, Samuel Kornhauser, to request a short

11   extension of time, roughly two weeks, in which Allstate could respond to Plaintiff's discovery.

12   During this call, I informed Mr. Kornhauser that a protective order would be needed in this case if

13   Plaintiff wanted, as his discovery suggested, Allstate to disclose its confidential and/or proprietary

14   information. Mr. Kornhauser indicated that Plaintiff would be amenable to a stipulated proposed

15   protective order.

16   4.    Allstate responded to Plaintiff's interrogatories and document production requests

17   on March 4, 2008. I heard nothing from Plaintiff's counsel with regard to Allstate's responses to

18   discovery until over three weeks later when, on March 28, 2008, I received a letter from

19   Plaintiff's counsel.

20   5.    On April 4, 2008, I wrote to Plaintiff's counsel in response to their April 28 letter.

21   In my letter, I proposed that the parties promptly schedule a time to discuss Miletak's discovery

22   and Allstate's responses. I also noted the prior discussions with Mr. Kornhauser regarding the

23   protective order, and indicated that I would draft a proposed protective order for Plaintiff's

24   counsel's review.

25   6.    On April 11, 2008, I provided Plaintiff's counsel with a proposed protective order.

26   Attached hereto as Exhibit A is a true and correct copy of the proposed protective order.

27   7.    On April 14, 2008, I took part in a teleconference with Plaintiff's counsel to discuss

28   Plaintiff's discovery and Allstate's responses thereto. During this call, Plaintiff's counsel

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 1 -

1    informed me, for the first time, that Plaintiff would not accept any proposed protective order other

2    than the model stipulated protective order of the Northern District of California Court.

3          8.     On April 18, 2008, Mr. Kornhauser and I spoke on the phone to further discuss

4    discovery issues. In that call, I agreed to prepare another proposed stipulated protective order,

5    this time, one that would closely mirror the N.D. Cal. Court's model stipulated protective order.

6    Mr. Kornhauser confirmed his understanding of our call, and that I would "tinker" with the ND

7    Cal. Court's model stipulated protective order. Attached hereto as Exhibit B is a true and correct

8    copy of Mr. Kornhauser's April 18 letter to me, confirming his understanding that I would

9    "tinker" with the N.D. Cal. Court's model protective order.

10          9.     On April 22, 2008, I wrote to Plaintiff's counsel and provided them with a proposed

11    stipulated protective order that is nearly identical to the model order of the Northern District of

12    California. A true and correct copy of the proposed stipulated protective order is attached hereto

13    as Exhibit C. The proposed stipulated protective order attached hereto as Exhibit C is the same

14    proposed protective order as Allstate's Proposed Protective Order, filed concurrently herewith.

15          10.    On April 24, 2008, Plaintiff's counsel requested a redline version of the proposed

16    protective order I provided on April 22. On April 25, I provided Plaintiiff's counsel with this

17    redline as requested. A true and correct copy of redline version comparing the Northern District

18    of California protective order to the proposed protective order I provided to Miletak's counsel on

19    April 22 is attached hereto as Exhibit D.

20          11.    On May 12, 2008, this Court granted in part and denied in part Plaintiff's Motions

21    to Compel, which among other things, sought the production of documents in response to

22    Miletak's 73 document requests and information in response to Miletak's 22 interrogatories. The

23    Court ordered Allstate to respond to Interrogatory Nos. 5-7 and 12-14 by May 22, and ordered

24    Allstate to produce documents in response to Document Request Nos. 6, 9-11, 20, 26, 29-31, 40,

25    46-66 and 68-73 by no later than June 1.

26          12.    On May 13, Plaintiff's counsel and I had a telephone conversation to discuss the

27    implications of this Court's May 12 Order. Plaintiff's counsel wanted to discuss immediately

28    setting Allstate's 30(b)(6) deposition that covered the same topics and sought the same documents

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 2 -

that were subject to Plaintiff's motion to compel. I asked to discuss the protective order, in particular, in light of Plaintiff's counsel confirmation that he was amenable to entry of a protective order that tracked the Northern District of California Court model. In our discussion, Mr. Kornhauser initially said that now "all bets were off" and he would not agree to any protective order. He then suggested that Allstate produce the documents and then he would decide whether to enter into a stipulated proposed protective order. I informed Mr. Kornhauser that his proposal would not work and asked him to reconsider his position on the protective order or tell me then that he was opposed to a protective order being entered in this case. Mr. Kornhauser said he needed to think about. We agreed to speak the next day.

13.    On May 14, 2008, I called Mr. Kornhauser's office to discuss the protective order. I was informed he was out, but left word with his office that I had called and needed to know what was Plaintiff's final position on the protective order.

14.    On May 15, 2008, I again called Mr. Kornhauser's office to discuss the protective order issue but was told that he was not in. Mr. Kornhauser thereafter sent me an email regarding additional discovery and information he sought but did not address the protective order issue. I responded to his email and requested Mr. Kornhauser inform me what was Plaintiff's position regarding the proposed protective order. Mr. Kornhauser informed me Plaintiff would not agree to any form of protective order in this case, and further, that he would not agree to have a motion for a protective order heard on shortened time.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 15th day of May, 2008, at San Francisco, California.

/S/
_____
GAYLE M. ATHANACIO

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

2729826

Case No. C 06-03778 JW (RS)
ATHANACIO DECL. ISO ALLSTATE'S MOTION FOR ENTRY OF PROTECTIVE ORDER

# EXHIBIT A

**Kalay, Hillary N.**

---

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Friday, April 11, 2008 8:28 AM |
| **To:** | Samuel Kornhauser (skornhauser@earthlink.net);  (MPMillen@aol.com) |
| **Cc:** | Kalay, Hillary N. |
| **Subject:** | Miletak v Allstate--proposed protective order |

**Attachments:**    SFOLIB1-27294502-v2-Miletak  Proposed stipulated protective order.DOC

Gentlemen:
Attached please find a proposed protective order for the above-referenced matter.  I am providing it in word/electronic
format for your ease of review/revision.

Gayle



SFOLIB1-27294502
   -v2-Miletak  P...

