SAMUEL KORNHAUSER, Esq., California Bar No. 083528
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone:     (415) 981-6281
Facsimile:     (415) 981-7616

Mark P. Millen, Esq., Bar No. 196718
MARK P. MILLEN, ATTORNEY AT LAW
2 North Santa Cruz Avenue, Suite 205
Los Gatos, California 95080
Telephone:     (408) 399-9707
Facsimile:     (408) 399-9757

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,

      Plaintiff,

      v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. C 06-03778 JW (RS)**

**CLASS ACTION**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM IN SUPPORT OF ORDER GRANTING CLASS CERTIFICATION**

Date:     July 7, 2008

Time:     9:00 AM

Dept.:     8

THE HONORABLE JAMES WARE

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

NOTICE OF MOTION AND MOTION........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.   STATEMENT OF ISSUES TO BE DECIDED.................................................1

II.  INTRODUCTION..............................................................................................2

III. STATEMENT OF FACTS COMMON TO ALL CLASS
     MEMBERS .........................................................................................................4

     SUMMARY OF ARGUMENT .........................................................................4

     BACKGROUND..................................................................................................6

     THE CLASS .......................................................................................................8

IV.  ARGUMENT ......................................................................................................8

     A.   The Proposed Class Satisfies the Prerequisites of Rule 23(a) ...............8

          1.   The Class Is so Numerous that Joinder of All
               Members of the Class Is Impracticable........................................9

          2.   Questions of Law and Fact Are Common to Members
               of the Class ...................................................................................10

          3.   Plaintiff's Claims Are Typical of Those of the Class ...............12

          4.   Plaintiffs Will Fairly and Adequately Protect the
               Interests of the Class Members ...................................................15

     B.   The Proposed Class Satisfies Rule 23(b)(3) .........................................17

          1.   Common Questions of Law and Fact Predominate
               over Individual Questions ...........................................................17

          2.   A Class Action Is Superior to Other Available
               Methods for Resolving this Controversy....................................20

V.   CONCLUSION.................................................................................................22

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Plaintiff's Notice Of Motion And Motion And Memorandum In Support Of Order Granting Class Certification

# TABLE OF AUTHORITIES

**Cases**

Adam v. Silicon Valley Bancshares, No. C 93-20399 RMW (EAI), 1994 WL
  374314, at *1. n.1 (N.D. Cal. Apr. 18, 1995).................................................14

Anunziato v. eMachines, Inc. 402 F.Supp. 2d 1133 (C.D. Cal. 2005)............8, 11, 13, 16, 19, 20

Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001), cert. denied, No. 01-1501,
  2002 U.S. LEXIS 5480 (2002)............................................................13

Arnold v. United Artists Theatre Circuit, 158 F.R.D. 439 (N.D. Cal. 1994)...............................9

Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1975).............................3, 9, 10, 14, 18, 19

Carpenter v. Davis 424 F.2d 257 (5th Cir. 1970)). ...............................................9

Classen v. Weller 145 Cal. App. 3d 27 (1983) ...............................................16

Crown, Cork, & Seal Co. v. Parker (1983) 462 U.S. 345, 103 S.Ct. 2392 ........................3

Dechert v. Cadle Co. 333 F.3d 801 (7th Cir. 2003) ...............................................17

Dura-Bilt Corp. v. Chase Manhattan Corp. 89 F.R.D. 87 (S.D.N.Y. 1981) .............................18

Eisen v. Carlisle & Jacquelin 417 U.S. 156 (1974)................................................3, 15

Eisenburg v. Gagnon 766 F.2d 770 (3rd Cir. 1985);.............................................14

Epitope, Inc., Sec. Litig., No. 92-759-RE, 1992 U.S. Dist. LEXIS 22705, at *10
  (D. Or. Nov. 30, 1992)...................................................................15

Epstein v. MCA 50 F.3d 644 (9th Cir. 1995)................................................21

Freedman v. Louisiana-Pacific Corp. 922 F. Supp. 377 (D. Or. 1996)............3, 10, 12, 18, 20, 21

Genden v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 114 F.R.D. 48
  (S.D.N.Y. 1987) ..........................................................................18

Haley v. Medtronic 169 F.R.D. 643 (C.D. Cal. 1996);..............................................11

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998) ...............................10, 12

Hanon v. Dataproducts Corp., 976 F.2d 497 (9th Cir. 1992).........................................13

Harris v. Palm Springs Alpine Estates, Inc. 329 F.2d 909 (9th Cir. 1964) ........................9, 19

Hernandez v. Alexander, 152 F.R.D. 192 (D. Nev. 1993)..........................................8, 17

In re American Med. Sys., Inc., 75 F.3d 1069 (6th Cir. 1996).........................................11

In re Computer Memories Sec. Litig., 111 F.R.D. 675 (N.D. Cal. 1986) .............................18

In re Emulex Corp., 210 F.R.D. 717 (C.D. Cal. 2002) ...........................................18, 20

In re Indep. Energy Holdings PLC, Sec. Litig., 210 F.R.D. 476 (S.D.N.Y. 2002) ...............18, 19

In re Jackpot Enters. Sec. Litig., No. CV-S-89- 805-LDG(RJJ), 1991 U.S. Dist.
  LEXIS 16353 (D. Nev. Mar. 28, 1991)...................................................12

In re MDC Holdings Sec. Litig. 754 F. Supp. 785 (S.D. Cal. 1990)..................................12

In re Memorex Sec. Cases, 61 F.R.D. 88 (N.D. Cal. 1973) ........................................18

In re Seagate Techs. Sec. Litig., 115 F.R.D. 264 (N.D. Cal. 1987) ...............................10

In re Sugar Indus. Antitrust Litig., MDL No. 201, 1976 U.S. Dist. LEXIS 14955
  (N.D. Cal. May 21, 1976)...............................................................21

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Plaintiff's Notice Of Motion And Motion And Memorandum In Support Of Order Granting Class Certification

In re Unioil Sec. Litig. 107 F.R.D. 615 (C.D. Cal. 1985) ...............................12, 18, 21

In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig. 122
    F.R.D. 251 (C.D. Cal. 1988). ...........................................................8, 12, 15, 18

Klein v. Checker Motors Corp. 87 F.R.D. 5 (N.D. IL. 1979) .........................................17

Lerwill v. Inflight Motion Pictures, Inc. 582 F.2d 507 (9th Cir. 1978) ........................15

Lightbourn v. County of El Paso, lex. (5th Cir. 1997) 118 F.3d 421 ...........................14

Local Joint Executive Bd. Of Culinary/Bartender Trust Fund v. Las Vegas
    Sands, Inc. 244 F.3d 1152 (9th Cir. 2001) ...........................................................16

