1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                   SAN JOSE DIVISION

10   Vlaho Miletak,                              NO. C 06-03778 JW

11              Plaintiff,                        **ORDER GRANTING PLAINTIFF'S
                                                  MOTION FOR LEAVE TO FILE A**
        v.                                        **FOURTH AMENDED COMPLAINT**
12
     Allstate Insurance Co.,
13
                Defendant.
14   _____/

15          Vlaho Miletak ("Plaintiff") brings this putative class action against Allstate Insurance

16   Company ("Defendant") alleging violation of Cal. Bus. & Prof. Code § 17200, *et seq*., and unjust

17   enrichment.  Plaintiff alleges that Defendant used deceptive bills to obtain payment of insurance

18   premiums thirty or more days before the renewal date of insurance policies between the parties.

19          Presently before the Court is Plaintiff's Motion to Amend Third Amended Complaint.

20   (hereafter, "Motion," Docket Item No. 166.)  The Court finds it appropriate to take the matter under

21   submission without oral argument.  See Civ. L.R. 7-1(b).

22          When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party

23   must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R.

24   Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Leave to amend under Fed.

25   R. Civ. P. 15(a) "shall be freely given when justice so requires."  Keniston, 717 F.2d at 1300.  "This

26   policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

27   1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.

28   2001).

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1      However, leave to amend need not be granted where the amendment: (1) prejudices the

2  opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.

3  <u>Amerisource Bergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006); <u>Bowles v.</u>

4  <u>Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor,

5  but amendment may be denied upon a sufficiently strong showing of the other factors. <u>See</u>

6  <u>Eminence Capital</u>, 316 F.3d at 1052; <u>Keniston</u>, 717 F.2d at 1300. The burden of showing prejudice

7  rests on the party opposing amendment. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th

8  Cir. 1987).

9      Plaintiff moves for leave to amend on the ground that discovery has revealed that Allstate

10  Indemnity Company ("Allstate Indemnity"), an affiliated subsidiary of Defendant's parent

11  corporation, Allstate Corporation, was using the same deceptive bills as Defendant during the same

12  time period. (Motion at 3.) Defendant contends that leave to amend should not be granted because

13  (1) any amendment to the Complaint at this stage of the litigation would be unduly prejudicial to

14  Defendant; and (2) amendment to add Allstate Indemnity as a defendant and a RICO claim would be

15  futile.[1] The Court considers each issue in turn.

16  **A.**     <u>**Prejudice**</u>

17      Defendant contends that it will suffer substantial prejudice if leave to amend is granted

18  because the addition of Allstate Indemnity will require substantially more discovery. (Opposition at

19  8.) Class and merits discovery has been bifurcated and there is currently no deadline for completion

20  of the latter. (<u>See</u> Docket Item No. 118.) Thus, to the extent that granting Plaintiff leave will

21  require further class discovery, the Court finds that a brief extension of the current Scheduling Order

22  will cure any such prejudice to Defendant.

23

24

25

26

27      [1] (Defendant Allstate Insurance Company's Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint, hereafter, "Opposition," Docket Item No. 169.)

28                2

**United States District Court**
For the Northern District of California

**B.    Futility**

Defendant contends leave to amend would be futile on the ground that Plaintiff lacks standing to sue Allstate Indemnity and that Plaintiff's RICO claim is merely a restatement of a previously dismissed fraud claim.  (Opposition at 4, 6.)

An amendment to a pleading is "futile" when "the amended complaint would be subject to dismissal."  See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

**1.    Standing**

Defendant contends that Plaintiff's proposed amendments would be subject to dismissal because Plaintiff did not directly purchase insurance from Allstate Indemnity and he, therefore, has no standing to sue Allstate Indemnity.  (Opposition at 4.)

To establish Article III standing, a plaintiff must demonstrate:  "(1) it has suffered an 'injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).  "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  Id. at 40 n.20 (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975)).

Here, Plaintiff's Proposed Fourth Amended Complaint alleges that the standardized bills used by Defendant and Allstate Indemnity induced "Plaintiff and the class to pay premiums at least thirty (30) days before the premium payments were actually due, all to the detriment of Plaintiff and the class."  (Motion, Ex. 1 ¶ 13.)  Taking this allegation as true, it satisfies the standing requirement that Plaintiff suffered an injury in fact because Plaintiff and the putative class have made payments to Defendant and Allstate Indemnity before they were due.   Likewise, Plaintiff's request for damages and injunctive relief satisfies the requirement that Plaintiff's harm be redressed by a favorable decision.  (Motion, Ex. 1 at 15.)

