SAMUEL KORNHAUSER, Esq., California Bar No. 083528
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone:    (415) 981-6281
Facsimile:    (415) 981-7616

Mark P. Millen, Esq., Bar No. 196718
MARK P. MILLEN, ATTORNEY AT LAW
2 North Santa Cruz Avenue, Suite 205
Los Gatos, California 95030
Telephone:    (408) 399-9707
Facsimile:    (408) 399-9757

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VLAHO MILETAK, an individual on his own
behalf and on behalf of all other automobile
insureds of Allstate Insurance Company,

     Plaintiff,

     v.

ALLSTATE INSURANCE COMPANY, an
Illinois corporation, and ALLSTATE
INDEMNITY COMPANY, an Illinois
corporation,

     Defendants.

**Case No. C 06-03778 JW (RS)**

**FOURTH AMENDED CLASS
ACTION COMPLAINT FOR
DAMAGES, BREACH OF
CONTRACT, BREACH OF
FIDUCIARY DUTY, BAD FAITH,
FRAUD, CONSTRUCTIVE FRAUD,
NEGLIGENT
MISREPRESENTATION, UNJUST
ENRICHMENT AND VIOLATIONS
OF B&P §17200 ET SEQ. AND RICO
VIOLATIONS**

Plaintiff alleges as follows:

1.     Plaintiff VLAHO MILETAK ("VM") is an individual and resident of San Jose, California who at all times relevant purchased and maintained motor vehicle insurance from Defendant Allstate Insurance Company.

2.     Plaintiff FILKA MILETAK ("FM") is an individual and resident of San Jose, California who at all times relevant purchased and maintained motor vehicle insurance from Defendant Allstate Insurance Company.

3.     Defendant ALLSTATE INSURANCE COMPANY ("ALLSTATE INSURANCE") is a corporation organized under the laws of the state of Illinois with offices in San Jose, California, which committed the acts alleged herein in California and with the intent to have an effect and which did have an effect in California.

4.     Defendant ALLSTATE INDEMNITY COMPANY ("ALLSTATE INDEMNITY") is a corporation organized under the laws of Illinois with offices in San Jose, California which committed the acts alleged herein in California and with the intent to have an effect and which did have an effect in California. Defendants ALLSTATE INSURANCE and ALLSTATE INDEMNITY are collectively referred to as "ALLSTATE."

5.     Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, all Defendants, and each of them, were the agents, servants, employees, co-conspirators or joint venturers of their co-Defendants, and were subsidiaries, divisions or affiliates of THE ALLSTATE CORPORATION and that in doing the acts herein alleged were acting within the course and scope of said agency, employment, conspiracy, joint venture, subsidiary or affiliated relationship with the advance knowledge, acquiescence or subsequent ratification of each and every remaining defendant and THE ALLSTATE CORPORATION. Each and every Defendant, as aforesaid, was acting as a principal of each and every other Defendant as an agent, servant, employee, co-conspirator or joint venturer.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure, Rules 23(b)(2) and (3) on his own behalf and on behalf of a class consisting of all persons or entities (except ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY or THE ALLSTATE CORPORATION or their officers and employees) who reside or resided in California and who, during the period from January 1, 2002 through December 31, 2005, (the "Class Period"), purchased and paid motor vehicle insurance or property and casualty renewal premiums in full one month or more before the effective date of their renewal policy to ALLSTATE INSURANCE or ALLSTATE INDEMNITY as a result of ALLSTATE INSURANCE's or ALLSTATE INDEMNITY's standardized misleading Form -50 Renewal Insurance Bills.

7.      The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to the Plaintiff at this time, they can be ascertained through appropriate review of ALLSTATE's California motor vehicle and property and casualty insurance records. Plaintiff believes there are, at a minimum, over 100,000 members of the Class during the Class Period.

8.      Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a)      whether ALLSTATE's standardized Form -50 Insurance Renewal Bills which stated purported due dates which were not the actual dates that the renewal premiums were due were likely to deceive Plaintiff and the class and members of the public;

b)      whether ALLSTATE, through the use of their misleading and deceptive standardized Form -50 Insurance Renewal Bills, obtained early premium payments from their motor vehicle and property and casualty insurance customers in order to obtain the benefit of the "float," i.e., use of the class members' money to the detriment of the class members;

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

c)      whether the members of the Class have been injured by ALLSTATE's actions and, if so, what is the proper measure of damages or restitution;

d)      whether ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY violated RICO by their scheme and use of the standardized Form -50 Insurance Renewal Bills.

