IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vlaho Miletak, | NO. C 06-03778 JW |
| Plaintiff, | **ORDER GRANTING ALLSTATE INSURANCE'S MOTION TO DISMISS WITH PREJUDICE; DENYING DEFENDANT ALLSTATE INDEMNITY'S MOTION TO DISMISS** |
| v. | |
| Allstate Insurance Company, et al., | |
| Defendants. | |

## I. INTRODUCTION

Vlaho Miletak ("Plaintiff") brings this putative diversity class action against Allstate Insurance Company ("Allstate Insurance") and Allstate Indemnity Company ("Allstate Indemnity") (collectively, "Defendants") for unjust enrichment, violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, ("UCL") and violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962(a), *et seq.* Plaintiff alleges that Defendants engaged in unlawful billing practices for its automobile insurance policies.

Presently before the Court are Allstate Insurance's Motion to Dismiss and Strike Portions of the Fourth Amended Complaint[1] and Allstate Indemnity's Motion to Dismiss and Strike Portions of the Fourth Amended Complaint.[2] The Court conducted a hearing on January 26, 2009. Based on

---

[1] (Notice of Motion and Motion to Dismiss and Strike Portions of Fourth Amended Complaint, hereafter, "Allstate Insurance Motion," Docket Item No. 177.)

[2] (Notice of Motion and Motion to Dismiss and Strike Portions of Fourth Amended Complaint, hereafter, "Allstate Indemnity Motion," Docket Item No. 180.)

1  the papers submitted to date and oral argument, the Court GRANTS Defendant Allstate Insurance's
2  Motion to Dismiss with prejudice and DENIES Defendant Allstate Indemnity's Motion to Dismiss.

## II. BACKGROUND

**A.  Factual Allegations**

In a Fourth Amended Complaint[3] filed on September 30, 2008, Plaintiff alleges as follows:

Plaintiff is a California citizen; Defendants are Illinois corporations. (FAC ¶¶ 1, 3-4.) At all relevant times, Defendants were the agents, servants, employees, co-conspirators or joint venturers of their co-Defendants, and were subsidiaries, divisions or affiliates of Allstate Corporation. (Id. ¶ 5.)

Since at least January 1, 2002, Plaintiff purchased motor vehicle insurance from Defendants and paid premiums according to Defendants' standardized Form -50 billing statements ("Statements").[4] (FAC ¶ 12.) Those Statements contained a purported "due date" for payment so as to deceptively and misleadingly make it appear to be the actual due date for payment. (Id. ¶ 41.) The "due date," however, was not the actual due date; the Statements requested payment thirty days before the actual due date. (Id.) Defendants misled Plaintiff into believing that if he did not pay the insurance premiums at least thirty days before the premium payment was actually due, the insurance policy would be cancelled. (Id.) Through the use of these standardized, deceptive and misleading Statements,

---

[3] (Fourth Amended Complaint, hereafter, "FAC," Docket Item No. 166.) Plaintiff continues to reallege the First through Sixth Causes of Action from the First Amended Complaint, which the Court previously dismissed with prejudice. (February 8, 2007 Order at 12, hereafter, "February 8 Order," Docket Item No. 42.) The Court summarizes only those allegations that concern Plaintiff's Seventh, Eighth and Ninth Causes of Action.

[4] Paragraph 1 of the FAC alleges that Plaintiff "purchased and maintained motor vehicle insurance from Defendant Allstate Insurance Company." Paragraph 4 alleges that Defendants Allstate Insurance and Allstate Indemnity are referred to collectively as "Allstate." Paragraph 5 alleges that Defendants "were the agents, servants, employees, co-conspirators or joint venturers of their co-Defendants." Paragraph 12 alleges that Plaintiff "purchased motor vehicle insurance from Allstate."

United States District Court
For the Northern District of California

1  Defendants wrongfully obtained the early and unjustified use of Plaintiff's money at least 30
2  days in advance of when the premium payment was actually due. (Id.)
3  Allstate Insurance, Allstate Indemnity, Allstate Corporation and various senior
4  officers of Defendants formed an enterprise to create and execute this "Advanced Premium
5  Billing" program, which misled and deceived Plaintiff into paying insurance renewal
6  premiums thirty days earlier than was actually required. (FAC ¶¶ 52-54.)
7  On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1)
8  Unjust Enrichment; (2) Unfair Competition; and (3) Violation of RICO, 1962(a), *et seq*.

