IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vlaho Miletak, et al., | NO. C 06-03778 JW |
| Plaintiffs, | **ORDER APPROVING DEFENDANTS' PROPOSED CLASS NOTIFICATION PLAN; RESERVING DECISION ON PROPOSED CLASS NOTICE; SETTING DEADLINE FOR SUBMISSION OF JOINT PROPOSED CLASS NOTICE** |
| v. | |
| Allstate Insurance Company, et al., | |
| Defendants. | |

Presently before the Court are Proposed Forms of Class Notice and Proposed Plans for Notification filed separately by the parties.[1] On March 5, 2010, the Court issued an order certifying the class and directing the parties to file a proposed form of class notice and a joint proposal for dissemination of notice.[2] The parties seek the Court's approval on the form of the proposed class notice and ask the Court to determine how the notice should be sent.

**A.    Plan for Class Notification**

At issue is whether Plaintiffs can shift the cost of sending notice to Defendants by requiring that Defendants include the class notification in a client's insurance policy renewal bill.

---

[1] (Defendants' Proposals in Response to Court's March 5, 2010 Order Granting Plaintiffs' Class Certification Motion, hereafter, "Defendants' Proposal," Docket Item No. 249; Plaintiffs' Proposed Class Notice and Plan for Notification, hereafter, "Plaintiffs' Proposal," Docket Item No. 250.)

[2] (Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiffs' Motion for Class Certification, hereafter, "March 5, 2010 Order," Docket Item No. 246.)

Plaintiffs contend the class notices should be sent in a three-tiered system. First, Plaintiffs' counsel, or an e-mail service, would e-mail the class action notice to those members of the class for whom current e-mail addresses are available. (Plaintiffs' Proposal at 1-2.) Second, Plaintiffs would print notices that Defendants would mail to each individual class member along with the normal insurance policy renewal bill.[3] (Id. at 2.) Third, to the extent a class member is no longer a current customer of Defendants, class counsel would mail notice to those class members. (Id.)

Defendants contend that the "best notice practicable," as required by Federal Rule of Civil Procedure 23(c)(2), is a direct mailing by Plaintiffs to all class members with Plaintiffs bearing the cost. (Defendants' Proposal at 7.) Defendants contend that the proposal for a "rolling notice" would be cumbersome, imprecise, and present unnecessary and unduly burdensome administration issues. (Id. at 5.)

A class action plaintiff is normally expected to bear the cost of notice to the class. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178-79 (1974). The Supreme Court has recognized, however, that "in some instances, . . . the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356 n.22 (1978).[4] However, in Oppenheimer, the Supreme Court "caution[ed] that courts must not stray too far from the principle underlying Eisen that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." 437 U.S. at 359.

---

[3] The class notices would be included in the envelope containing each class member's current renewal bill on a "rolling" basis beginning May 15, 2010 and continuing through November 14, 2010.

[4] For the proposition that courts have required defendants to enclose notices with their own mailings, the Supreme Court in Oppenheimer noted Gates v. Dalton, 67 F.R.D. 621 (E.D.N.Y. 1975), and Ste. Marie v. Eastern R.R. Ass'n, 72 F.R.D. 443 (S.D.N.Y. 1976). In Gates, the court found that the defendants "appear[ed] to already be in *regular communication*" with the class members. 67 F.R.D. at 633 (emphasis added). Similarly, in Ste. Marie, the courtfound that the defendants could send notices with the pay envelopes of its employees. 72 F.R.D. at 450 n.2. Both cases are distinguishable from the situation here, where renewal notices are only sent out every six months.

2

1 The Court finds that Defendants cannot perform the task of notifying the class with less 2 difficulty or expense than Plaintiffs. Plaintiffs' proposal would require Defendants to monitor 3 individual mailing procedures for a unique subset of its California clients across a variable time 4 frame. In addition, the rolling notice plan would require an added administrative burden of 5 monitoring individualized opt-out dates for a significant number of the class members. Further, the 6 Court finds that Defendants' renewal bills, sent on a rolling bases over a period of six months, are 7 not the type of regular communication which would warrant a finding that Defendants are more apt 8 to identify and provide notice to the class. Thus, the Court finds that the best notice practicable is a 9 direct mailing by Plaintiffs to all class members, with Plaintiffs bearing the cost.

**B.     Proposed Notice**

The parties represent that they have not been able to agree on the form of class notice. (Plaintiffs' Proposal at 1; Defendants' Proposal at 2.) Defendants contend that edits to Plaintiffs' proposed notice were necessary to conform with the March 5, 2010 Order and the Federal Judicial Center's exemplar class certification notice. (Defendants' Proposal at 2.)

The Court finds that Defendants' edits regarding the class definition are consistent with the March 5, 2010 Order. In addition, the Court finds that Defendants' edits are consistent with the exemplar class certification notice cited by Defendants. However, in order to provide Plaintiffs an opportunity to review Defendants' edits, and to provide the parties with additional time to come to agreement on the proposed class notice, the Court reserves its decision as to the proposed class notice at this time.

Accordingly, the Court APPROVES Defendants' Proposed Class Notification Plan and reserves decision on the Proposed Class Notice. Plaintiffs shall review Defendants' Proposed Notice and the parties shall submit a Joint Proposed Class Notice on or before **April 19, 2010**.

Dated:  April 7, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bonnie Lau blau@sonnenschein.com
Gayle M. Athanacio gathanacio@sonnenschein.com
Hillary Noll Kalay hkalay@sonnenschein.com
Mark Paul Millen MPMillen@aol.com
Samuel Kornhauser skornhauser@earthlink.net
Sanford Kingsley skingsley@sonnenschein.com


**Dated:  April 7, 2010**                                          **Richard W. Wieking, Clerk**

                                                                   **By:      /s/ JW Chambers            **
                                                                         **Elizabeth Garcia**
                                                                         **Courtroom Deputy**