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

MARK P. MILLEN (State Bar No. 196718)
MARK P. MILLEN, ATTORNEY AT LAW
2 North Santa Cruz Avenue, Suite #205
Los Gatos, CA 95030
Telephone: (408) 399-9707
Facsimile: (408) 399-9757

SAMUEL KORNHAUSER (State Bar No. 083528)
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111
Telephone: (415) 981-6281
Facsimile: (415) 981-7616

Attorneys for Plaintiff and the Class
VLAHO MILETAK

GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@sonnenschein.com
SANFORD KINGSLEY (State Bar No. 99849)
skingsley@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,<br><br>       Plaintiff,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>       Defendant. | No. C 06-03778 JW (RS)<br><br>**STIPULATED [AND PROPOSED] PROTECTIVE ORDER** |

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Vlaho Miletak and

2   Defendant Allstate Insurance Company (collectively, "the parties") submit the following:

3   WHEREAS, the parties to this action are or will be engaged in discovery that involves or

4   will involve answers to written interrogatories, identification of documents and other tangible

5   evidence in answers to interrogatories, the production of documents and other tangible evidence

6   by the parties, both in connection with discovery and potentially in connection with settlement

7   negotiations, and may involve requests for admission and the taking of oral depositions of the

8   parties and nonparty witnesses; and

9   WHEREAS, in the course of such discovery or settlement discussions the parties hereto

10  may seek to obtain discovery of information that the party from whom discovery is sought

11  considers to be confidential within the meaning of Federal Rule of Civil Procedure 26(c); and

12  WHEREAS, in order to safeguard any confidential information, such as trade secrets,

13  competitively sensitive information, material non-public information, proprietary information,

14  medical information, personal information, or any other type of information for which a

15  protective order properly may be sought under Rule 26(c) of the Federal Rules of Civil

16  procedure that may be revealed by the parties during this case and to ensure that such

17  information is not disclosed to non-parties, except pursuant to the terms of this Order, the

18  parties have need to apply to the Court for an order limiting the disclosure of such confidential

19  information; and

20  WHEREAS, the parties have agreed to be bound by the restrictions of this Order limiting

21  the use of such information as hereinafter provided; and

22  WHEREAS, the parties acknowledge that this Order creates no entitlement to file

23  confidential information under seal and further acknowledge that Civil Local Rule 79-5 sets

24  forth the procedures that must be followed and reflects the standards that will be applied when a

25  party seeks permission from the Court to file material under seal; and

26  WHEREAS, the parties have established good cause for entry of this Order;

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, THAT:

## Definition

1.    As hereinafter used, the term "Confidential Information" means any business, financial or other non-public or personal information entitled to confidential treatment. Confidential Information may also include information that if disclosed would infringe on the privacy right of some individual or individuals.

2.    As hereinafter used, the term "Highly Confidential Information" means any and all highly-sensitive information, documents and other materials produced or otherwise provided in the course of this litigation, the disclosure of which to any other person carries the risk of a loss of a competitive advantage by the producing party and/or the designating party, is the subject of reasonable efforts by the producing party and/or designating party to maintain its confidentiality, and is not generally known.

## Scope

3.    Confidential Information and Highly Confidential Information includes information designated by a party as confidential or highly confidential in writing, or orally if recorded as part of a discovery or testimony deposition or record before the Court, and includes all such designated information whether revealed by a party during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, or otherwise.

4.    The provisions of this Order also apply to designated portions of transcripts, exhibits, answers to interrogatories, copies thereof, other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation and designated as containing or comprising Confidential Information or Highly Confidential Information.

## Good Faith Obligation

5.    The parties are to make any such designations in good faith, with a belief that a Court would sustain their designation.

**Designation Procedure**

6.    Any document or portion thereof that a producing party believes to contain Confidential Information or Highly Confidential Information shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in which case the designated document or portion thereof and the information contained therein will be treated in accordance with the terms of this Order.

**Maintenance And Access To Confidential Information And Highly Confidential Information**

7.    All Confidential Information and Highly Confidential Information that has been obtained from a party during the course of this proceeding shall be maintained subject to the following restrictions:

a.    It shall be used only for the purposes of this proceeding and not for any other litigation and not for any business or other purposes whatsoever.

b.    It shall not be given, shown, made available, or communicated in any way to anyone other than: (i) the parties, which shall include defendants and the named plaintiffs and members of any certified class or subclass, with the following exceptions: (a) named plaintiffs shall be entitled to view Highly Confidential Information, but in no event shall named plaintiffs be given possession, custody or control of Highly Confidential Information or otherwise be in possession, custody or control of Highly Confidential Information outside the physical presence of Plaintiffs' counsel, and (b) Highly Confidential Information shall not be given, shown or communicated to members of any certified class or subclass;  (ii) inside or outside trial counsel of record for the parties to this proceeding (including their associates, secretaries, and employees); (iii) independent experts as may be selected by the receiving party's trial counsel to furnish technical or expert services and/or give testimony in this proceeding with respect to the confidential information to be disclosed but such independent experts shall not include members of the media, any representative of an organization or association of current or former Allstate agents and/or employees, any class member or person filing a "consent to join" this action, or any employee of any competitor of Allstate (for purposes of this Protective Order, "competitor"

4
STIPULATED [AND PROPOSED] PROTECTIVE ORDER

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

shall be defined to include any other insurance company or agent of any other insurance company, and any other individual or entity involved in the business of insurance, including any other individual or entity in the business of developing credit scoring models or algorithms, rating or underwriting models or marketing strategies for use in the insurance industry); (iv) the Court in any further proceeding herein; (v) stenographic reporters, outside photo-copying services, and other outside administrative persons who are engaged in such proceedings or activities as are necessary to conduct this Action, except that Highly Confidential Information shall not be given, shown, made available, or communicated in any way to outside photocopying services or other outside administrative persons without the prior written consent of the party claiming the Highly Confidential designation; which consent shall not be unreasonably withheld. A party claiming the Highly Confidential designation shall have five (5) business days to respond with its consent or non-consent to the dissemination of Highly Confidential information to a designated photocopying service or other administrative person; and (vi) persons to whom such is required as a consequence of the process of any court.

8. Nothing in this subparagraph (v) however, shall be interpreted to require counsel for either party to disclose with particularity those Highly Confidential documents to outside photocopying services or other outside administrative persons. Furthermore, any document designated as Highly Confidential may not be summarized, in any alternative format, to any individual who is not authorized to have access to Highly Confidential Information under the terms of this Protective Order, without the prior written consent of the party claiming the highly confidential designation.