Lozano v. AT&T Wireless Services, Inc. 504 F.3d 718 (9th Cir. 2007) ..........8, 16, 19

Majeski v. Balcor Entertainment 134 F.R.D. 240 (E.D. WI. 1991)..............................14

Mersay v. First Republic Corp. 43 F.R.D. 465 (S.D.N.Y. 1968)..................................14

New Directions Treatment Services v. City of Reading 490 F.3d 293 (3rd Cir.
    2007) ..................................................................................................................17

Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv., 611 F. Supp. 990
    (C.D. Cal. 1984)....................................................................................................9

Rand v. Monsanto Co. 926 F.2d 596 (7th Cir. 1991)..............................................3, 17

Rosano v. Livaditis 963 F.2d 1013 (7th Cir. 1992)......................................................14

Sanderson v. Winner 507 F.2d 477 (10th Cir. 1974) ..................................................17

Schaefer v. Overland Express Family of Funds 169 F.R.D. 124 (S.D. Cal. 1996)...12, 13, 15, 18

Schlagel v. Learning Tree Int'l, No. CV 98-6384 ABC (Ex), 1999 U.S. Dist.
    LEXIS 2157, at *12 (C.D. Cal. Feb. 23, 1999)....................................................13

Schneider, 1990 U.S. Dist. LEXIS 15596 .....................................................................12

Schwartz v. Harp, 108 F.R.D. 279 (C.D. Cal. 1985) ...............................................9, 12

Sherman v. Griepentrog 775 F. Supp. 1383 (D. Nev. 1991).........................................9

Stolz v. United Bhd. of Carpenters & Joiners, Local Union No. 971 620 F. Supp.
    396 (D. Nev. 1985)...............................................................................................14

THQ, Inc. 2002 U.S. Dist. LEXIS 7753, at *11 ............................................................11

Vasquez v. Superior Court (1971) 4 Cal. 3d 800 ........................................10, 12, 20

Weeks v. Bareco Oil Co. 125 F.2d 84 (7th Cir. 1941)..................................................20

Wehner v. Syntex Corp., 117 F.R.D. 641 (N.D. Cal. 1987) ....................................9, 10

Weinberger v. Jackson, 102 F.R.D. 839 (N.D. Cal. 1984)..............................10, 13, 21

Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972) ...........................................................22

Yamner v. Boich, 1994 U.S. Dist. LEXIS 20849 (N.D. Cal. Sept. 15, 1994) .............14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Plaintiff's Notice Of Motion And Motion And Memorandum In Support Of Order Granting Class Certification

**Other Authorities**

5 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §8816, at 850
   (1977) ...........................................................................................................................13

Business & Professions Code 17200 ................................................3, 8, 11, 13, 14, 16, 19

Business & Professions Code 17204 ........................................................................................19

Business & Professions Code 17500 ..........................................................................3, 11, 19

**Rules**

Fed. R. Civ. P. 23(a)(1) ..............................................................................................................9

Fed. R. Civ. P. 23(a)(2) ............................................................................................................10

Fed. R. Civ. P. 23(a)(3) ................................................................................................12, 14

Fed. R. Civ. P. 23(a)(4) ............................................................................................................15

Fed. R. Civ. P. 23(b)(3) ............................................................4, 5, 8, 17, 20, 21, 22

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that at 9:00 a.m. on July 7, 2008, in the courtroom of the Honorable James Ware, 280 South First Street, San Jose, California 95113, Plaintiff will move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order certifying a plaintiff class consisting of all persons and entities residing in California (except Allstate and its employees) who, between January 1, 2003 and December 31, 2005 received standardized motor vehicle insurance renewal bills with a DUE DATE 30 days or more before the effective renewal date and who paid Allstate Insurance Company (or its California affiliates) in full their six month motor vehicle insurance renewal premiums one month or more before the effective date of their renewal policies ("the Class").

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the accompanying Declarations of Geoffrey Nunberg, Jerald Udinsky, Vlaho Miletak, Samuel Kornhauser and Mark Millen in Support of Plaintiff's Motion for Order Granting Class Certification, the pleadings and records on file in this case, and such other matters and arguments as the Court may consider in the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Class is so numerous that joinder of all members is impracticable.

2.      Whether there are questions of law and fact common to the Class.

3.      Whether the claims and defenses of Plaintiff are typical of the claims and defenses of the Class.

4.      Whether Plaintiff will fairly and adequately protect the interests of the Class.

5.      Whether questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

6.      Whether a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

## II.    INTRODUCTION

Plaintiff Vlaho Miletak (hereinafter "Plaintiff") brings this motion seeking to certify this unfair trade practice and unjust enrichment litigation as a class action on behalf of those California residents[1] who between 2003 and 2005 paid Allstate Insurance Company, or Allstate Indemnity Company[2] or Allstate Property and Casualty[2] motor vehicle[1] insurance renewal premiums in full 30 days or more before the date the renewal policy actually took effect.

In addition, Plaintiff requests that the Court appoint Plaintiff as class representative and Plaintiff's attorneys as attorneys for the class.

During the Class Period, Allstate committed unfair trade practices and was unjustly enriched as a result of sending its California motor vehicle insureds standardized form renewal

---

[1]    Plaintiff originally brought this action as a class action on behalf of all California Allstate motor vehicle insureds who from January 1, 2002 through December 31, 2005 paid their renewal premiums in full one month or more in advance of the effective date of their renewal policy. However, through the course of Allstate's belated and only recently produced (four days ago) discovery, Plaintiff has learned in the last four days that the same standardized, deceptive and misleading form of insurance renewal bills (Exhibits A and B) which Allstate sent to Plaintiff in California to renew his motor vehicle insurance were sent to Allstate insureds and used by Allstate and its various state affiliates to obtain early payment of renewal premiums from its property and casualty insureds on a nationwide basis, i.e., these same standardized deceptive renewal bills were used by Allstate to obtain early payment of premiums, not just for renewal of motor vehicle insurance, but also to improperly obtain early payment of renewal premiums for all lines of Allstate property and casualty insurance nationwide. (Exhibit C.)

In light of these recent (four days ago) discovery disclosures, Plaintiff will seek to amend the present class action allegations of his Third Amended Complaint to also bring this action on behalf of all Allstate insureds who from 2003 through 2005 were sent these standardized, deceptive insurance renewal bills with "Due Dates" designating a due date one month or more in advance of the effective date the insured's insurance policy was to renew.

Plaintiff will then move for certification of the case as a class action on behalf of an expanded nationwide class of all Allstate insureds who, between 2003 and 2005 received these standardized, deceptive renewal bills and who paid Allstate renewal premiums 30 days or more in advance of the date their renewal policy was to take effect.

[2]    Allstate has also recently confirmed that Allstate Insurance Company also sold motor vehicle insurance in California through its California affiliates, Allstate Indemnity Company and Allstate Property and Casualty. (Exhibit E.)