United States District Court

For the Northern District of California

1      In addition, the critical issue on standing is whether Plaintiff alleges an injury that is "fairly

2   traceable" to Allstate Indemnity.  "To satisfy the traceability requirement, a class action plaintiff

3   must 'allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of

4   other possible litigants.'"  Easter v. Am. West Fin., 381 F.3d 948, 961 (9th Cir. 2004) (quoting

5   Warth, 422 U.S. at  501).

6      With respect to Plaintiff's claimed injury caused by Allstate Indemnity, Plaintiff's Proposed

7   Fourth Amended Complaint alleges as follows:

8           Defendants Allstate Insurance and Allstate Indemnity are collectively referred to as
        "Allstate."  (Motion, Ex. 1 ¶ 4.)
9           [Defendant and Allstate Indemnity] were subsidiaries, divisions or affiliates of the
        Allstate Corporation and that in doing the acts herein alleged were acting within the course
10       and scope of said agency, employment, joint venture, subsidiary or affiliated relationship
        with the advance knowledge, acquiescence or subsequent ratification of each and every
11       remaining defendant and the Allstate Corporation.  Each and every other Defendant, as
        aforesaid, was acting as a principal of each and every other Defendant as an agent, servant,
12       employee or joint venturer.  (Motion, Ex. 1 ¶ 5.)
            Plaintiff purchased motor vehicle insurance from *Allstate* and paid the premiums on
13       said motor vehicle insurance pursuant to *Allstate's* standardized billing statements.
        (Motion, Ex. 1 ¶ 12 (emphasis added).)

14   Assuming the truth of Plaintiff's proposed allegations, Allstate Indemnity acted as both a principal

15   and agent of Defendant, and Plaintiff purchased insurance from Defendant and Allstate Indemnity

16   *collectively*.  Thus, Plaintiff's injury can be fairly traced to Allstate Indemnity on two grounds.

17   First, Defendant and Allstate Indemnity can be jointly liable as Plaintiff's co-insurer because

18   Plaintiff alleges in Paragraph 12 that he purchased motor vehicle insurance from both Allstate

19   Insurance and Allstate Indemnity.  Second, Allstate Indemnity can be liable as the principal, agent

20   and joint venturer of Defendant in the transaction with Plaintiff.  See Dixon v. City of Livermore,

21   127 Cal. App. 4th 32, 42 (2005) (holding that the tort liability of a joint venturer is imputed to its

22   other joint venturers).

23      Defendant's contention that Plaintiff "admits that he entered into an insurance contract with

24   *only* [Defendant]" is not supported by the language of Plaintiff's Proposed Fourth Amended

25   Complaint.  The language of the Proposed Complaint does not allege that insurance was purchased

26   "*only*" from Defendant.  As discussed above, the Proposed Complaint alleges that Plaintiff

27

28                                                  4

1   purchased insurance from Defendant *and* Allstate Indemnity.  (Motion, Ex. 1 ¶ 12.)  Defendant's

2   challenges to Plaintiff's proposed allegations go to the merits of Plaintiff's claims and thus, are not

3   appropriate for consideration in this motion.[2]  Accordingly, the Court finds that leave to amend

4   would not be futile for lack of standing.

5       **2.      Plaintiff's proposed RICO claim**

6       Defendant contends that leave to amend would be futile as to Plaintiff's proposed RICO

7   claim because it re-alleges previously dismissed fraud claims.  (Opposition at 6.)  Defendant relies

8   on the Court's February 8, 2007 Order, where the Court found that Plaintiff had "not identified a

9   false representation in Allstate's Statements."  (Order Granting Defendant's Motion to Dismiss with

10  Partial Leave to Amend at 7, Docket Item No. 53.)

11      Upon review of Plaintiff's RICO claim in the Proposed Fourth Amendment Complaint, the

12  Court finds that it is premature to determine whether it has merit independent of the Court's prior

13  order regarding the common law fraud claim.  To the extent Defendant wishes to challenge the

14  merits of Plaintiff's RICO claim, the Court invites Defendant to fully brief the issue in a motion to

15  dismiss once the Proposed Fourth Amended Complaint is filed.

16      In sum, the Court GRANTS Plaintiff's Motion for Leave to File a Fourth Amended

17  Complaint.  On or before **September 30, 2008**, Plaintiff shall file the Fourth Amended Complaint as

18  a separate docket entry.  Defendant shall respond to the Fourth Amended Complaint in accordance

19  with the Federal Rules of Civil Procedure.

20      In light of this Order, the Court VACATES the hearing on Plaintiff's Motion as well as the

21  Case Management Conference currently set for September 22, 2008.  The Court will set a new Case

22  Management Conference once Defendant responds to the Fourth Amended Complaint.

23

24  Dated:  September 18, 2008                    _____

25                                              JAMES WARE
                                                United States District Judge
26

27      ───────────────────

        [2]  In the context of a motion for leave to amend, courts "defer consideration of challenges to
28  the merits of a proposed amended pleading until after leave to amend is granted and the amended
    pleading is filed."  Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 549 (N.D. Cal. 2003).

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

Gayle M. Athanacio gathanacio@sonnenschein.com
Hillary Noll Kalay hkalay@sonnenschein.com

3

Mark Paul Millen MPMillen@aol.com
Samuel Kornhauser skornhauser@earthlink.net

4

Sanford Kingsley skingsley@sonnenschein.com

5

6

Dated:  September 18, 2008                    Richard W. Wieking, Clerk

7

8

By:    /s/ JW Chambers
                Elizabeth Garcia
                Courtroom Deputy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28