9.      Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class all sustained damages arising out of ALLSTATE's wrongful conduct as complained of herein.

10.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

11.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages (losses) suffered by the individual Class members may be relatively small, the expense and burden of individual litigation may make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## RECITAL

Pursuant to the Court's February 8, 2007 Order Granting Defendant's Motion To Dismiss With Partial Leave To Amend and the Court's July 18, 2007 Order Granting In Part and Denying In Part Defendant's Motion to Dismiss and in order to preserve their rights to appeal or contest the Court's ruling as to the first six Causes of Action as to Vlaho Milatek and Filka Milatek, Plaintiff Vlaho Milatek amends and files this Fourth Amended Complaint as follows:

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

FIRST CAUSE OF ACTION
(Breach of Contract)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)

Plaintiff Vlaho Milatek has realleged Paragraphs 1 – 14 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendency of this action in this Court.

12.     Since at least January 1, 2002 and continuously thereafter, Plaintiff purchased motor vehicle insurance from ALLSTATE and paid the premiums on said motor vehicle insurance pursuant to ALLSTATE's standardized billing statements. Those standardized billing statements uniformly and deceptively provided for payments of the insurance premium one month before the premium was actually required to be paid in order to obtain the motor vehicle coverage. Thus, the ALLSTATE bills stated that the "due date" for payment of the premium was a date 30 days before the actual due date and the beginning of the coverage period. ALLSTATE, in its standardized Automobile Insurance Bills, further asked the insured to send payment "no later than" five (5) days earlier (i.e., thirty-five (35) days before the due date) if sending the payment by mail in order to "allow time for mail and processing." An example of ALLSTATE's standardized bills is attached hereto as Exhibit A.

13.     ALLSTATE, in addition to other standardized false advertising, breached its insurance agreements with Plaintiff and the class by using these standardized bills to induce Plaintiff and the class to pay premiums at least thirty (30) days before the premium payments were actually due, all to the detriment of Plaintiff and the class and to the wrongful benefit of ALLSTATE by allowing it to receive and have the benefit of Plaintiff's and the class' money thirty (30) days before it was due.

14.     As a direct and proximate result of these continuing breaches by ALLSTATE, Plaintiff and the class have been damaged during the class period from the loss of the use of their money in an amount of at least four million dollars, according to proof.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

SECOND CAUSE OF ACTION
(Breach of Covenant of Good Faith)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)

Plaintiff Vlaho Milatek has realleged Paragraphs 15 – 19 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendency of this action in this Court.

15.     Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13 of this Third Amended Complaint ("Complaint") as though fully set forth herein.

16.     ALLSTATE knew that it was wrongfully and deceptively inducing Plaintiff and the class to make early payments which were not required by ALLSTATE's standardized motor vehicle insurance contracts.

17.     Imposed as a term of ALLSTATE's standardized contracts was an implied covenant of good faith and fair dealing whereby ALLSTATE agreed not to take any action which would interfere with the full and fair performance of the contract and Plaintiff's and the class' enjoyment of the benefits of those contracts.

18.     ALLSTATE knowingly breached its covenant of good faith and fair dealing by deceptively inducing Plaintiff and the class to pay their premiums early so that ALLSTATE could wrongfully reap the benefit of the use of Plaintiff's and the class' money.

19.     Plaintiff and the class have been damaged in an amount according to proof as a direct and proximate result of ALLSTATE's breach of the covenant of good faith in inducing these early payments.

THIRD CAUSE OF ACTION
(Breach of Fiduciary Duty)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)

Plaintiff Vlaho Milatek has realleged Paragraphs 20 – 24 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendency of this action in this Court.

4th Amended Complaint

20.    Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13, 16 and 17 of this Complaint as though fully set forth herein.

21.    ALLSTATE, as the motor vehicle insurance carrier for Plaintiff and the class, had a special relationship with Plaintiff and the class – ALLSTATE's insureds – and was a fiduciary providing motor vehicle insurance for plaintiff and the class and owed to plaintiff and the class a fiduciary duty not to take any actions adverse to its clients' interests, including not to deceive, defraud or take monetary advantage of Plaintiff and the class.