9  **B.** **Procedural Background**

10 On June 15, 2006, Defendants removed this action from Santa Clara County Superior Court
11 on the basis of diversity jurisdiction. (See Docket Item No. 1.) Plaintiff[5] originally brought claims
12 against Allstate Insurance for, *inter alia*, breach of contract, breach of fiduciary duty, fraud and
13 negligent misrepresentation. (See Docket Item No. 1.) On February 8, 2007, the Court dismissed,
14 on various grounds, all causes of action. Except for Plaintiff's unjust enrichment and UCL claims,
15 each cause of action was dismissed with prejudice. (Id.) With respect to Plaintiff's fraud and
16 negligent misrepresentation claims, the Court dismissed those causes of action on the ground that
17 Plaintiff could not properly allege that Allstate Insurance's bills contained an actual
18 misrepresentation. (Id. at 7, 8.)

19 On March 19, 2007, Plaintiff filed a Second Amended Complaint alleging all the same
20 original causes of action. (See Docket Item No. 43.) In response, Defendant Allstate Insurance
21 brought a motion to dismiss. (See Docket Item No. 46.) The Court found that Plaintiff had properly
22 included his causes of action that were dismissed with prejudice in an effort to preserve his appeal
23 on those claims. (July 18 Order at 5-6.) However, the Court ordered Plaintiff to file a Third
24 Amended Complaint in which Plaintiff must identify which causes of action have been dismissed

---

26 [5] Plaintiff Vlaho Miletak originally brought this action with Filka Miletak as a co-plaintiff. However, Filka Miletak has since been dismissed with prejudice from the case. (July 18, 2007
27 Order at 10, hereafter, "July 18 Order," Docket Item No. 53.)

28

United States District Court
For the Northern District of California

1 and stated that the Court would "not consider for any purpose any allegation that appears under a
2 cause of action that it previously dismissed with prejudice." (Id. at 10.)

3 On August 15, 2007, Plaintiff filed a Third Amended Complaint complying with the Court's
4 July 18 Order. (See Docket Item No. 55.) On June 2, 2008, Plaintiff moved for class certification
5 based on his Third Amended Complaint. (See Docket Item No. 129.) However, on July 3, 2008,
6 Plaintiff sought leave to file a Fourth Amended Complaint. (See Docket Item No. 166.) The Court
7 granted leave on September 18, 2008. (See Docket Item No. 174.)

8 Presently before the Court are Defendant Allstate Insurance's Motion to Dismiss and
9 Defendant Allstate Indemnity's Motion to Dismiss.

### III. STANDARDS

**A.     Fed. R. Civ. P. 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

## IV.  DISCUSSION

**A.     Allstate Insurance's Motion**

Allstate Insurance moves to dismiss Plaintiff's RICO cause of action on the grounds that (1) Plaintiff fails to sufficiently allege mail fraud as a predicate act under 18 U.S.C. § 1341, (2) Plaintiff fails to sufficiently allege causation under §§ 1962(a) and (b), and (3) Plaintiff fails to sufficiently allege a RICO conspiracy under § 1962(d).

RICO makes four categories of activity unlawful, each of which is asserted against Defendants. 18 U.S.C. § 1962. First, under § 1962(a), it is unlawful for a person who has derived

5

income from racketeering activity to invest that income in an enterprise engaged in interstate commerce. Second, under § 1962(b), it is unlawful for a person to use a pattern of racketeering activity to control an enterprise engaged in interstate commerce. Third, under § 1962(c), it is unlawful for a person associated with an enterprise engaged in interstate commerce to conduct the affairs of that enterprise through a pattern of racketeering activity. Finally, under § 1962(d), it is unlawful for any person to conspire to violate sections (a), (b), or (c).

A civil RICO complaint must at least allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's business or property. See Sigmond v. Brown, 828 F.2d 8 (9th Cir. 1987); Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 911 (E.D. Cal. 2006).

### 1. Predicate Acts

Allstate Insurance contends that Plaintiff has not sufficiently alleged the commission of predicate acts because his mail fraud allegations pursuant to 18 U.S.C. § 1341–the only predicate acts alleged in the Fourth Amended Complaint–have already been deemed invalid. (Allstate Insurance Motion at 7.)