9. All parties and independent experts having access to information, documents, and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be given a copy of this Order prior to being shown such documents and things and/or information, and its provisions shall be explained to them by an attorney of record. Each such person, prior to having access to said confidential documents and things and/or information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information or Highly Confidential Information derived there from and not to make use of any such confidential

information or highly confidential information other than for purposes of this Action and shall acknowledge in writing, by signing a document in the form of Exhibit A attached hereto, such executed document to be filed with the Clerk of the Court, that such person is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

**Use Of Confidential Information And Highly Confidential Information in Filings**

10.    All documents of any nature (including any of the foregoing documents, any other documents, including briefs, affidavits, motions, etc., and others items of tangible evidence, such as computer disks) that are filed with the Court for any purpose and contain Confidential Information or Highly Confidential Information shall be filed in sealed envelopes or other sealed containers marked with the title of this proceeding and identifying each document and thing therein and bearing a statement substantially in the following form:

> This envelope containing the above-identified papers or items filed by [name of party] is not to be opened, and the contents thereof is not to be displayed or revealed except by order of the Court.

However, pleadings or other court filings that make reference to Confidential Information or Highly Confidential Information, but do not quote therefrom, need not be filed under seal.   Any pleadings or other court filings that contain Confidential Information or Highly Confidential Information need not be filed under seal if the parties consent in writing prior to any such filing, and such consent may include an agreement between the parties to redact some or all of the Confidential Information or Highly Confidential Information contained in such filing.

**Use Of Confidential Information And Highly Confidential Information At Depositions**

11.    Any document or other item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be used in the course of any deposition of the party producing such document without consent, and in any other deposition of any person bound by the terms and conditions of this Order pursuant to order of this Court, or with the consent of the party producing such document or item, subject to the condition that when such designated document or item is so used, the party who made the designation may notify the reporter that the portion of

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

6

the deposition in any way pertaining to such designated document or item or any portion of the deposition relevant thereto is being taken pursuant to this Order.

12. The original and all copies of any deposition transcript shall, at the request of any attorney for a party, initially be fully subject to the relevant provisions of this Order. The attorney for a party thereafter shall have thirty (30) days after receipt of the transcript to designate those portions of the testimony that are deemed by the attorney to include Confidential Information or Highly Confidential Information. The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with counsel's designation. The portions so designated shall be separated and treated as provided in Paragraph 4 of this Order and shall be fully subject to the relevant provisions of this Order. After the expiration of such thirty (30) days, all portions not so designated shall be free from the provisions of this Order.

**Inadvertent Production And Requests For Changes In Designation Or Disclosure Rights**

13. The inadvertent or unintentional production of documents containing Confidential Information or Highly Confidential Information without such designation shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or as to the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning that confidential or privileged documents had been inadvertently or unintentionally produced. The opposing party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such confidential information, or information contained therein, is made. No party shall have any liability under this Order for disclosing any information after the expiration of the initial thirty (30) day period referenced in paragraph 8 above and prior to the designation of the information as confidential.

14. Any party may request the party asserting confidentiality for:

a. a change in the designation of any document, transcript and/or other information as confidential; and/or

b. permission to disclose such documents and/or information to specified

persons in addition to those specified herein.

Such request shall be by written notice served on counsel for the party who designated the subject matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If counsel for the party that produced the information refuses the request, counsel shall provide written notice of such refusal not more than fourteen (14) days after receipt of the request, unless otherwise agreed to between the parties. Thereafter, counsel for the parties shall meet and confer, but if agreement cannot be reached the information shall not be disclosed unless the party seeking to make the disclosure brings the matter before the Court and the Court orders that the information may be disclosed. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. This Order shall continue to be applicable until the Court rules on any such motion.

## Disposition Of Confidential And Highly Confidential Materials Upon Conclusion Of Proceeding

15.     On final determination of this litigation, including all appeals, each party or other person subject to the terms hereof shall, at the request of the producing party, destroy all materials and documents constituting Confidential Information or Highly Confidential Information, all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said materials and documents constituting Confidential Information or Highly Confidential Information, and certify such destruction by letter to the producing party or non-party within thirty (30) days of receiving the request of the producing party. The Court will have continuing jurisdiction to enforce this Order through this litigation and following its conclusion. The parties agree that any such enforcement proceedings will, subject to the schedule and approval of the Court, be determined on an expedited basis.

## Miscellaneous Provisions

16.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance, privilege, or any other ground other than confidentiality. The right to object includes the right to assert an objection on the basis that the request calls for the disclosure of Confidential Information or Highly Confidential Information

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

that a party does not believe can be adequately protected by this Order. In response to such objection, the party seeking disclosure of Confidential Information or Highly Confidential Information shall not be precluded from asserting that the terms of the Protective Order are impeding the party's ability to obtain the discovery necessary to prepare their case.

17.    Any party for good cause may apply to the Court for a modification of this Order.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.


Dated: April __, 2008


By _____

Attorneys for Plaintiff
VLAHO MILETAK


Dated: April __, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


By _____

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY


        PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April __, 2008


_____
The Honorable Richard Seeborg
UNITED STATES MAGISTRATE JUDGE

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company, | No. C 06-03778 JW (RS) **NON-DISCLOSURE AGREEMENT** |
| Plaintiff, | |
| vs. | |
| ALLSTATE INSURANCE COMPANY, an Illinois corporation, | |
| Defendant. | |

I,_____, residing at _____, and having a place of business at _____, have read the Protective Order entered on _____, 2008, by the Court in the above-captioned matter (the "Litigation"), governing the production of Confidential Information and Highly Confidential Information. I understand the same, and I agree to be bound by its terms. I agree not to use or permit the use of any Confidential Information or Highly Confidential Information obtained pursuant to this Agreement for any purposes other than in connection with this Litigation, and I agree not to use or permit the use of any such Confidential Information or Highly Confidential Information for any business or competitive purpose whatsoever. I further agree not to disclose any Confidential Information or Highly Confidential Information obtained pursuant to this Protective Order to any person who is not also bound by the terms of the Order except as I may be required as a consequence of the process of any court.

I understand and agree that the parties producing Confidential Information or Highly

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   Confidential Information shall be entitled to specific performance and injunctive or other

2   equitable relief as a remedy for any breach of this Agreement, which shall be in addition to all

3   other remedies available at law.  I further agree to waive any requirement for the securing or

4   posting of any bond in connection with such remedy.  I also agree that any such action for

5   breach may be brought in this Court and that I may be effectively served by certified or

6   registered mail, return receipt requested.