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

- 2 -

bills (known as "-50 notices") with standardized "Due Dates" for payment of premiums which were one month before the renewal policy actually took effect (¶ 44).[3] These Allstate renewal bills were deceptive and misleading in violation of California unfair trade practice laws, Business & Professions Code §§17200 et seq. and 17500 et seq., and resulted in Allstate being unjustly enriched by tens of millions of dollars. (¶¶ 45 and 47.) (Exhibit F.) By certifying this case as a class action, Plaintiff and over 100,000 other similarly situated California Allstate motor vehicle insureds (Exhibit D) who were likewise injured by Allstate's deceptive and misleading bills will be permitted to efficiently and effectively prosecute this action.

This action satisfies all of the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Class which predominate; the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class; the Plaintiff will fairly and adequately protect the interests of the Class; questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and a class action is the superior means to resolve the issues raised by this case (¶¶6-11). Accordingly, this case should be certified as a class action.

The purpose of class actions are to (1) avoid multiplicity of actions and (2) enable persons to assert small claims that could not be litigated individually because the costs would far outweigh any recovery. Crown, Cork, & Seal Co. v. Parker (1983) 462 U.S. 345, 349, 103 S.Ct. 2392, 2395; Rand v. Monsanto Co. 926 F.2d 596, 599 (7th Cir. 1991).

In addition, where a defendant has engaged in a systematic pattern of wrongdoing, a plaintiff's class action can provide a group remedy without the cost and delay of multiple separate lawsuits and the attendant risk of inconsistent judgments.

---

[3] **The questions raised by a class certification motion are purely procedural; the Court may not examine the merits of the plaintiff's case when considering a motion for class certification**. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974); Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975); Freedman v. Louisiana-Pacific Corp., 922 F. Supp. 377, 398 (D. Or. 1996) ("In ruling on a motion to certify, the court accepts as true the allegations made in support of certification, and does not consider the merits of the case."). All paragraph references ("¶_") are to the Third Amended Complaint filed in this action. (Docket No. 55.)

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

### III.   STATEMENT OF FACTS COMMON TO ALL CLASS MEMBERS

This action should be certified as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff's unjust enrichment claim and his unfair competition claim against Allstate Insurance Company are the same claims that all other California Allstate motor vehicle insureds from January 1, 2003 through December 31, 2005 have. Plaintiff and all other class members were injured and lost money or property as a result of Allstate's deceptive billing scheme of sending Plaintiff and the class standardized renewal bills deceptively indicating a "Due Date" for payment of the renewal premium of at least one month earlier than the date the renewal premium was actually due. (¶¶44 and 46.) As a direct and proximate result of Allstate's deceptive and misleading scheme, Plaintiff and the class paid in full motor vehicle insurance renewal premiums 30 days or more before the premiums were actually due, resulting in Plaintiff and the class losing the use and value of their money for those thirty or more days and Allstate being unjustly enriched by tens of millions of dollars from the unjust use and benefit of having those hundreds of millions of dollars in premiums for thirty or more days before Allstate actually provided any renewal insurance to Plaintiff and the class. (¶¶44-47.) (Exhibit F.) Allstate admits that it received hundreds of millions of dollars[4] in premiums in advance and of that, it received hundreds of millions of dollars[4] in full 30 days or more in advance of the effective date of the renewal policy. (Exhibit F.)[4]

### SUMMARY OF ARGUMENT

Because the claims of the individual class members are relatively small, a class action is required so that their individual claims can be vindicated and so that Allstate is not allowed to retain tens of millions of dollars in ill gotten gains.

---

[4]   Because Allstate has claimed information and discovery it (belatedly) produced is "confidential," and pursuant to Magistrate Judge Seeborg's May 23, 2008 Order, the Exhibits referred to here are being attached separately and under seal and are not being e-filed.

1       All of the criteria for class certification under Rule 23(a) and 23(b)(3) have been met in

2   this case.

3       The class, which by Allstate's own admission consists of over 100,000 California

4   Allstate motor vehicle insureds (Exhibit F), is too numerous to make joinder of individual

5   members practical. Plaintiff's unjust enrichment and unfair competition law ("UCL") claims

6   present the same issues of law and fact as do the claims of all the other class members, i.e., the

7   same evidence of Allstate sending Plaintiff and the class the same standardized, deceptive bills

8   (Exhibits A and B) will prove not only Plaintiff's claim but also the claims of each member of

9   the class, so that common issues of law and fact will prevail over any individual issues.

10  Likewise, Allstate's "defense" that its standardized bills (with a "Due Date" one month in

11  advance of the actual due date) were not deceptive or misleading to the public is the same

12  defense it would assert against each member of the class.

13      Plaintiff's UCL and unjust enrichment claims are typical of the claims of the class, i.e.,

14  Plaintiff's claims do not conflict with the claims of the class since his establishing that

15  Allstate's standardized bills were deceptive and resulted in Allstate being unjustly enriched

16  from the early premium payments will also establish that all of Allstate's standardized motor

17  vehicle renewal bills were deceptive and injured each member of the class by the loss of money

18  or property, i.e., each of the class members during the class period lost the use of his/her money

19  as a result of Allstate's standardized, deceptive renewal bills. Plaintiff does and will fairly and

20  adequately represent the interests of the class. He is a member of the class who received the

21  same deceptive bills as the other class members and he, like the other class members, paid his

22  full renewal premiums early. He was injured by the loss of the use of his money. He has and

23  will vigorously prosecute these claims, not only for himself, but for the class, and has hired

24  competent counsel knowledgeable in class action and business litigation to pursue these claims.

25  There are no conflicts between Plaintiff and the other members of the class.

26

27

28

- 5 –

**BACKGROUND**

Allstate Insurance Company and its affiliates,[5] sells motor vehicle insurance throughout California.

Prior to 2003, Allstate had a policy and procedure of sending standardized renewal bills to all its motor vehicle insureds in California whereby the bill notified its insureds that, in order to renew their motor vehicle insurance for another six months, the insured had to pay all or a portion of the premium for the upcoming renewal period on or before the first day of the renewal period, i.e., the "DUE DATE" for payment was the first day the renewed insurance policy took effect.

In September 2003, Allstate engaged in a scheme to deceive its customers into paying all or a portion of their renewal premiums 30 days <u>before</u> the date that their motor vehicle insurance was scheduled to become effective. Allstate did this by changing the format of its renewal bills to indicate a "Due Date" for the payment of the renewal premium which was one month before the date the motor vehicle insurance policy actually renewed. An exemplar of these reformatted, standardized renewal bills is attached hereto as Exhibit A. These bills were designed to mislead and induce Plaintiff and the class of all other Allstate motor vehicle insureds to pay some or all of their renewal premiums a month before the actual date payment of the renewal premium was due. This was done to Plaintiff and the rest of the class in order to deceive and induce them to pay their renewal premiums early so that Allstate could benefit economically by receiving the use of hundreds of million of dollars of early premium payments for thirty days or more in advance before Allstate actually provided its insureds with their renewal insurance. (Exhibit F, Interrogatory Answers 5, 6 and 7.) Plaintiff and the class were injured by the loss of the use of the money they paid in advance of the date the premiums were actually due.[6] (¶47.)