22.    ALLSTATE breached its fiduciary duty to Plaintiff and the class by inducing Plaintiff and the class to make early payments in order to reap the benefit of the use of Plaintiff's and the class' money.

23.    As a direct and proximate result of ALLSTATE's actions, Plaintiff and the class were damaged by losing the use of their money in an amount according to proof.

24.    ALLSTATE's actions were wanton, willful, fraudulent and despicable, entitling Plaintiff and the class to punitive damages.


FOURTH CAUSE OF ACTION
(Fraud)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)


Plaintiff Vlaho Milatek has realleged Paragraphs 25 – 32 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendency of this action in this Court.

25.    Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 16, 17 and 21 of this Complaint as though fully set forth herein.

26.    ALLSTATE continuously represented through its standardized renewal bills that the "due date" for payment and receipt of the insurance premium was thirty (30) days before the premium was actually due.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

27.     Those representations were false. The premiums were actually only due on or before the date that the new policy coverage period began. ALLSTATE knew its representations and omissions were false.

28.     Plaintiff and the class did not know that ALLSTATE's representations and omissions were false.  Plaintiff and the class reasonably relied on ALLSTATE's standardized representations that the premiums were "due" thirty (30) days before they were actually due. Plaintiff and the class reasonably relied on the fact that ALLSTATE was their insurer and assumed ALLSTATE had a fiduciary duty to and would not lie to them. Plaintiff and the class had no reason to believe that ALLSTATE would defraud them.

29.     As a direct and proximate result of ALLSTATE's fraud, Plaintiff and the class were wrongfully induced to and did pay premiums to ALLSTATE before such premiums were actually due.

30.     Had Plaintiff and the class known the true facts they would not have paid the premiums early to ALLSTATE.

31.     As a direct and proximate result of ALLSTATE's fraud, Plaintiff and the class have been damaged by the lost use of their money in an amount according to proof.

32.     ALLSTATE's acts were wanton, willful, fraudulent and despicable, entitling Plaintiff and the class to punitive damages.


FIFTH CAUSE OF ACTION
(Constructive Fraud)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)


Plaintiff Vlaho Milatek has realleged Paragraphs 33 – 36 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendency of this action in this Court.

33.     Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13, 16, 17, 21, 26 and 27 of this Complaint as though fully set forth herein.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

34.     ALLSTATE's concealment and deception and failure to notify Plaintiff and the class that the premiums were really due thirty (30) days later were fraudulent.

35.     As a direct and proximate result of ALLSTATE's constructive fraud, Plaintiff and the class have been damaged by paying insurance premiums early and lost the use of their money in an amount to be determined in accordance with proof.

36.     ALLSTATE's acts and omissions were wanton, willful, fraudulent and despicable, entitling Plaintiff and the class to punitive damages.


SIXTH CAUSE OF ACTION
(Negligent Misrepresentation)
(Dismissed with Prejudice on February 8, 2007 as to Vlaho Milatek and Filka Milatek)


Plaintiff Vlaho Milatek has realleged Paragraphs 37 - 39 herein pursuant to the Court's July 18, 2007 Order, solely to preserve this Cause of Action for appeal. Pursuant to that Order, he will not be pursuing this Cause of Action during the pendancy of this action in this Court.

37.     Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13, 16, 17, 21, 26 and 27 of this Complaint as though fully set forth herein.

38.     ALLSTATE negligently induced Plaintiff and the class, by its deceptive and confusing bills, into believing that the due date for payment of their insurance premiums was thirty (30) days earlier than the premiums were really due.

39.     As a direct and proximate result of ALLSTATE's negligent misrepresentations, Plaintiff and the class were damaged in an amount according to proof.


SEVENTH CAUSE OF ACTION
(Unjust Enrichment)
(Dismissed with Prejudice as to Filka Milatek only pursuant to February 8, 2007 Order. Vlaho Milatek Continues to Pursue This Cause of Action pursuant to the July 18, 2007 Order)


Pursuant to this Court's July 18, 2007 Order, Plaintiff Vlaho Milatek alleges this cause of action and continues to pursue this Cause of Action on his own behalf and on behalf of the class.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

40.     Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13, 16, 17, 18, 21, 26 and 27 of this Complaint as though fully set forth herein.