Under 18 U.S.C. § 1961(1), "racketeering activity" includes mail fraud under 18 U.S.C. § 1341. When alleging mail fraud as a predicate act under RICO, a plaintiff must allege that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004). Under § 1341, it is not necessary that a defendant make an actual misrepresentation. Lustiger v. United States, 386 F.2d 132, 138 (9th Cir. 1967). "It is only necessary to prove that it is a scheme reasonably calculated to deceive, and that the mail service of the United States was used and intended to be used in the execution of the scheme." Id. Exploiting the arrangement or circumstances under which words are used can suffice as mail fraud, even if no technically false

1  statement is made.  Id.; see also Linden v. United States, 254 F.2d 560, 568 (4th Cir. 1958);

2  Silverman v. United States, 213 F.2d 405, 407 (5th Cir. 1954).

3      With respect to his RICO claim, Plaintiff alleges as follows:

    Defendants, together with Allstate Corporation Bob Ihmels, Vicki Custer, Susan Thompson, Carolyn Filipovic and others, formed a RICO enterprise in late 2002 or early 2003 with the intent and for the purpose of deceiving Plaintiff into paying their motor vehicle and property and casualty insurance renewal premiums a month or more early so that Defendants could obtain the benefit of the use of the money.  (Complaint ¶ 52.)

    The enterprise was structured so that Defendants, operating under the umbrella of Allstate Corporation, along with participants Bob Ihmels, Vicki Custer, Susan Thompson, Carolyn Filipovic and others, directed and supervised their pattern of racketeering activities by directing and supervising the creation of, use and mailing through the United States Postal System of deceptive and misleading renewal bills with false due dates.  (Complaint ¶ 53.)

    Pursuant to Defendants' scheme to deceive and defraud their motor vehicle and property and casualty insureds, they developed and disseminated uniform standardized deceptive bills with deceptive due dates hundreds of thousands of times between 2002 and 2005.  (Complaint ¶ 54.)

    Defendants formed this scheme or artifice to defraud, mislead and deceive Plaintiff and the class and did so with the purpose and specific intent to deceived, mislead or defraud the class.  (Complaint ¶ 55.)

In moving to dismiss, Defendants emphasize Plaintiff's allegations in Paragraph 53, arguing that these allegations expressly predicate Plaintiff's mail fraud claim on a fraud or misrepresentation theory that the Court has already found to be insufficient.  (Allstate Insurance Motion at 9.)  Thus, Plaintiff's RICO claim should be dismissed irrespective of whether mail fraud under § 1341 requires a literal misrepresentation.  (Id.)  Defendants are correct that the Court has already found in its February 8 Order that the Statements do not contain literally false representations.  (February 8 Order at 7.)  However, Defendants read Plaintiff's Complaint too narrowly.  Reading the Complaint in the light most favorable to Plaintiff, the allegations that Defendants' renewal Statements were "deceptive" and "misleading" suggest Plaintiff's mail fraud theory is based on Defendants' intentionally designing their Statements with the purpose of deceiving Plaintiff into believing that his renewal premium was due on a date thirty days before it was actually due.

Accordingly, the Court finds that Plaintiff has properly pleaded mail fraud as the predicate acts for his RICO claim.

7

**2. Violations of §§ 1962(a) and (b)**

Allstate Insurance contends that Plaintiff's RICO claims under §§ 1962(a) and (b) should be dismissed because Plaintiff has not adequately alleged that (1) he suffered injury as a result of Defendants' use or investment of racketeering income and (2) Defendants' control or acquisition of a RICO enterprise. (Allstate Insurance Motion at 9, 11.)

Title 18 U.S.C. § 1962(a) prohibits a person who receives income derived from a pattern of racketeering activity from using or investing such income in an enterprise engaged in interstate commerce. A RICO claim brought under § 1962(a) requires a plaintiff to allege "an investment injury separate and distinct from the injury flowing from the predicate act." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1149 (9th Cir. 2008). Specifically, a plaintiff "must allege that the investment of racketeering income was the proximate cause of its injury. Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation." Id. General, conclusory and vague allegations are insufficient. Nugget Hydroelectric, L.P. v. Pacific Gas and Electric Co., 981 F.2d 429, 438 (9th Cir. 1992).