7

8                           Signature:     _____

9                           Print name:    _____

10                          Address:       _____

11                                         _____

12                          Date:          _____

13

14

27294502

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# EXHIBIT B

LAW OFFICES

# SAMUEL KORNHAUSER

155 Jackson Street, Suite 1807 – San Francisco, California 94111
(415) 981-6281
skornhauser@earthlink.net

**SAMUEL KORNHAUSER**                                    **FAX NO. (415) 981-7616**

## F A C S I M I L E

THIS FACSIMILE AND THE INFORMATION IT CONTAINS IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND/OR EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, THE DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE AND THE INFORMATION IT CONTAINS IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

**DATE:**     April 18, 2008                **TIME:**

**TO:**

| NAME | FAX # | TELEPHONE # |
|------|-------|-------------|
| GAYLE M. ATHANACIO, ESQ. | (415) 882-0300 | (415) 882-5077 |

**FROM:**    SAMUEL KORNHAUSER

**RE:**      MILETAK V. ALLSTATE, C 06-03778 JW

**NUMBER OF PAGES TO FOLLOW:**    2

**DOCUMENTS TRANSMITTED:**    KORNHAUSER LETTER DATED 4/18/08 TO
                             MS. ATHANACIO

**MESSAGE:**

LAW OFFICES
# SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807, San Francisco, CA 94111
(415) 981-6281; FAX (415) 981-7616

SAMUEL KORNHAUSER

April 18, 2008

**VIA FACSIMILE AND U.S. MAIL**

Ms. Gayle Athanacio, Esq.
Mr. Sanford Kingsley, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA  94105

Re:    <u>Miletak v. Allstate</u>, C 06-03778 JW (RS)

Dear Ms. Athanacio:

     This will confirm the gist of our continued meet and confer this morning regarding discovery.

     1.    You agreed to "tinker" with the District Court's form of protective order and send it to me.

     2.    You will get me, as soon as possible, the names, addresses and phone numbers of the individuals who worked on creating the formats of the bills sent to Allstate motor vehicle insureds during the class period.

     3.    You agreed to stipulate to some form of stipulation that the form of the bills sent to Vlaho Miletak periodically (as revised) were the same format of bills sent to all other motor vehicle insureds in California at the times the bills were sent to Mr. Miletak.

     4.    You agreed to stipulate to the number of Allstate motor vehicle insureds that received formatted bills of the type Mr. Miletak received during the class period, acknowledging that some insureds may be counted as more than one (due to being billed more than once during the class period).

     5.    You agreed to attempt to give me and stipulate to a gross total dollar amount of premiums paid by Allstate motor vehicle insureds early (30 days or more before the effective insurance renewal date) during the class period.

Ms. Gayle Athanacio, Esq.
April 18, 2008
Page 2

6.    You agreed to stipulate to a request for some extension of the discovery date, but did not want some long-extended discovery cutoff.

7.    We agreed that the above items were an attempt to narrow the scope of a motion to compel and, if produced, could reduce or eliminate some portions of our motion to compel. However, all parties reserved their rights regarding discovery and the outstanding discovery disputes and that these stipulations are an effort to possibly narrow the discovery disputes.

8.    I also informed you that I would proceed to prepare and file Plaintiff's motion to compel and seek an expedited hearing in order to resolve the matter, but depending on what you produce and stipulate to, we could possibly reduce or eliminate some of the items on the motion to compel.

9.    You indicated that you did not want to get "jammed" on a shortened time for the motion to compel and that you might object to shortened time.

Sincerely,

Samuel Kornhauser
(dictated but not read)

cc:    Mark Millen, Esq.

# EXHIBIT C

**Kalay, Hillary N.**

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Tuesday, April 22, 2008 3:31 PM |
| **To:** | Samuel Kornhauser (skornhauser@earthlink.net) |
| **Cc:** | (MPMillen@aol.com) |
| **Subject:** | Miletak v Allstate |
| | |
| **Attachments:** | SFOLIB1-27296148-v1-further revised proposed protective order per Kornhauser request  ND CAL PTO revised.DOC |

Sam--
In connection with our on-going meet and confer discussions,  I provide you with the following:

1.  While we believe the proposed protective order Allstate previously provided you was more appropriately tailored to this action, rather than fight over the issue, as you requested, attached is a proposed protective order for your consideration which tracks, almost verbatim, the ND CAL stipulated protective order.  Please let us know if it is acceptable as drafted.

2. Although I am out of the office today, I can arrange for your inspection of the documents relative to Mr. Miletak tomorrow afternoon or later in the week.  Copies of those documents you select can be promptly made.  Please advise when you would like to review the documents.

3. While we agree to disagree as to the relevance of all the requested information, I am diligently working with Allstate to put together a proposed stipulation regarding the motor vehicle renewal bills/inserts/brochures sent to Mr. Miletak and other insureds (including timeframes for when these documents were in use/sent), total premium paid and number of insureds.  This is not a simple or easy process.  If you doubt me, please feel free to propose language for a stipulation (using Mr. Miletak's renewal bills/inserts and brochures) and leave blanks for information you do not have but consider relevant.

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
cellular phone: 650.454.0933
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com



SFOLIB1-27296148
 -v1-further re...

MARK P. MILLEN (State Bar No. 196718)
MARK P. MILLEN, ATTORNEY AT LAW
2 North Santa Cruz Avenue, Suite #205
Los Gatos, CA 95030
Telephone: (408) 399-9707
Facsimile: (408) 399-9757

SAMUEL KORNHAUSER (State Bar No. 083528)
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111
Telephone: (415) 981-6281
Facsimile: (415) 981-7616

Attorneys for Plaintiff and the Class
VLAHO MILETAK

GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@sonnenschein.com
SANFORD KINGSLEY (State Bar No. 99849)
skingsley@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,<br><br>        Plaintiff,<br><br>   vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>        Defendant. | No. C 06-03778 JW (RS)<br><br>**STIPULATED [AND PROPOSED] PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>.

2.1    <u>Party</u>:  any party to this action, including Plaintiff Vlaho Miletak and Defendant Allstate Insurance Company and all of their officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1    2.5    Receiving Party:  a Party that receives Disclosure or Discovery

2    Material from a Producing Party.

3    2.6    Producing Party:  a Party or non-party that produces Disclosure or

4    Discovery Material in this action.

5    2.7    Designating Party:  a Party or non-party that designates information

6    or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

7    Confidential — Attorneys' Eyes Only."

8    2.8    Protected Material:  any Disclosure or Discovery Material that is

9    designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

10    2.9    Outside Counsel:  attorneys who are not employees of a Party but

11    who are retained to represent or advise a Party in this action.