---

[5]   The Allstate Corporation, through its divisions, subsidiaries and affiliated companies, including The Allstate Insurance Company, Allstate Indemnity Company, Encompass Insurance Company, Deerbrook Insurance Company and Allstate Property and Casualty Insurance Company, sold motor vehicle insurance in California.

[6]   By paying in advance, Plaintiff and the class were paying for renewal insurance but not

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

In 2004, Allstate further refined its deceptive early premium payment scheme by again redesigning its renewal bills to make the false (early) "DUE DATE" even more prominent and deceptive by placing "DUE DATE" in bold type in a shaded area (for prominence – to catch the insured's eye) with a notation, "your bill at a glance" in the top left hand portion of the bill along with a notation that the renewal premium was due before 12:01 AM on that false "DUE DATE." (¶¶12, 41 and 44.) The deception was further enhanced by a notation that the premium be sent five (5) days before the false "DUE DATE" to "allow for delays in mailing." (¶12.) Allstate further enhanced the deception by putting the false due date on the detachable slip which the insured was to tear off the bill and send to Allstate along with the premium payment. (Exhibit B.) The false due date was printed on the return slip on the same line and with the same prominence as the amount of the premium that was due and on the same line as the empty box for the insured to fill in indicating the amount of the enclosed payment. An exemplar of those standardized bills is attached hereto as Exhibit B.

Allstate continued its deceptive billing scheme through December 2005. In 2006, Allstate, in an effort to avoid its liability for further deception, stopped its deceptive early renewal billing practices and returned to sending its insureds renewal bills with DUE DATES which were the <u>actual</u> date the policy renewed, not thirty or more days before the policy renewed. (Exhibit J.)

As a result of Allstate's deceptive billing practices, Plaintiff and the class paid full renewal premiums 30 days early, resulting in Plaintiff and the class losing tens of millions of dollars from the use of their money during the period they paid early. Allstate was unjustly enriched by the "float" during the thirty or more days before the renewals of the policies actually took effect. (Exhibits H and I.)

---

receiving any renewal insurance for 30 days since the insurance for the 30 days had been paid for by their prior insurance premium payment. (Exhibits H and I.) The early premium payment was paying for insurance that would not begin for thirty or more days. Therefore, Plaintiff and the class were paying thirty days or more in advance for nothing, i.e., they received no insurance and no interest on their early premium payments for those thirty days or more. (Exhibits H and I.)

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Allstate's deceptive bills violated California Business & Professions Codes §17200 et seq. and resulted in unjust enrichment to Allstate to the detriment of Plaintiff and the Class.

### THE CLASS

Plaintiff has brought his unfair competition and unjust enrichment claims on his own behalf and on behalf of the class which consists of:

All California Allstate motor vehicle insureds from January 1, 2003 through December 31, 2005 who received Allstate motor vehicle insurance renewal bills indicating a DUE DATE for payment one month before the date the policy renewed and who paid their full motor vehicle insurance premiums one month or more before the renewal policy effective date.

## IV.    ARGUMENT

### A.    The Proposed Class Satisfies the Prerequisites of Rule 23(a)

A review of the requirements of Rule 23 and the relevant case law demonstrates that this lawsuit should be certified as a class action. Rule 23(a) enumerates the four prerequisites of a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, this case may proceed as a class action once plaintiff establishes that his unfair competition law ("UCL") claims and unjust enrichment claims satisfy the four prerequisites of Rule 23(a): numerosity, commonality, typicality and adequacy of representation and the requirements of Rule 23(b)(3). Lozano v. AT&T Wireless Services, Inc. 504 F.3d 718, 724-725 (9th Cir. 2007); Anunziato v. eMachines, Inc. 402 F.Supp. 2d 1133 (C.D. Cal. 2005); Hernandez v. Alexander, 152 F.R.D. 192, 193 (D. Nev. 1993); In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig., 122 F.R.D. 251, 253 (C.D. Cal. 1988). The proposed class in this case easily satisfies each of these prerequisites.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

1

2

### 1.   The Class Is so Numerous that Joinder of All Members of the Class Is Impracticable

3

4          Rule 23(a)(1)  requires that the class be so numerous that joinder of all class members is

5   "impracticable." Impracticable does not mean impossible, only that it would be difficult or

6   inconvenient to join all members of the class. <u>Harris</u> v. <u>Palm Springs Alpine Estates, Inc.</u>, 329

7   F.2d 909, 913-14 (9th Cir. 1964); <u>Wehner</u> v. <u>Syntex Corp.</u>, 117 F.R.D. 641, 643 (N.D. Cal.

8   1987); <u>Blackie</u> v. <u>Barrack</u> 524 F.2d 891 (9th Cir. 1975). There is no fixed number of class

9   members which either compels or precludes the certification of a class. <u>Arnold</u> v. <u>United Artists</u>

10  <u>Theatre Circuit</u>, 158 F.R.D. 439, 448 (N.D. Cal. 1994). Indeed, classes consisting of 25

11  members have been held large enough to justify certification. See <u>In re Cirrus Logic Sec. Litig.</u>,

12  155 F.R.D. 654, 656 (N.D. Cal. 1994); <u>Perez-Funez</u> v. <u>Dist. Dir., Immigration & Naturalization</u>

13  <u>Serv.</u>, 611 F. Supp. 990, 995 (C.D. Cal. 1984). Additionally, the exact size of the class need not

14  be known so long as general knowledge and common sense indicate that the class is large. Id.;

15  see also <u>Schwartz</u> v. <u>Harp</u>, 108 F.R.D. 279, 281-82 (C.D. Cal. 1985) ("A failure to state the

16  exact number in the proposed class does not defeat class certification ... and plaintiff's

17  allegations plainly suffice to meet the numerosity requirement of Rule 23.")[7]

18          In the present case, Plaintiff has not yet obtained Allstate's customer records, which

19  Allstate concedes it has for each class member. (Exhibits K and L.) Those Allstate electronic

20  records contain the names and addresses of each insured, the dates for each renewal, which

21  form of bill was sent, the amount of each renewal bill, the date payment of the premium was

22  received by Allstate and the amount of each such premium payment for the class period (2003 –

23  2005). (Exhibit L.) (Allstate has claimed the information is privileged until the class members

24  consent to disclosure. Allstate has admitted it had well over 100,000 motor vehicle insureds in

25  California during the class period who paid full renewal premiums 30 days or more early.

26  ────────────────────

27  [7]   Accord <u>Sherman</u> v. <u>Griepentrog</u>, 775 F. Supp. 1383, 1389 (D. Nev. 1991) ("'It is not
       necessary that the members of the class be so clearly identified that any member can be
28     presently ascertained.' ... The court may draw a reasonable inference of the size of the class
       from the facts before it.") (quoting <u>Carpenter</u> v. <u>Davis</u>, 424 F.2d 257, 260 (5th Cir. 1970)).