41.     ALLSTATE, by their use of deceptive Form -50 bills – which contained a purported actual due date (in a "hat box" and later in a prominent shaded box) so as to deceptively and misleadingly make it appear to be the actual due date for payment (including for payment of a full six month premium) when, in fact, it was not the actual due date and by another, not-prominent statement that if the insured elects to pay in full, he or she should remit payment no later than the policy "effective date"( which is not defined or explained), so that the insureds were misled or likely to be misled into believing that their motor vehicle and/or property and casualty insurance renewal premiums were due at least thirty (30) days before they were actually due and by misleading Plaintiff and the class through ALLSTATE's standardized and misleading bills into believing that if Plaintiff and the class did not pay the insurance premiums at least 30 days before the premium payment was actually due, the insurance policy would be cancelled and by sending those standardized, misleading bills to induce the class to pay the renewal premiums early so that ALLSTATE could obtain the benefit of the early premiums and continued use of the class' money (the float) (all of which were likely to and did mislead and deceive Plaintiff and the class and members of the public into believing that premiums were due earlier than they were actually due) – wrongfully obtained the early and unjustified use of Plaintiff's and the class' money, including the wrongful use of Plaintiff Vlaho Miletak's and the class' actual payments of six month's worth of premiums at least 30 days in advance of the date full premiums were actually due as a result of one or more of ALLSTATE's standardized, deceptive and misleading bills, which monies ALLSTATE unjustly retained and used for its own economic advantage to unjustly enrich itself to the detriment of Plaintiff and the class by depriving them of the benefit and rightful use of their money.

42.     As a direct and proximate result of ALLSTATE's wrongful actions, ALLSTATE have received and kept, as constructive trustees, money and the benefit of the use of money rightfully belonging to Plaintiff and the class and to which Plaintiff and the class are entitled, plus interest thereon.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

EIGHTH CAUSE OF ACTION
(Unfair Competition)
(Violation of B&P §17200 et seq.)
(Dismissed with Prejudice as to Filka Milatek only pursuant to February 8, 2007 Order. Vlaho
Milatek Continues to Pursue This Cause of Action pursuant to the July 18, 2007 Order)

Pursuant to this Court's July 18, 2007 Order, Plaintiff Vlaho Milatek alleges this cause of action and continues to pursue this Cause of Action on his own behalf and on behalf of the class.

43.     Plaintiff on behalf of himself and the class realleges Paragraphs 1 through 13, 16, 17, 18, 26, 27 and 41 of this Complaint as though fully set forth herein.

44.     The acts of ALLSTATE committed from January 1, 2000 through at least December 31, 2005 were unfair, unlawful and fraudulent business practices in violation of California Business and Professions Code Sections 17200 et seq. in that ALLSTATE did not clearly disclose the true due date (i.e., deceptively stated) when payment of the premiums was actually due. Those acts included, but were not limited to, the following:

  a)     Misleading Plaintiff and the class through ALLSTATE's standardized and misleading Form -50 bills which contained a purported actual due date (in a prominent "hat box," or later, a shaded box) so as to deceptively and misleadingly make it appear to be the actual due date for payment, including for payment of a full six month premium when, in fact, it was not and through another, not-prominent statement that if the insured elects to pay in full, he or she should remit payment no later than the policy "effective date" (which misleadingly and deceptively is not defined or explained) so that the insureds were misled or likely to be misled into believing that their insurance premiums were due at least thirty (30) days before they were due.

  b)     Misleading Plaintiff and the class through ALLSTATE's standardized and misleading bills into believing that if Plaintiff and the class did not

pay the insurance premiums at least 30 days before the premium payment was actually due, the automobile or property and casualty insurance policy would be cancelled.

c)   Sending those standardized, misleading bills to induce the class to pay the premiums early so that ALLSTATE could obtain the benefit of the early premiums and continued use of the class' money (the float) as a result of deceiving the class into early premium payments.