To state a § 1962(b) claim, a plaintiff must allege that the defendants' activity led to defendants' control over, or acquisition of, a RICO enterprise, and the plaintiff was injured as a result of the control or acquisition. See Sea-Land Service, Inc. v. Atlantic Pacific Int'l, 57 F. Supp. 2d 1048, 1055 (D.Haw. 1999) This means that a plaintiff must allege a specific nexus between the control of the enterprise and the racketeering activity. Id.

Here, with respect to § 1962(a), Plaintiff alleges that he was injured "by Defendants' use of the racketeering income, i.e., by the use of Plaintiff's and the class' money received early as a result of Defendants' mail fraud . . . ." (Complaint ¶ 57.) There are no allegations of injury other than due to reinvestment that allegedly helped further the initial racketeering activity. With respect to § 1962(b), Plaintiff alleges that "Defendants were able to generate huge income which allowed them to continue their scheme and thereby continue to deceive and defraud Plaintiff and the class.

8

Plaintiff and the class were injured in their business and property." (Complaint ¶ 58.) These allegations are simply another way of stating that Plaintiff's injury is attributable to the predicate acts of mail fraud, which does not give rise to an action under § 1962(b). Accordingly, the Court finds that Plaintiff has failed to adequately plead that Defendants' violations of §§ 1962(a) and (b) caused his injury.

Plaintiff contends that, should the Court dismiss his claims under §§ 1962(a) and (b), he can remedy any deficiency in his pleadings. Plaintiff states that he will amend by including allegations that Defendants reinvested Plaintiff's money into themselves, further allowing them execute their deceptive scheme. (Plaintiff's Memorandum in Opposition to Defendant Allstate Insurance Company's Motion to Dismiss at 14, Docket Item No. 187.) Based on these proposed factual allegations, the Court finds that as a matter of law, Plaintiff cannot cure the deficiencies as identified above. Allegations that Defendants injured Plaintiff by reinvesting in the fraudulent scheme are simply another way of stating that the injury was caused by the predicate acts and thus, would not satisfy the separate and distinct injury requirements under recent Ninth Circuit law. See Sybersound Records, Inc., 517 F.3d at 1149.

Accordingly, the Court GRANTS Defendant Allstate Insurance's Motion to Dismiss Plaintiff's claim for violations of RICO under §§ 1962(a) and (b) with prejudice.

**3.    Violation of § 1962(c)**

Title 18 U.S.C. § 1962(c) prohibits "any person" from conducting, or participating in, the affairs of an enterprise engaged in interstate commerce "through a pattern of racketeering activity." Section 1962(c) requires the "person" to be an entity distinct from the "enterprise" itself. In re National Western Life Ins. Deferred Annuities Litigation, 467 F. Supp. 2d 1071, 1084 (S.D. Cal. 2006). To allege a violation of section 1962(c), a plaintiff must show some degree of participation "in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170 (1993). Additionally, to have standing to assert a § 1962(c) RICO claim, a plaintiff must allege facts

to show that use of the funds derived from the alleged racketeering activity proximately caused the plaintiff's alleged injury. See Sybersound Records, Inc., 517 F.3d at 1149.

Here, as with the other RICO sections, Plaintiff alleges that he was injured "by Defendants' use of the racketeering income, i.e., by the use of Plaintiff's and the class' money received early as a result of Defendants' mail fraud . . . ." (Complaint ¶ 57.) Absent from the Complaint are allegations of facts showing that the use of the funds derived from the alleged racketeering activity proximately caused Plaintiff's injury.

Accordingly, the Court GRANTS Defendant Allstate Insurance's Motion to Dismiss Plaintiff's claim for violations of RICO under § 1962(c). As with Plaintiff's §§ 1962(a) and (b) claims, the Court finds that amendment would be futile and thus, the dismissal is with prejudice.

### 4. Conspiracy Under § 1962(d)

Defendants contend that Plaintiff's § 1962(d) claim should be dismissed on the ground that Plaintiff's Complaint fails to allege any facts constituting a conspiracy. (Allstate Insurance Motion at 13.)

Title 18 U.S.C. § 1962(d) provides that "it shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

Here, the Court has dismissed Plaintiff's §§ 1962(a), (b), and (c) with prejudice. It is well established that there can be no RICO conspiracy without having committed a RICO violation. Religious Technology Center v. Wollersheim, 971 F.2d 364, 367 n.8 (9th Cir. 1992); Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 912 (E.D. Cal. 2006).