12    2.10    House Counsel:  attorneys who are employees of a Party.

13    2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as

14    well as their support staffs).

15    2.12    Expert:  a person with specialized knowledge or experience in a

16    matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

17    expert witness or as a consultant in this action and who is not a member of the media, a

18    representative of an organization or association of current or former Party agents and/or

19    employers, a person plaintiff claims should be a class member in this action, or any employee or

20    competitor of any Party, and who, at the time of retention, is not anticipated to become an

21    employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

22    trial consultant retained in connection with this litigation.

23    2.13    Professional Vendors:  persons or entities that provide litigation

24    support services (e.g., photocopying; videotaping; translating; preparing exhibits or

25    demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

26    employees and subcontractors.

27    3.    SCOPE.

28

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL.

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

1    ordered, material that qualifies for protection under this Order must be clearly so designated

2    before the material is disclosed or produced.

3                         Designation in conformity with this Order requires:

4                         (a)    <u>for information in documentary form</u> (apart from transcripts of

5    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

7    the top of each page that contains protected material.  If only a portion or portions of the

8    material on a page qualifies for protection, the Producing Party also must clearly identify

9    the protected portion(s) (e.g., by making appropriate markings in the margins) and must

10   specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL"

11   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

12                        A Party or non-party that makes original documents or materials available

13   for inspection need not designate them for protection until after the inspecting Party has

14   indicated which material it would like copied and produced.  During the inspection and before

15   the designation, all of the material made available for inspection shall be deemed "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

17   documents it wants copied and produced, the Producing Party must determine which documents,

18   or portions thereof, qualify for protection under this Order, then, before producing the specified

19   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

21   contains Protected Material.  If only a portion or portions of the material on a page qualifies for

22   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

23   making appropriate markings in the margins) and must specify, for each portion, the level of

24   protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY").

26                        (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

27   <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the

28   record, before the close of the deposition, hearing, or other proceeding, all protected

testimony, and further specify any portions of the testimony that qualify as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." The original

and all copies of any deposition or hearing transcript shall, at the request of any Party,

initially be fully subject to the relevant provisions of this Stipulated Protective Order. The

request shall be made on the record (before the deposition or proceeding is concluded). The

Party thereafter shall have thirty (30) days after receipt of the transcript to designate those

portions of the testimony that are deemed by the Party to include "CONFIDENTIAL"

information or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

Counsel shall conform their copies in accordance with counsel's designation. The portions

so designated shall be separated and shall be fully subject to the relevant provisions of this

Stipulated Protective Order. After the expiration of such thirty (30) days, all portions not so

designated shall be free from the provisions of this Stipulated Protective Order.

               Transcript pages containing Protected Material must be separately bound

by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

instructed by the Party or non-party offering or sponsoring the witness or presenting the

testimony.

               (c)    for information produced in some form other than documentary,

and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

only portions of the information or item warrant protection, the Producing Party, to the

extent practicable, shall identify the protected portions, specifying whether they qualify as

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

            5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

failure to designate qualified information or items as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. If material is appropriately designated as

1   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

2   produced, the Receiving Party, on timely notification of the designation, must make reasonable

3   efforts to assure that the material is treated in accordance with the provisions of this Order.

4       6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.

5           6.1     Timing of Challenges.  Unless a prompt challenge to a Designating

6   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

7   unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

8   does not waive its right to challenge a confidentiality designation by electing not to mount a

9   challenge promptly after the original designation is disclosed.

10          6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

11  Designating Party's confidentiality designation must do so in good faith and must begin the

12  process by conferring directly (in voice to voice dialogue; other forms of communication are not

13  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

14  explain the basis for its belief that the confidentiality designation was not proper and must give

15  the Designating Party an opportunity to review the designated material, to reconsider the

16  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

17  designation.  A challenging Party may proceed to the next stage of the challenge process only if

18  it has engaged in this meet and confer process first.

19          6.3     Judicial Intervention.  A Party that elects to press a challenge to a

20  confidentiality designation after considering the justification offered by the Designating Party

21  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

22  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

23  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

24  the movant has complied with the meet and confer requirements imposed in the preceding

25  paragraph and that sets forth with specificity the justification for the confidentiality designation

26  that was given by the Designating Party in the meet and confer dialogue.

27          The burden of persuasion in any such challenge proceeding shall be on the

28  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

1    material in question the level of protection to which it is entitled under the Producing Party's

2    designation.

3         7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

4              7.1    Basic Principles.  A Receiving Party may use Protected Material that

5    is disclosed or produced by another Party or by a non-party in connection with this case only for

6    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

7    disclosed only to the categories of persons and under the conditions described in this Order.

8    When the litigation has been terminated, a Receiving Party must comply with the provisions of

9    section 11, below (FINAL DISPOSITION).

10             Protected Material must be stored and maintained by a Receiving Party at a

11   location and in a secure manner that ensures that access is limited to the persons authorized

12   under this Order.

13             7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

14   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

15   Party may disclose any information or item designated CONFIDENTIAL only to:

16             (a)    the Receiving Party's Outside Counsel of record in this action,

17   as well as employees of said Counsel to whom it is reasonably necessary to disclose the

18   information for this litigation and who have signed the "Agreement to Be Bound by

19   Protective Order" that is attached hereto as Exhibit A;

20             (b)    the officers, directors, and employees (including House

21   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

22   litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

23   A);

24             (c)    experts (as defined in this Order) of the Receiving Party to

25   whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Agreement to Be Bound by Protective Order" (Exhibit A);

27             (d)    the Court and its personnel;

28

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author of the document or the original source of the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

1          (e)    the author of the document or the original source of the

2    information.

3          7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

5          (a)    Unless otherwise ordered by the court or agreed in writing by

6    the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order)

7    any information or item that has been designated "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party

9    that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving

10   Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert

11   and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

12   current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

13   entity from whom the Expert has received compensation for work in his or her areas of

14   expertise or to whom the expert has provided professional services at any time during the

15   preceding five years, and (6) identifies (by name and number of the case, filing date, and

16   location of court) any litigation in connection with which the Expert has provided any

17   professional services during the preceding five years.