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

(Exhibit D.)) Plainly, the proposed Class of over 100,000 satisfies the numerosity requirement of Rule 23(a). *See* Freedman, 922 F. Supp. at 398; Wehner, 117 F.R.D. at 643; In re Seagate Techs. Sec. Litig., 115 F.R.D. 264, 267 (N.D. Cal. 1987); Weinberger v. Jackson, 102 F.R.D. 839, 844 (N.D. Cal. 1984).

### 2.   Questions of Law and Fact Are Common to Members of the Class

The proposed class also satisfies the "commonality" requirement of Rule 23(a)(2). The Complaint describes a "common course of conduct" in sending the class deceptive renewal bills with a "DUE DATE" which is 30 days earlier than the premium payment is actually due. As the Ninth Circuit stated in Blackie:

> The overwhelming weight of authority holds that repeated misrepresentations of the sort alleged here satisfy the "common question" requirement. Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit.

Id 524 F.2d at 902.[8] Vasquez v. Superior Court (1971) 4 Cal. 3d 800. Not all questions of fact and law need be common to satisfy Rule 23(a)(2). Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). "Rather, 'the existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.'" (Quoting Hanlon, 150 F.3d at 1019.) In fact, several courts have found that a single issue common to the proposed class satisfies Rule 23(a)(2). See, e.g., THQ,

---

[8]   In Blackie, the class was composed of purchasers of Ampex Corporation stock over a two year period. Plaintiffs alleged that they purchased at an artificially inflated price due to defendants' misrepresentations of Ampex's financial status. The Ninth Circuit reasoned that although the alleged misrepresentations were contained in 45 different documents issued over a two-year period and each purchaser relied on "a different set of accounting facts," defendants consistently misrepresented the adequacy of reserves, thereby creating a source of price inflation common to each purchaser. Blackie, 524 F.2d at 904-05. The court found that plaintiffs alleged a common course of conduct by defendants that presented common questions of law and fact. Id. at 902-04.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Inc., 2002 U.S. Dist. LEXIS 7753, at *11; <u>Haley</u> v. <u>Medtronic</u>, 169 F.R.D. 643, 648 (C.D. Cal.

1996); see also <u>In re American Med. Sys., Inc.</u>, 75 F.3d 1069, 1080 (6th Cir. 1996).

    Here, Allstate's standardized deceptive, confusing and misleading form renewal bills

with a "Due Date" which was not really the actual due date for payment of the full (or even

partial) premium is the common and predominant issue in this case and is common to all class

members since they all received the same standardized, deceptive, confusing and misleading

bills with the same misleading early DUE DATE. Allstate has indicated that it will argue that

there is no common issue because individual inquiry into whether each insured "relied" on the

deceptive due date will be needed, thereby defeating class certification requirements. Allstate is

wrong and misstates the law. Reliance is <u>not</u> an element of a UCL claims. <u>Anunziato</u> v.

<u>eMachines, Inc.</u> 402 F.Supp. 2d supra at 1137-1139:

> reading reliance into the UCL and the FAL [False Advertising Law
> B&P §17500 et seq.] would subvert the public protection aspects
> of those statutes. (Id at 1137)
> …
> Some consumers are likely never to read the representations.
> (Id at 1137)
> …
> A construction of these statutes that reduced them to common law
> fraud would not only be redundant, but would eviscerate any
> purpose that the UCL and the FAL have independent of common
> law fraud. (Id at 1138)
> …
> harm in fact will meet the "as a result of" requirement [of §17200].
> (Id at 1138)
> …
> Therefore, the Court declines to read a reliance requirement into
> the "as a result of" language in either Section 17200 or Section
> 17500. (Id at 1139)

    All that is necessary to establish a §17200 or §17500 claim is to show that members of

the public were likely to be deceived by Allstate's bills. Id.

    In the present case, it is clear that the deceptive and misleading DUE DATE on its

standardized bills was likely to deceive and confuse members of the public (Allstate's insureds)

because, as Allstate admits, it was <u>not</u> the date the premiums were due to renew the insurance.

(Exhibit M.)

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

- 11 -

In fact, Allstate's own documents show that its insureds and even its agents were, in fact, deceived and confused by the false DUE DATE (Exhibit G), yet Allstate did nothing for two years and refused to correct the deceptive and confusing language of its bills. (Exhibit J.)

Allstate's deceptions appeared in a standardized form bill disseminated to the class. As a result, class certification is appropriate because the claims against Allstate "arise out of the same set of operative facts and are based on common legal theories." Schneider, 1990 U.S. Dist. LEXIS 15596, at *18.[9]

### 3.    Plaintiff's Claims Are Typical of Those of the Class

Plaintiff's claims satisfy the typicality requirement of Rule 23(a)(3). They arise from the same course of conduct that gives rise to claims of other Class members and the claims asserted are based on the same legal theory. Schneider, 1990 U.S. Dist. LEXIS 15596, at *21-*25:

> Plaintiffs have sufficiently demonstrated that the named class representatives' claims are typical of those of the entire "global" class because the "typicality" prerequisite of Rule 23(a)(3) is satisfied when all members of the class are victims of the same course of conduct.

See also Schaefer v. Overland Express Family of Funds 169 F.R.D. 124, 128-29 (S.D. Cal. 1996); Freedman, 922 F. Supp. at 399; In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 140 F.R.D. 425, 430 (D. Ariz. 1992); United Energy, 122 F.R.D. at 255-56.

In Hanlon, 150 F.3d 1011, the Ninth Circuit explained that "[u]nder [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." Id. at 1020.