45.   Those above acts and practices are a violation of B&P §17500 et seq. and constitute an unlawful business act and practice within the meaning of B&P §17200 et seq. and §17500 et seq. Those acts, including the use of two due dates, were fraudulent within the meaning of B&P §17200 et seq. in that they were likely to and did deceive and mislead the general public and Plaintiff and the class by inducing Plaintiff and the class to pay their premiums early, including payments of six months' worth of premium payments by Vlaho Miletak and the class at least 30 days in advance of the date the full premium payments were actually due, in reliance or constructive reliance on and/or as a result of ALLSTATE's deceptive billing statements, thereby allowing ALLSTATE to wrongfully obtain the use of Plaintiff's and the class' monies early.

46.   Those wrongful acts by ALLSTATE are likely to continue to mislead the public and the class and constitute a continuing threat to the public and the class.

47.   As a direct and proximate result of ALLSTATE's conduct, ALLSTATE have received and continue to receive ill-gotten gains and unjust enrichment by the use of the class' money, which monies and use of monies belong to the Plaintiff and the class whose monies were improperly taken early, plus interest thereon.

NINTH CAUSE OF ACTION
(RICO Violations 18 U.S.C. §1964(c))

48.   Plaintiff, Vlaho Miletak, on behalf of himself and the class realleges and incorporates Paragraphs 1 through 47 above as though fully set forth herein.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

49.     This Ninth Cause of Action is brought by Plaintiff as a class action pursuant to

Rule 23(b)(3) of the Federal Rules of Civil Procedure as set forth in Paragraphs 6-11 above

against Defendants ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY

COMPANY for their scheme with the ALLSTATE CORPORATION, Bob Ihmels, Vicki

Custer, Susan Thompson, Carolyn (Scrine) Filipovic and others to defraud and mislead Plaintiff

and the class through mail fraud (18 U.S.C. §1341) into paying their insurance renewal

premiums earlier than actually due so that ALLSTATE INSURANCE COMPANY and

ALLSTATE INDEMNITY COMPANY could improperly obtain the benefit and use of

Plaintiff's and the class' money.

50.     This Court has jurisdiction under 18 U.S.C. §1964(a) ("RICO") and 28

U.S.C. §1331.

51.     Venue is proper in this district court pursuant to 18 U.S.C. §1965(a).

52.     Defendants ALLSTATE INSURANCE, ALLSTATE INDEMNITY, together

with participants THE ALLSTATE CORPORATION, Ihmels, Custer, Thompson, Filipovic and

others, created and constituted the associated in fact RICO enterprise. Said RICO enterprise

was formed in late 2002 or early 2003 with the intent and for the purpose of deceiving Plaintiff

and the class, i.e., ALLSTATE INSURANCE's and ALLSTATE INDEMNITY's California

motor vehicle insureds and/or their California property and casualty insureds, into paying their

motor vehicle and property and casualty insurance renewal premiums a month or more early

(which Plaintiff and the class did) so that these ALLSTATE Defendants could obtain the

benefit of the use of the money (early premium payments) of Plaintiff and the class as a result

of the ALLSTATE Defendants' scheme.

53.     This enterprise was structured so that ALLSTATE INDEMNITY and

ALLSTATE INSURANCE, operating under the umbrella of their holding company, THE

ALLSTATE CORPORATION and senior officers of said Defendants, including participants

Bob Ihmels, Vicki Custer, Susan Thompson, Carolyn (Strine) Filipovic and others engaged in a

scheme to defraud and mislead their motor vehicle and property and casualty insureds in

California into paying their insurance premiums at least 30 days earlier than the premiums were

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

due and directed and supervised their pattern of racketeering activities by directing and supervising the creation, use and mailing through the United States Postal System of deceptive and misleading renewal bills with false DUE DATES to Defendant ALLSTATE INSURANCE's and ALLSTATE INDEMNITY's California motor vehicle and property and casualty insureds in order to mislead or deceive them into paying their insurance renewal premiums one month earlier than actually required and so that Defendants received and used those early premium payments. This group was created in 2002 to create (and did create) an Advanced Premium Billing ("APB") program to create and disseminate these deceptive renewal bills in order to collect (and actually did collect) from Plaintiff and the class as a result of this scheme renewal premiums one month or more in advance of the date the premiums were due. The Defendants disseminated these deceptive bills and collected the premiums through the mail and via credit card payments and wire transfers and through insurance agents throughout California continuously on a daily basis from 2003 through at least December 31, 2005.