Accordingly, the Court GRANTS Defendant Allstate Insurance's Motion to Dismiss Plaintiff's claim for violations of RICO under § 1962(d). Since the Court has found that the underlying RICO claims are incurable, the Court also dismisses this claim with prejudice.

In sum, the Court finds that Plaintiff has failed to sufficiently allege standing to assert his RICO claim and that as a matter of law, Plaintiff cannot cure this deficiency. Accordingly,

1  Plaintiff's Ninth Cause of Action for violations of RICO is DISMISSED with prejudice. The
2  dismissal of this claim also applies to Defendant Allstate Indemnity.

### B. Allstate Indemnity's Motion

Defendant Allstate Indemnity moves to dismiss each of Plaintiff's causes of action as to Allstate Indemnity on the grounds that (1) Plaintiff lacks standing because he never purchased auto insurance from Allstate Indemnity and (2) Plaintiff has not adequately alleged joint liability of Allstate Indemnity with Allstate Insurance. (Allstate Indemnity Motion at 4, 7.)

To allege a civil conspiracy, a plaintiff must allege the formation and operation of an agreement to commit certain acts and damage resulting to plaintiff from an act or acts done in furtherance of the common design. Doctors' Co. v. Superior Court, 49 Cal. 3d 39, 44 (1989). "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity." Id. Similarly, joint venturers are jointly liable for each others' torts. Dixon v. City of Livermore, 127 Cal. App. 4th 32, 42 (2005). California's UCL is not subject to agency liability. Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). However, persons who aid and abet a primary violator of the UCL are jointly liable. Id.

With respect to Allstate Indemnity's joint liability, Plaintiff alleges as follows:

> At all times relevant herein, all Defendants, and each of them, were the agents, servants, employees, co-conspirators or joint venturers of their co-defendants, and were subsidiaries, divisions or affiliates of the Allstate Corporation and that in doing the acts herein alleged were acting within the course and scope of said agency, employment, conspiracy, joint venture, subsidiary or affiliated relationship with the advance knowledge, acquiescence or subsequent ratification of each and every remaining defendant and the Allstate Corporation. Each and every defendant was acting as a principal of each and every other defendant as an agent, servant, employee, co-conspirator or joint venturer. (FAC ¶ 5.)

Based on Plaintiff's allegations, his standing to sue Allstate Indemnity, therefore, is premised on his theory of joint liability. Plaintiff does not allege a direct injury resulting from Allstate Indemnity's conduct. Rather, Plaintiff alleges that Allstate Indemnity and Allstate Insurance acted as joint

11

venturers, agents of each other and as co-conspirators. Thus, the Court finds that Plaintiff has sufficiently alleged joint liability against Allstate Indemnity to survive the pleading stage.[6]

Accordingly, the Court DENIES Defendant Allstate Indemnity's Motion to Dismiss.

## V. CONCLUSION

The Court GRANTS Defendant Allstate Insurance's Motion to Dismiss as to Plaintiff's Ninth Cause of Action for violations of RICO. The Court DENIES Allstate Indemnity's Motion to Dismiss.

The parties shall appear for a Case Management Conference on **June 15, 2009 at 10 a.m.** On or before **June 5, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, the parties' proposed schedule to advance the case.

Dated: May 15, 2009

JAMES WARE
United States District Judge

---

[6] Although Allstate Indemnity cites cases suggesting there is a heightened pleading standard for conspiracy liability after the Supreme Court's Twombly decision, those cases conspicuously address only antitrust conspiracies. See Twombly, 127 S. Ct. at 1970; see also Kendall v. Visa, U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008). Allstate Indemnity also contends that Plaintiff's claims fail on the "merits" as to Allstate Indemnity. (Allstate Indemnity Motion at 9.) Challenges to the merits of Plaintiff's claims are best left for adjudication at the summary judgment stage once both parties have had an opportunity to do some discovery.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bonnie  Lau blau@sonnenschein.com
Gayle M. Athanacio gathanacio@sonnenschein.com
Hillary Noll Kalay hkalay@sonnenschein.com
Mark Paul Millen MPMillen@aol.com
Samuel  Kornhauser skornhauser@earthlink.net
Sanford  Kingsley skingsley@sonnenschein.com

**Dated: May 15, 2009**              **Richard W. Wieking, Clerk**

                                  **By:   /s/ JW Chambers**
                                       **Elizabeth Garcia**
                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California