18          (b)    A Party that makes a request and provides the information

19   specified in the preceding paragraph may disclose the subject Protected Material to the

20   identified Expert unless, within seven court days of delivering the request, the Party

21   receives a written objection from the Designating Party.  Any such objection must set forth

22   in detail the grounds on which it is based.

23          (c)    A Party that receives a timely written objection must meet and

24   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve

25   the matter by agreement.  If no agreement is reached, the Party seeking to make the

26   disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in

27   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to

28   do so.  Any such motion must describe the circumstances with specificity, set forth in detail

1   the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of

2   harm that the disclosure would entail and suggest any additional means that might be used

3   to reduce that risk.  In addition, any such motion must be accompanied by a competent

4   declaration in which the movant describes the parties' efforts to resolve the matter by

5   agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth

6   the reasons advanced by the Designating Party for its refusal to approve the disclosure.

7          In any such proceeding the Party opposing disclosure to the Expert shall

8   bear the burden of proving that the risk of harm that the disclosure would entail (under the

9   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

10   its Expert.

11        8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

12   <u>IN OTHER LITIGATION.</u>

13          If a Receiving Party is served with a subpoena or an order issued in other

14   litigation that would compel disclosure of any information or items designated in this action as

15   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

16   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

17   immediately and in no event more than three court days after receiving the subpoena or order.

18   Such notification must include a copy of the subpoena or court order.

19          The Receiving Party also must immediately inform in writing the Party who

20   caused the subpoena or order to issue in the other litigation that some or all the material covered

21   by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

22   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

23   that caused the subpoena or order to issue.

24          The purpose of imposing these duties is to alert the interested parties to the

25   existence of this Protective Order and to afford the Designating Party in this case an opportunity

26   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

27   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

28

of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected

1    Material.  Any such archival copies that contain or constitute Protected Material remain subject

2    to this Protective Order as set forth in Section 4 (DURATION), above.

3         12.    MISCELLANEOUS.

4             12.1    Right to Further Relief.  Nothing in this Order abridges the right of

5    any person to seek its modification by the Court in the future.

6             12.2    Right to Assert Other Objections.  By stipulating to the entry of this

7    Protective Order no Party waives any right it otherwise would have to object to disclosing or

8    producing any information or item on any ground not addressed in this Stipulated Protective

9    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10   the material covered by this Protective Order.

11

12   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13   DATED: _____     _____

14                                          Attorneys for Plaintiff

15   DATED: _____     _____

16                                          Attorneys for Defendant

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18   DATED: _____     _____

19                                 The Honorable Richard Seeborg
                                   United States District Magistrate Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print
or type full address], declare under penalty of perjury that I have read in its entirety and
understand the Stipulated Protective Order that was issued by the United States District Court
for the Northern District of California on April __, 2008 in the case of *Miletak v. Allstate
Insurance Company,* Case No. C 06-03778 JW (RS). I agree to comply with and to be bound by
all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to
so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly
promise that I will not disclose in any manner any information or item that is subject to this
Stipulated Protective Order to any person or entity except in strict compliance with the
provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Northern District of California for the purpose of enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of
_____ [print or type full address and telephone number]
as my California agent for service of process in connection with this action or any proceedings
related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                       [signature]

27295803

# EXHIBIT D

**Kalay, Hillary N.**

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Thursday, April 24, 2008 5:24 PM |
| **To:** | MarkMillen |
| **Cc:** | Samuel Kornhauser |
| **Subject:** | RE: Allstate's Proposed Protective Order |
| **Attachments:** | SFOLIB1-27296487-v1-requested redline of 2nd proposed protective order and ND Cal pto.DOC |



SFOLIB1-27296487
-v1-requested ...

          Mr. Millen--
You are sadly mistaken when you suggest that there is no good faith basis for the "delay"
in responding to your request for a redline document comparing the 2nd proposed protective
order I have drafted with the ND Cal Court model protective order.  As you cannot
legitimately fail to appreciate, I have been fully occupied today dealing with your
multiple and voluminous filings made late last night.  It goes without saying that your
filings demand my immediate attention.  Moreover, the "redline" you asked for is something
that I did not have.  As you did when you made me go through the exercise of creating a
case specific protective order acceptable to Allstate, only later to tell me any
protective order had to be based upon the ND Cal stipulated protective order, you seem
intent on needlessly burdening me and Allstate.

I, on the other hand, have no desire to unduly burden you.  As such, I have gone to the
effort of creating a document which shows the differences between Allstate's proposed
protective order and the model stipulation.  A copy of that document is attached.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com


-----Original Message-----
From: MarkMillen [mailto:MPMillen@aol.com]
Sent: Thursday, April 24, 2008 3:36 PM
To: Athanacio, Gayle M.
Cc: Samuel Kornhauser
Subject: Re: Allstate's Proposed Protective Order

Dear Ms. Athanacio,

This email is a follow up to my email of yesterday in which I requested
that you send the red-line version of Allstate's latest proposed
protective order. I respectfully request that you send the red-line
version for review without further delay.

I have been unable to discern any good faith reason for your refusal to
send the red-line version you have drafted, so if there is such a good
faith reason please advise without delay.

Thank you for your courtesy in this regard.

                                    1

Sincerely,

Mark Millen

--
Mark P. Millen
Attorney at Law
2 N. Santa Cruz Avenue, Suite #205
Los Gatos, CA 95030

Tel.: (408) 399-9707
Fax: (408) 399-9757
EMail: MPMillen@aol.com

################################################################################
#########
NOTICE:
The contents of this e-mail and any attachments to it may contain privileged and
confidential information from Mark Millen, Attorney at Law, the Law Offices of Mark
Millen, or their agents and employees. This information is only for the viewing or use of
the intended recipient. If you are not the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of, or the taking of any action in
reliance upon, the information contained in this e-mail, or any of the attachments to this
e-mail, is strictly prohibited. If you have received this e-mail in error, please
immediately notify the sender by replying to this message and delete it from your system.
################################################################################
#########