---

[9]    Accord In re MDC Holdings Sec. Litig., 754 F. Supp. 785, 801 (S.D. Cal. 1990) ("[T]he existence, nature, and significance of material omissions and misrepresentations are issues common to all class members."); United Energy, 122 F.R.D. at 254; Schwartz, 108 F.R.D. at 282; In re Unioil Sec. Litig., 107 F.R.D. 615, 618-19 (C.D. Cal. 1985); In re Jackpot Enters. Sec. Litig., No. CV-S-89- 805-LDG(RJJ), 1991 U.S. Dist. LEXIS 16353, at *24-*25 (D. Nev. Mar. 28, 1991) ("The main issue in dispute here will be whether the defendants engaged in a pattern of activities and omissions which violated their duties under the relevant statutes to honestly disclose all material information concerning the securities in question. This issue is common to all of the named plaintiffs, and will be necessarily decided in satisfying the claims of all potential plaintiffs within the proposed class."). Vasquez v. Superior Court supra.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

The purpose of the "typicality" requirement is to ensure that the named representatives' interests "align" with those of the class. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). The test generally is "whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." A & J Deutscher Family Fund v. Bullard, No. CV 85-1850-PAR, 1986 U.S. Dist. LEXIS 20054, at *18 (C.D. Cal. Sept. 22, 1986) (citing Schwartz, 108 F.R.D. at 282); see also Schaefer, 169 F.R.D. at 128-29; Cirrus Logic, 155 F.R.D. at 657.

Typicality does ***not*** require the representatives' claims to be identical (or even "substantially identical") to the class members claims:

> "***Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. Accordingly, differences in the amount of damage, the size or manner of [stock] purchase, the nature of the purchaser, and even the specific document influencing the purchase will not render a claim atypical in most securities cases***."

Weinberger, 102 F.R.D. at 844 (quoting 5 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §8816, at 850 (1977)); see also Armstrong v. Davis, 275 F.3d 849, 869 (9th Cir. 2001), cert. denied, No. 01-1501, 2002 U.S. LEXIS 5480 (2002) ("We do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct."); Schlagel v. Learning Tree Int'l, No. CV 98-6384 ABC (Ex), 1999 U.S. Dist. LEXIS 2157, at *12 (C.D. Cal. Feb. 23, 1999) ("Differences in damage awards are inherent to almost any class action and, consequently cannot overcome a class certification motion").

Allstate apparently contends that Mr. Miletak's claims are not typical because even though he regularly paid in full 30 days in advance, on two occasions he allegedly did not. Allstate is wrong. Again, reliance is not an element of a §17200 claim. Anunziato supra.

All that is required is that he be a member of the class, i.e., that he at any time during the class period paid in full in advance like the other members of the class. Yamner v. Boich,

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Plaintiff's Notice Of Motion And Motion And Memorandum In Support Of Order Granting Class Certification

1994 U.S. Dist. LEXIS 20849 (N.D. Cal. Sept. 15, 1994) (finding typicality in spite of plaintiff's purchase of stock after learning of fraudulent conduct). He did. (¶41.)

Typicality focuses on the similarity between the named plaintiff's legal and remedial theories and the legal and remedial theories of those whom he purports to represent. [Lightbourn v. County of El Paso, lex. (5th Cir. 1997) 118 F.3d 421, 426] The purpose of the typicality requirement. is to ensure that the class representative will be motivated to protect the interests of the class (i.e., a class representative has an incentive to vigorously prosecute his or her own claims; if the claims of the representative and the members of the class are typical, this vigorous prosecution will inure to the benefit of the class members). Eisenburg v. Gagnon 766 F.2d 770, 786 (3rd Cir. 1985); Majeski v. Balcor Entertainment 134 F.R.D. 240, 245 (E.D. WI. 1991).

A plaintiff's claim is typical if it arises out of the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory as their claims. Rosano v. Livaditis 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim may be "typical" although other members of the class suffered less (or more) injury. Rosario v. Livaditis, supra, 963 F.2d at 1018; Blackie v. Barrack (9th Cir. 1975) 524 F.2d 891, 910.

In the present case, Mr. Miletak received the same standardized, deceptive bills and suffered the same loss of use of money as the other class members. (¶41.)

The courts have held that Rule 23(a)(3)  typicality requires only that there be no express conflict between the representative party and the class "over the very issue in litigation" and that the representative's "interests are not antagonistic to those of the class."" Mersay v. First Republic Corp., 43 F.R.D. 465, 468-69 (S.D.N.Y. 1968); accord Stolz v. United Bhd. of Carpenters & Joiners, Local Union No. 971, 620 F. Supp. 396, 404 (D. Nev. 1985); see also Adam v. Silicon Valley Bancshares, No. C 93-20399 RMW (EAI), 1994 WL 374314, at *1. n.1 (N.D. Cal. Apr. 18, 1995).

This case satisfies the typicality requirement of Rule 23(a) since the claims of all Class members derive from the same legal theories (unfair competition §17200 and unjust

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

- 14 -

enrichment) and allege the same set of operative facts, i.e., Allstate's standardized renewal bills with a deceptive early DUE DATE. The named Plaintiff, like the other Class members, alleges that he received Allstate's standardized renewal bills with the deceptive DUE DATE, that he paid renewal premiums in full 30 days or more before the effective date of the renewal (¶41) and that he was injured as a result by the loss of the use of his money for those 30 days. (¶¶41-42.) All members of the Class were victims of the same common course of deceptive, confusing and misleading conduct by Allstate throughout the Class Period. As a result, the claims of Plaintiff are typical of those of the Class.

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Class Members

Rule 23(a)(4) permits the certification of a class action when "the representative parties will fairly and adequately protect the interests of the class." Courts have established a two-prong test for this requirement. See, e.g., Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978); Schaefer, 169 F.R.D. at 130; United Energy, 122 F.R.D. at 257. First, counsel for the class representative must be competent to undertake the particular litigation at hand. Second, there can be no antagonism or disabling conflict between the interests of the named class representative and the members of the class. A classic formulation of these elements was set forth in Eisen:

> What are the ingredients that enable one to be termed "an adequate representative of the class?" To be sure, an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation. Additionally, it is necessary to eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that plaintiff has interests antagonistic to those of the remainder of the class.

Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968). "The burden is on the defendants to prove that the representation will be inadequate." Epitope, Inc., Sec. Litig., No. 92-759-RE, 1992 U.S. Dist. LEXIS 22705, at *10 (D. Or. Nov. 30, 1992).

Both prongs of the "adequacy" test have been met. Allstate does not dispute that Plaintiff's counsel are competent and capable of prosecuting this litigation. Allstate has not

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

- 15 -

raised any such assertion when asked in response to interrogatories (Exhibit N) and document requests (Exhibit O).

Plaintiff's counsel possess substantial experience in class action and business litigation and have successfully prosecuted class actions. See, e.g., Classen v. Weller 145 Cal. App. 3d 27 (1983); Declaration of Samuel Kornhauser.[10]

The second requirement is also satisfied here because there are no antagonism between the representative Plaintiff and the absent Class members. Mr. Miletak has the same interest as the other class members in obtaining restitution for the loss of the use of his money as the other Allstate insureds have in recovery for the loss of the use of their money.