54.     The enterprise operated and existed separately from but operated through the use of ALLSTATE INSURANCE and ALLSTATE INDEMNITY and operated as a unit or group to conduct the ALLSTATE Defendants' racketeering activities (mail fraud) as well as conducting these ALLSTATE Defendants' normal structure and other legitimate activities, including providing and selling insurance and servicing their insurance customers. Pursuant to these ALLSTATE Defendants' scheme to deceive and defraud their motor vehicle and property and casualty insureds, they developed and disseminated uniform standardized deceptive bills (Form -50 bills) with deceptive DUE DATES hundreds of thousands of times between 2002 and 2005 through the use of the United States mail and through their insurance agents throughout California.

55.     Defendants ALLSTATE INSURANCE and ALLSTATE INDEMNITY formed this scheme or artifice to defraud (and did defraud), mislead and deceive Plaintiff and the class and used the mails or caused the use of the mails every day or month between 2002 and 2005 and possibly later by mailing these standardized, deceptive renewal bills to the class in furtherance of their scheme and these Defendants did so with the purpose and specific intent to

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

deceive, mislead or defraud the class. Repeatedly mailing hundreds of thousands of deceptive renewal bills constituted a pattern of racketeering as defined in 18 U.S.C. §1961(1)(a) (mail fraud 18 U.S.C. §1341).

56.     Said pattern of racketeering actions by Defendants ALLSTATE INSURANCE and ALLSTATE INDEMNITY constituted violations of RICO 18 U.S.C. §§1962(a), (b), (c) and (d).

57.     By reason of ALLSTATE INSURANCE's and ALLSTATE INDEMNITY's violations of RICO §1962(a), Plaintiff and the class were injured in their business or property by said Defendants' use of the racketeering income, i.e., by the use of Plaintiff's and the class' money received early as a result of Defendants' mail fraud in violation of U.S.C. §1964(c).

58.     By reason of said Defendants' RICO violations of 18 U.S.C. §1962(b), i.e., by gaining control or an interest in the enterprise, these Defendants were able to generate huge income which allowed them to continue their scheme and thereby continue to deceive and defraud Plaintiff and the class. Plaintiff and the class were injured in their business or property in violation of 18 U.S.C. §1964(c).

59.     By reason of said Defendants' violation of 18 U.S.C. §1962(c), i.e., ALLSTATE INSURANCE's and ALLSTATE INDEMNITY's employment by or association with the enterprise and participation in the pattern of racketeering activities, Plaintiff and the class were injured in their business or property in violation of 18 U.S.C. §1964(c).

60.     By reason of said ALLSTATE INSURANCE Defendants' conspiracy to violate 18 U.S.C. §§1962(a), (b) and/or (c), as alleged above, said Defendants violated 18 U.S.C. §1962(d). As a result, Plaintiff and the class were injured in their business or property in violation of 18 U.S.C. §1964(c).

61.     Plaintiff and the class were injured in their businesses or property by reason of Defendants ALLSTATE INSURANCE COMPANY's and ALLSTATE INDEMNITY COMPANY's actions as set forth herein and violations of 18 U.S.C. §§1962(a), (b), (c) and (d) and are entitled to and seek pursuant to 18 U.S.C. §1964(c) treble their damages (losses) which

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

they sustained together with interest thereon plus their costs of suit herein including reasonable attorneys fees.

WHEREFORE, Plaintiff Vlaho Milatek for purposes of the continued proceedings in this Court and the class pray as follows:

1.    That all causes of action be preserved for appeal as class actions and that, for purposes of this continued action, the Seventh, Eighth and Ninth Causes of Action be certified as a class action.

2.    As to each cause of action that it be preserved for appeal and that, for purposes of this continued action, the Seventh, Eighth and Ninth Causes of Action be for damages to Plaintiff and the class according to proof.

3.    As to the Eight Cause of Action for full restitution and disgorgement of all monies, revenues and benefits of the monies wrongfully obtained and the value of the early use of such monies and an injunction prohibiting Defendant from continuing such deceptive advertising and billing.

4.    As to the Ninth Cause of Action for treble damages (losses) plus interest thereon.

5.    That the Third, Fourth and Fifth Causes of Action for punitive damages be preserved for appeal.

6.    As to the First, Second and Third Causes of Action, for interest and that they should be preserved for appeal, and as to the Seventh and Eighth Causes of Action for interest.