1  MARK P. MILLEN (State Bar No. 196718)
   MARK P. MILLEN, ATTORNEY AT LAW
2  2 North Santa Cruz Avenue, Suite #205
   Los Gatos, CA 95030
3  Telephone: (408) 399-9707
   Facsimile: (408) 399-9757
4
   SAMUEL KORNHAUSER (State Bar No. 083528)
5  LAW OFFICES OF SAMUEL KORNHAUSER
   155 Jackson Street, Suite 1807
6  San Francisco, CA 94111
   Telephone: (415) 981-6281
7  Facsimile: (415) 981-7616
8  Attorneys for Plaintiff and the Class
   VLAHO MILETAK
9
10 GAYLE M. ATHANACIO (State Bar No. 130068)
   gathanacio@sonnenschein.com
11 SANFORD KINGSLEY (State Bar No. 99849)
   skingsley@sonnenschein.com
12 SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
13 San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
14 Facsimile: (415) 882-0300
15 Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
16
17
18               UNITED STATES DISTRICT COURT
19             NORTHERN DISTRICT OF CALIFORNIA
20
21
22 VLAHO MILETAK, an individual on his        No. C 06-03778 JW (RS)
   own behalf and on behalf of all other
23 automobile insureds of Allstate Insurance  STIPULATED [AND PROPOSED]
   Company,                                    PROTECTIVE ORDER
24
                   Plaintiff,
25
          vs.
26
   ALLSTATE INSURANCE COMPANY, an
27 Illinois corporation,
28

Defendant.

1.    PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS.

2.1    Party:  any party to this action, including all of its**Plaintiff Vlaho Miletak and Defendant Allstate Insurance Company and all of their** officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a ~~past or a current~~**member of the media, a representative of an organization or association of current or former Party agents and/or employers, a person plaintiff claims should be a class member in this action, or any** employee ~~of a Party~~ or ~~of a~~ competitor of a~~a~~**ny** Party~~'s~~**s** and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

1            If it comes to a Party's or a non-party's attention that information or items that it

2    designated for protection do not qualify for protection at all, or do not qualify for the level of

3    protection initially asserted, that Party or non-party must promptly notify all other parties that it

4    is withdrawing the mistaken designation.

5            5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided

6    in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

7    ordered, material that qualifies for protection under this Order must be clearly so designated

8    before the material is disclosed or produced.

9            Designation in conformity with this Order requires:

10            (a)   <u>for information in documentary form</u> (apart from transcripts of

11    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

12    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

13    the top of each page that contains protected material.  If only a portion or portions of the

14    material on a page qualifies for protection, the Producing Party also must clearly identify

15    the protected portion(s) (e.g., by making appropriate markings in the margins) and must

16    specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL"

17    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18            A Party or non-party that makes original documents or materials available

19    for inspection need not designate them for protection until after the inspecting Party has

20    indicated which material it would like copied and produced.  During the inspection and before

21    the designation, all of the material made available for inspection shall be deemed "HIGHLY

22    CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

23    documents it wants copied and produced, the Producing Party must determine which documents,

24    or portions thereof, qualify for protection under this Order, then, before producing the specified

25    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

26    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

27    contains Protected Material.  If only a portion or portions of the material on a page qualifies for

28

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

        (b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." ~~When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke~~**" or "CONFIDENTIAL." The original and all copies of any deposition or hearing transcript shall, at the request of any Party, initially be fully subject to the relevant provisions of this Stipulated Protective Order. The request shall be made** on the record (before the deposition or proceeding is concluded) ~~a right to have up to 20 days to identify the specific~~**. The Party thereafter shall have thirty (30) days after receipt of the transcript to designate** *those* portions of the testimony ~~as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" *or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"*). Only *those* portions of the testimony *that are* appropriately designated for protection within the 20 days shall be covered by~~*that are* **deemed by the Party to include "CONFIDENTIAL" information** *or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"* **information. Counsel shall conform their copies in accordance with counsel's designation. The portions so designated shall be separated and shall be fully subject to the relevant provisions of this Stipulated Protective Order. After the expiration of such thirty (30) days, all portions not so designated shall be free from** the provisions of this Stipulated Protective Order.

1    Transcript pages containing Protected Material must be separately bound

2    by the court reporter, who must affix to the top of each such page the legend

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

4    instructed by the Party or non-party offering or sponsoring the witness or presenting the

5    testimony.

6    (c)    for information produced in some form other than documentary,

7    and for any other tangible items, that the Producing Party affix in a prominent place on the

8    exterior of the container or containers in which the information or item is stored the legend

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

10    only portions of the information or item warrant protection, the Producing Party, to the

11    extent practicable, shall identify the protected portions, specifying whether they qualify as

12    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

13    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

14    failure to designate qualified information or items as "Confidential" or "Highly Confidential –

15    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

16    protection under this Order for such material.  If material is appropriately designated as

17    "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

18    produced, the Receiving Party, on timely notification of the designation, must make reasonable

19    efforts to assure that the material is treated in accordance with the provisions of this Order.

20    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

21    6.1    Timing of Challenges.  Unless a prompt challenge to a Designating

22    Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

23    unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

24    does not waive its right to challenge a confidentiality designation by electing not to mount a

25    challenge promptly after the original designation is disclosed.

26    6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

27    Designating Party's confidentiality designation must do so in good faith and must begin the

28

1   process by conferring directly (in voice to voice dialogue; other forms of communication are not

2   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

3   explain the basis for its belief that the confidentiality designation was not proper and must give

4   the Designating Party an opportunity to review the designated material, to reconsider the

5   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

6   designation.  A challenging Party may proceed to the next stage of the challenge process only if

7   it has engaged in this meet and confer process first.

8           6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

9   confidentiality designation after considering the justification offered by the Designating Party

10  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

11  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

12  challenge.  Each such motion must be accompanied by a competent declaration that affirms that

13  the movant has complied with the meet and confer requirements imposed in the preceding

14  paragraph and that sets forth with specificity the justification for the confidentiality designation

15  that was given by the Designating Party in the meet and confer dialogue.

16          The burden of persuasion in any such challenge proceeding shall be on the

17  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

18  material in question the level of protection to which it is entitled under the Producing Party's

19  designation.

20      7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

21          7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that

22  is disclosed or produced by another Party or by a non-party in connection with this case only for

23  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

24  disclosed only to the categories of persons and under the conditions described in this Order.

25  When the litigation has been terminated, a Receiving Party must comply with the provisions of

26  section 11, below (FINAL DISPOSITION).