Nor are there any unique defenses applicable to Mr. Miletak. Allstate attempts to avoid class certification by claiming that Mr. Miletak did not pay early on one or two occasions and therefore supposedly did not "rely" on Allstate's deceptive DUE DATE. So what? This is a red herring and irrelevant because reliance is not an element for recovery under §17200 et seq.. Anunziato v. e-Machines 402 F.Supp. 2d 1133, 1137-1139; Lozano v. AT&T Wireless Services, Inc. supra 504 F.3d at 737. All that is required is that he received (standardized) deceptive or confusing bills and that he paid in full 30 days or more in advance of the effective date of the renewal policy. He did. (¶41.)

In Lozano supra at 737 in affirming a UCL class certification order the Court held "the individual circumstances regarding how these [uniform] disclosures were read or received would not destroy predominance."

Courts also downplay the importance of the named plaintiff's knowledge and experience, holding that as long as competent representation is provided by the class action lawyer, the class' interests will be protected. See Local Joint Executive Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc. 244 F.3d 1152, 1162 (9th Cir. 2001) ["The record indicates clearly that (the class representative) understands his duties and is currently willing and able to perform them The Rule does not require more."]. See also Dechert

---

[10]   See Declarations of Samuel Kornhauser and Mark Millen attached hereto as Exhibits P and Q.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

v. Cadle Co. 333 F.3d 801, 803 (7th Cir. 2003); New Directions Treatment Services v. City of Reading 490 F.3d 293, 313 (3rd Cir. 2007) [class representative adequate with only "a minimal degree of knowledge"]. Mr. Miletak was deposed in this action and expressed his knowledge of the claims and his understanding of how Allstate injured him and the class by "tricking" them into paying early. He has also filed a declaration as to his willingness to vigorously pursue this action and his understanding of his duties. (Exhibit P.)

Also, Plaintiff's ability to pay all costs is irrelevant to his adequacy as a class representative. Rand v. Monsanto Co. (7th Cir. 1991) 926 F.2d 596, 599 [representative need not be willing to pay all costs since "no person need be willing to stake his entire fortune for the benefit of strangers"]. Class actions exist to enable persons of modest means to vindicate the rights of many. Therefore, the financial ability of the class representative is irrelevant. Sanderson v. Winner 507 F.2d 477, 479-480 (10th Cir. 1974); Klein v. Checker Motors Corp. 87 F.R.D. 5, 6 (N.D. IL. 1979).

**B.    The Proposed Class Satisfies Rule 23(b)(3)**

In addition to meeting the prerequisites of Rule 23(a), the present action also satisfies the requirements of Rule 23(b), which requires that the proposed class representative establish that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods of adjudication. See Hernandez, supra 152 F.R.D. at 193-94. As shown above, common questions of law and fact predominate in this case and a class action is the superior, if not the only, method available to fairly and efficiently litigate this action on behalf of the hundreds of thousands who were injured by Allstate's deception but whose claims might otherwise be too small to incur the expense of individual litigation.

**1.    Common Questions of Law and Fact Predominate over Individual Questions**

Where a complaint alleges a "common course of conduct" of misrepresentations, omissions and other wrongdoings that affect all members of the class in the same manner,

common questions predominate. <u>Blackie</u>, supra 524 F.2d at 905-08; <u>In re Computer Memories</u>

<u>Sec. Litig.</u>, 111 F.R.D. 675, 684 (N.D. Cal. 1986). In assessing whether common questions

predominate, the Court's inquiry should be directed primarily toward the issue of liability. See

<u>Blackie</u>, 524 F.2d at 902; <u>In re Memorex Sec. Cases</u>, 61 F.R.D. 88, 103 (N.D. Cal. 1973).

Indeed, "'[w]hen determining whether common questions predominate, courts "focus on the

liability issue ... and if the liability issue is common to the class, common questions are held to

predominate over individual questions."'" <u>In re Indep. Energy Holdings PLC, Sec. Litig.</u>, 210

F.R.D. 476, 486 (S.D.N.Y. 2002) (citing <u>Genden</u> v. <u>Merrill Lynch, Pierce, Fenner, & Smith,</u>

<u>Inc.</u>, 114 F.R.D. 48, 52 (S.D.N.Y. 1987) (quoting <u>Dura-Bilt Corp.</u> v. <u>Chase Manhattan Corp.</u>,

89 F.R.D. 87, 93 (S.D.N.Y. 1981)).

　　　　As discussed above, there are a host of common question of liability – whether

Allstate's standardized renewal bills – which were sent to all class members and which

indicated a "DUE DATE" one month before the actual due date – were deceptive or misleading

to the public is common to all members of the class. This question of liability clearly

predominates over any individual questions because Allstate's alleged common course of

conduct injured all Class members in the same manner and, through these deceptive, misleading

and confusing renewal bills injured each member of the class by the value of the loss of the use

of his/her money during the period of those advance payments. Plaintiff and the Class are

entitled to restitution for the value of the use of their hundreds of millions of dollars in advance

payments. In fact there are no liability issues in this case that are not common to all members of

the Class. See, e.g., <u>Freedman</u>, supra 922 F. Supp. at 399-400; <u>Schaefer</u>, 169 F.R.D. at 130-31;

<u>United Energy</u>, 122 F.R.D. at 256; <u>In re Emulex Corp.</u>, 210 F.R.D. 717, 721 (C.D. Cal. 2002)

(granting motion for class certification where "[t]he predominant questions of law or fact at

issue in this case are the alleged misrepresentation Defendants made during the Class Period

and are common to the class"); <u>Unioil</u>, 107 F.R.D. at 622 ("As plaintiffs' claim is based on a

common nucleus of misrepresentations, material omissions and market manipulations, the

common questions predominate over any differences between individual class members with

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

respect to damages, causation or reliance."). <u>Anunziato</u> v. <u>eMachines, Inc.</u> 402 F.Supp. 2d 1133, 1137-1139 (C.D. Cal. 2005).

Once Plaintiff establishes that Allstate's standardized renewal bills were deceptive, misleading or confusing by having a DUE DATE which was not the actual due date,[11] all that will remain is the purely mechanical act of computing the amount of restitution each Class member is entitled to. This can be easily and mechanically done[12] from Allstate's own computer-stored records which Allstate has for each class member.[13] (Exhibit L.)

In contrast, there are no significant (let alone predominate) individual issues even with respect to issues such as reliance. Plaintiff's claims arising under B&P §§17200, 17204 and 17500 and for unjust enrichment require no proof of individual reliance because reliance is not an element of a §17200, §17204 claim. <u>Anunziato</u> supra; <u>Lozano</u> supra. All that is required is a showing of a misleading, confusing or deceptive statement likely to deceive or confuse the public. <u>Anunziato</u> supra.