7.    For costs of suit herein.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

8.      For reasonable attorneys' fees, and as to the Ninth Cause of Action, for attorneys

fees pursuant to 18 U.S.C. §1964(c).

9.      For such other relief as the Court deems appropriate.

DATED: September 30, 2008                   LAW OFFICES OF SAMUEL KORNHAUSER,

                                            AND

                                            MARK P. MILLEN, ATTORNEY AT LAW


                                            By: _____
                                                 Samuel Kornhauser
                                                 Attorneys for Plaintiff and the Class

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

JURY DEMAND

Plaintiff hereby demands for purposes of appeal a trial by jury as to all Causes of Action and demands a trial by jury as to the Seventh and Eighth Causes of Action for purposes of the continuing litigation in this Court.

DATED: September 30, 2008

LAW OFFICES OF SAMUEL KORNHAUSER,

AND

MARK P. MILLEN, ATTORNEY AT LAW

By: _____

Samuel Kornhauser
Attorneys for Plaintiff and the Class

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

4th Amended Complaint

- 17 -

**EXHIBIT A**



# Special Auto Insurance Bill

### Your Bill at a Glance

| DUE DATE: **March 24, 2005** at 12:01 A.M. | TO PAY IN FULL: **$ 367.86** | MINIMUM AMOUNT DUE: **$ 61.31** |
|---|---|---|

To allow time for mail and processing, please send your payment no later than March 19, 2005.

### Your Policy Number: **037 983 700**

| Your Agency: | PAMELA FARRINGTON   (408) 265-9100 |
|---|---|
| Policy Issued To: | VLAHO MILETAK<br>14745 CONWAY AVE<br>SAN JOSE CA 95124-3509 |

| Policy Period: | April 24, 2005 to October 24, 2005 |
|---|---|
| Description: | 02 KTM DUKE2 64          05 KTM |
| Ways To Pay/<br>Billing Inquiries: | - You may send us a check or money order (allow time for mail processing); OR<br>- You may call our automated service at 1-800-901-1732 or visit the Customer Care Center at Allstate.com to:<br>   - pay using your checking account information;<br>   - pay using your debit or credit card.<br>We are available 24 hours a day, 7 days a week and accept VISA®, MasterCard®, Discover®, and American Express®.<br>- You may also pay at an agent's office.<br>- **For ease and convenience, we invite you to contact your agent or visit allstate.com to find out more about the Allstate Easy Pay Plan that allows automatic deductions from your checking or savings account.**<br><br>If you choose to pay your policy in full, please make sure we receive $ 367.86 by April 24, 2005. |

(page 1 of 3)

<div style="text-align:left; font-size:90%;">

This statement as of March 3, 2005

</div>

- Please DO NOT include or write policy change requests on your payment notice. Contact your insurance representative.
- Please make check or money order payable to ALLSTATE and include your policy number.
- Detach here along perforation. Return below payment notice with your payment in the enclosed envelope.

| Your Policy Number: 037 983 700     04/24 | DUE DATE: | TO PAY IN FULL: | MINIMUM AMOUNT DUE: |
|---|---|---|---|
| | March 24, 2005 | $ 367.86 | $ 61.31 |

**Allstate Insurance Company**

*1017 MERIDIAN AVE #A SAN JOSE CA 95125*

24046507

Amount Enclosed: $ *367.86*

Return Payment to:

VLAHO MILETAK
14745 CONWAY AVE
SAN JOSE CA 95124-3509

ALLSTATE
P.O.BOX 650262
DALLAS TX 75265-0262





# Special Auto Insurance Bill

**Your Bill at a Glance**

| DUE DATE: March 24, 2005 at 12:01 A.M. | TO PAY IN FULL: $ 367.86 | MINIMUM AMOUNT DUE: $ 61.31 |

To allow time for mail and processing, please send your payment no later than March 19, 2005.