27

28

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons authorized

3    under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

5    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

6    Party may disclose any information or item designated CONFIDENTIAL only to:

7    (a)    the Receiving Party's Outside Counsel of record in this action,

8    as well as employees of said Counsel to whom it is reasonably necessary to disclose the

9    information for this litigation and who have signed the "Agreement to Be Bound by

10    Protective Order" that is attached hereto as Exhibit A;

11    (b)    the officers, directors, and employees (including House

12    Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

13    litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

14    A);

15    (c)    experts (as defined in this Order) of the Receiving Party to

16    whom disclosure is reasonably necessary for this litigation and who have signed the

17    "Agreement to Be Bound by Protective Order" (Exhibit A);

18    (d)    the Court and its personnel;

19    (e)    court reporters, their staffs, and professional vendors to whom

20    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to

21    Be Bound by Protective Order" (Exhibit A);

22    (f)    during their depositions, witnesses in the action to whom

23    disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

24    Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

25    depositions that reveal Protected Material must be separately bound by the court reporter

26    and may not be disclosed to anyone except as permitted under this Stipulated Protective

27    Order.

28

1        (g) the author of the document or the original source of the

2    information.

3        7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

4    <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

5    writing by the Designating Party, a Receiving Party may disclose any information or item

6    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7        (a) the Receiving Party's Outside Counsel of record in this action,

8    as well as employees of said Counsel to whom it is reasonably necessary to disclose the

9    information for this litigation and who have signed the "Agreement to Be Bound by

10   Protective Order" that is attached hereto as Exhibit A;

11       ~~[(b) *Optional – as deemed appropriate in case-specific circumstances*:~~

12   ~~House Counsel of a Receiving Party (1) who has no involvement in competitive decision-~~

13   ~~making or in patent prosecutions involving _____ [specify subject matter areas], (2) to whom~~

14   ~~disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to~~

15   ~~Be Bound by Protective Order" (Exhibit A);~~

16       **(b)** ~~(c)~~Experts (as defined in this Order) (1) to whom disclosure is

17   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound

18   by Protective Order" (Exhibit A), ~~[*Optional:* and~~ (3) as to whom the procedures set forth in

19   paragraph 7.4, below, have been followed~~];~~

20       **(c)** ~~(d)~~the Court and its personnel;

21       **(d)** ~~(e)~~court reporters, their staffs, and professional vendors to

22   whom disclosure is reasonably necessary for this litigation and who have signed the

23   "Agreement to Be Bound by Protective Order" (Exhibit A); and

24       **(e)** ~~(f)~~the author of the document or the original source of the

25   information.

26       ~~[*Optional:*~~ 7.4 <u>Procedures for Approving Disclosure of "HIGHLY</u>

27   <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

28

Case No. C 06-03778 JW (RS)    10   **STIPULATED [AND PROPOSED] PROTECTIVE**
**ORDER**

~~2729551011V-1~~

1         (a)    Unless otherwise ordered by the court or agreed in writing by

2    the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order)

3    any information or item that has been designated "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party

5    that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving

6    Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert

7    and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

8    current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

9    entity from whom the Expert has received compensation for work in his or her areas of

10    expertise or to whom the expert has provided professional services at any time during the

11    preceding five years, and (6) identifies (by name and number of the case, filing date, and

12    location of court) any litigation in connection with which the Expert has provided any

13    professional services during the preceding five years.

14         (b)    A Party that makes a request and provides the information

15    specified in the preceding paragraph may disclose the subject Protected Material to the

16    identified Expert unless, within seven court days of delivering the request, the Party

17    receives a written objection from the Designating Party. Any such objection must set forth

18    in detail the grounds on which it is based.

19         (c)    A Party that receives a timely written objection must meet and

20    confer with the Designating Party (through direct voice to voice dialogue) to try to resolve

21    the matter by agreement. If no agreement is reached, the Party seeking to make the

22    disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in

23    compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to

24    do so. Any such motion must describe the circumstances with specificity, set forth in detail

25    the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of

26    harm that the disclosure would entail and suggest any additional means that might be used

27    to reduce that risk. In addition, any such motion must be accompanied by a competent

28

1    declaration in which the movant describes the parties' efforts to resolve the matter by

2    agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth

3    the reasons advanced by the Designating Party for its refusal to approve the disclosure.

4            In any such proceeding the Party opposing disclosure to the Expert shall

5    bear the burden of proving that the risk of harm that the disclosure would entail (under the

6    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

7    its Expert.

8        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

9    IN OTHER LITIGATION.

10           If a Receiving Party is served with a subpoena or an order issued in other

11   litigation that would compel disclosure of any information or items designated in this action as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

14   immediately and in no event more than three court days after receiving the subpoena or order.

15   Such notification must include a copy of the subpoena or court order.

16           The Receiving Party also must immediately inform in writing the Party who

17   caused the subpoena or order to issue in the other litigation that some or all the material covered

18   by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

19   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

20   that caused the subpoena or order to issue.

21           The purpose of imposing these duties is to alert the interested parties to the

22   existence of this Protective Order and to afford the Designating Party in this case an opportunity

23   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

24   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

25   of its confidential material – and nothing in these provisions should be construed as authorizing

26   or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL.  Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested persons, a

Party may not file in the public record in this action any Protected Material.  A Party that seeks

to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by

the Producing Party, within sixty days after the final termination of this action, each Receiving

Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all

Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

reproducing or capturing any of the Protected Material.  With permission in writing from the

Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the sixty day deadline that identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and that affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain Protected

1  Material.  Any such archival copies that contain or constitute Protected Material remain subject
2  to this Protective Order as set forth in Section 4 (DURATION), above.

3          12.     MISCELLANEOUS.

4                  12.1    Right to Further Relief.  Nothing in this Order abridges the right of
5  any person to seek its modification by the Court in the future.

6                  12.2    Right to Assert Other Objections.  By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to disclosing or
8  producing any information or item on any ground not addressed in this Stipulated Protective
9  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of
10 the material covered by this Protective Order.

11

12 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 DATED: _____          _____
14                                              Attorneys for Plaintiff

15 DATED: _____          _____
16                                              Attorneys for Defendant

   PURSUANT TO STIPULATION, IT IS SO ORDERED.

17 DATED: _____          _____
18                                       The Honorable Richard Seeborg
                                              [name of judge]
19                                       United States District/ Magistrate Judge

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ~~[date] in the case of_____ [insert formal name of the case and the number and initials assigned to it by the court]~~April __, 2008 in the case of *Miletak v. Allstate Insurance Company,* Case No. C 06-03778 JW (RS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]