Moreover, the fact that class members may not be identically situated is immaterial. The fact that different members of the class may have received Allstate's standardized renewal bills on different dates and that the amount of each class member's early premium payment may have been different or that payments were made on different dates (but all one month or more in advance of the true due date) does not preclude a finding that common issues predominate because a common course of conduct has been alleged. <u>Harris</u> v. <u>Palm Springs Alpine Estates, Inc.</u> 329 F.2d 909, 914-15 (9th Cir. 1964); see <u>Blackie</u>, 524 F.2d at 902 (see also <u>Indep. Energy</u>, 210 F.R.D. at 486 (holding that predominance requirement was easily satisfied in cases where claims were based on a common legal theory of material misrepresentations and omissions, even though damage amounts might vary).

---

[11]   See declaration of Plaintiff's linguistic expert, Geoffrey Nunberg, attached hereto as Exhibit S.)

[12]   See Declaration of Jerald Udinsky, Exhibit T.

[13]   See Declaration of Carol Mattox, Exhibit K.

- 19 -

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

In sum, where a complaint alleges a common course of conduct committed by defendants and directed against the members of the class, the issues of law and fact which flow from that wrongful activity clearly predominate over any individual issues.

### 2.   A Class Action Is Superior to Other Available Methods for Resolving this Controversy

Rule 23(b)(3) also requires the Court to determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Courts have recognized that the class action device is superior to other available methods for the fair and efficient adjudication of controversies involving a large number of Plaintiffs. California's unfair competition laws are particularly appropriate for class action treatment. Anunziato supra, at ____; Vasquez v. Superior Court (1971) 4 Cal. 3d 800. This case of deceptive, confusing and misleading billing is analogous to securities fraud cases. Class actions are a "particularly appropriate and desirable" way of resolving securities fraud claims. Eisenberg v. Gagnon, 766 F.2d 770, 785 (3d Cir. 1985); accord Freedman, 922 F. Supp. at 400; Emulex, 210 F.R.D. at 721 ("Given the identical claims shared by the members of the class, a class action is superior to individual litigation for adjudicating the [securities fraud] controversy."). Here, class certification is both useful and necessary and the class action device offers judicial efficiencies because it permits common claims and issues to be tried only once, with binding effect on all parties. Class representation is the only way to afford relief to the over 100,000 class members whose claims are too small to permit them to bring individual suits. To deny class certification would be to "clos[e] the door of justice to all small claimants. This is what we think the class suit practice was to prevent." Weeks v. Bareco Oil Co., 125 F.2d 84, 90 (7th Cir. 1941).

To determine the issue of "superiority," Rule 23(b)(3) enumerates the following factors for the court to consider:

> (A) [T]he interest of members of the class in individually controlling the prosecution ... of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by ... members of the class; (C) the desirability ... of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Plaintiff's Notice Of Motion And Motion And Memorandum In Support Of Order Granting Class Certification

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

1  Fed. R. Civ. P. 23(b)(3). Each of these factors is satisfied in this case. The number of Class

2  Members (over 100,000 (Exhibit D)) is far too numerous and the typical claim is too small for

3  each individual Class member to maintain a separate action. In fact, there are no other actions

4  pending on behalf of class members asserting their claims other than this case. Therefore, the

5  class action device is the only viable vehicle by which the vast majority of persons injured by

6  Allstate's wrongful conduct may obtain a remedy. As the Ninth Circuit stated in Epstein v.

7  MCA 50 F.3d 644, 668 (9th Cir. 1995), "it is difficult to imagine a case where class

8  certification would be more appropriate. Without it, thousands of identical complaints by

9  former MCA shareholders would have to be filed – the very result the class action mechanism

10 was designed to avoid." 50 F.3d at 668; see also Freedman, 922 F. Supp. at 400-01; Weinberger

11 v. Thornton, 114 F.R.D. 599, 605 (S.D. Cal. 1986); Unioil, 107 F.R.D. at 622.

12          Further, the statewide[14] geographical dispersion of the Class members, makes it

13 desirable that litigation of the claims involved be concentrated in this forum.

14          Finally, there are no management difficulties which would preclude this action from

15 being maintained as a class action. Again, Allstate maintains computerized records for each

16 class member which indicate his/her address, the type of bill, the date sent, the date the

17 premium was received by Allstate and the amount of the premium paid. (Exhibits K and L.)

18 Restitution for each class member can easily be determined. Declaration of Jerald Udinsky.

19 (Exhibit T.) Plaintiff is confident that if there are any potential management problems, they can

20 be addressed and resolved by the parties or by this Court. Certainly, possible management

21 problems are not, standing alone, grounds for denying this motion. In In re Sugar Indus.

22 Antitrust Litig., MDL No. 201, 1976 U.S. Dist. LEXIS 14955 (N.D. Cal. May 21, 1976), the

23 court stated:

24          [D]enial of class certification because of conjured manageability
            problems is disfavored among both the courts and the legal
25

26 ────────────────
   [14]  As set forth in footnote 1, Allstate used this standardized deceptive bill as part of its
27 "Advance Renewal Billing" program not only in California and not only for motor vehicle
   insurance but for all its lines of property and casualty insurance throughout the United States.
28 Plaintiff is in the process of filing a motion for leave to amend to allege an additional class of
   all Allstate insureds from 2002 – 2005 who received form -50 bills and who paid their renewal
   premiums 30 days or more in advance.

- 21 –

commentators because a court refusing to certify a class action on the basis of vaguely perceived manageability obstacles is acting counter to the policy behind Rule 23 .... Id. at *75; accord <u>Yaffe</u> v. <u>Powers</u>, 454 F.2d 1362, 1365 (1st Cir. 1972).

Here, too, the best interests of the Class members favor class certification. For the reasons enumerated above, the proposed Class satisfies the requirements of Rule 23(b)(3).

**V.     CONCLUSION**

For the reasons set forth above, Plaintiff requests entry of an Order certifying this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure 23 appointing Plaintiff as class representative and Plaintiff's counsel as counsel for the class.

RESPECTFULLY SUBMITTED,

DATED: June 2, 2008                    LAW OFFICES OF SAMUEL KORNHAUSER,

AND

MARK P. MILLEN, ATTORNEY AT LAW

By: _____

Samuel Kornhauser
Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the forgoing **PLAINTIFF'S NOTICE OF MOTION AND MOTION AND MEMORANDUM IN SUPPORT OF ORDER GRANTING CLASS CERTIFICATION** (with exhibits filed separately under seal) has been filed electronically with the U.S. District Court, Northern District of California this 2nd day of June, 2008. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system and by hand on:

> Gayle M. Athanacio, Esq.
> Sanford Kingsley, Esq.
> Sonnenschein Nath & Rosenthal LLP
> 525 Market Street, 26th Floor
> San Francisco, CA 94105-2708

_____
Donald E. Stevens

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111