## Your Policy Number:  037 983 700

| Your Agency: | PAMELA FARRINGTON    (408) 265-9100 |
| Policy Issued To: | VLAHO MILETAK<br>14745 CONWAY AVE<br>SAN JOSE CA 95124-3509 |

| Policy Period: | April 24, 2005 to October 24, 2005 |
| Description: | 02 KTM DUKE2 64          05 KTM |
| Ways To Pay/<br>Billing Inquiries: | - You may send us a check or money order (allow time for mail processing); OR<br>- You may call our automated service at 1-800-901-1732 or<br>  visit the Customer Care Center at Allstate.com to:<br>    - pay using your checking account information;<br>    - pay using your debit or credit card.<br>  We are available 24 hours a day, 7 days a week and accept VISA®, MasterCard®,<br>  Discover®, and American Express®.<br>- You may also pay at an agent's office.<br>- **For ease and convenience, we invite you to contact your agent or visit allstate.com<br>  to find out more about the Allstate Easy Pay Plan that allows automatic deductions<br>  from your checking or savings account.**<br><br>If you choose to pay your policy in full, please make sure we<br>receive $ 367.86 by April 24, 2005. |

(page 1 of 3)

· Please DO NOT include or write policy change requests on your payment notice. Contact your insurance representative.
· Please make check or money order payable to ALLSTATE and include your policy number.
· Detach here along perforation. Return below payment notice with your payment in the enclosed envelope.

This statement as of March 3, 2005

(page 2 of 3)

**About Your Account**

| What You Should Know: | This document reflects your renewal offer premium.  By remitting your payment, you are agreeing to all of the terms contained in the policy, endorsements and policy declarations which are in effect during the policy period. |
|---|---|
| | For each check, electronic transaction or other remittance which is not honored because of insufficient funds or a closed account, you will be charged $ 25.00. |
| | A change was made to your insurance protection which resulted in a change in your premium. You should have already received a new declarations page which explained this change. |
| | If for some reason you don't pay this first bill, the second renewal bill Minimum Amount Due will reflect at least two months of premium. Please note that, in all cases we must receive at least the Minimum Amount Due on the second renewal bill by the renewal effective date and time in order for your renewal policy to go into effect. |
| | The minimum payment and schedule described in Option 2 has been based on your payment history. Please review this option carefully to determine your revised installment payment amount and schedule, if any. If you were sent 2 or more Cancellation Notices in the past 12 months and were enrolled in the Allstate Easy Pay Plan, you have been removed from the Allstate Easy Pay Plan and should pay the Minimum Amount Due as indicated on this bill. |
| | If you elect to pay in installments, an installment fee may apply. |
| | If you have any questions, please contact your agent. |
| | Allstate Insurance Company Home Office: Northbrook, IL |

| A History of Your Account: | 12/4/04 | Previous Balance | $ 30.28 + |
|---|---|---|---|
| | 12/17/04 | Policy Change | $ 12.96 - |
| | 12/21/04 | Payment Received - Thank You | $ 17.32 - |
| | 3/2/05 | Renewal Premium | $ 367.86 + |
| | 3/3/05 | **Balance (To Pay In Full)** | **$ 367.86** |

(page 3 of 3)



**About Your Account**

**Policy Changes You Have Made:**
(As listed above in your history of account)

12/17/04   Policy Change:

- The deletion of one or more vehicles
- Your premium for the current policy period has been decreased by a total of $12.96

If policy changes are made after 3/3/2005, They will appear on your Amended Declarations package and your next billing statement.

**Your Payment Options:**

**Option 1 -- Pay In Full**
- You can avoid paying installment fees if you pay the full premium amount.
- Pay $367.86 (To Pay In Full premium amount).
- You will not be sent a bill until your policy renews or you make a change in coverage resulting in additional premiums.

**Option 2 -- Pay Min. Amt. Due**
- Pay $61.31 (Minimum Amount Due).
- You will be charged a $ 3.50 installment fee each time you choose this payment option.
- Your remaining payment schedule will be as follows:

| | | | |
|---|---|---|---|
| 4/24/05 | $ 64.81 | 5/24/05 | $ 64.81 |
| 6/24/05 | $ 64.81 | 7/24/05 | $ 64.81 |
| 8/24/05 | $ 64.81 | | |

**Option 3 -- Pay Amt. In Between**
- Pay any amount between $61.31 and $367.86.
- You will be charged a $ 3.50 Installment fee each time you choose this payment option.
- A new payment schedule for your remaining payments will appear on your next bill.

