*E-FILED 04-29-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY,<br><br>Defendants.<br>_____/ | No. C06-03778 HRL<br><br>**CONDITIONAL ORDER GRANTING DEFENDANTS' MOTION TO COMPEL A FED. R. CIV. P. 26 COMPLIANT EXPERT DISCLOSURE**<br><br>**ALTERNATIVE REPORT AND RECOMMENDATION RE EVIDENTIARY SANCTIONS**<br><br>[Re: Docket No. 263] |

In this class action, plaintiff alleges that defendants used misleading bills to obtain payment of insurance premiums before the renewal date of their insureds' policies. Plaintiff has retained Gerald Udinsky, Ph.D to testify about restitution allegedly owed to class members and Geoffrey Nunberg, Ph.D, a purported linguistics expert, to testify about the allegedly misleading nature of defendants' bills.

Defendants now move this court for an order compelling plaintiff to serve expert disclosures that comply with Fed. R. Civ. P. 26. Alternatively, they request an order precluding plaintiff from presenting any expert testimony. Plaintiff opposes the motion. The matter is deemed suitable for determination without oral argument, and the May 3, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court

conditionally grants defendants' motion to compel and issues an alternative report and recommendation as to defendants' request for evidentiary sanctions.

The gist of defendants' motion is that plaintiff failed to serve written reports as part of his expert disclosures[1] and instead served a pleading containing 3 sentences:

> Plaintiff reincorporates his January 28, 2008 Rule 26 Expert Disclosure of Gerald Udinsky and Geoffrey Nunberg as Plaintiffs' experts. Plaintiff also incorporates the expert depositions of Mr. Nunberg and Mr. Udinsky taken by Defendants on November 18, 2009 and November 20, 2009 respectively. Plaintiffs' experts will supplement their opinions and reports when Allstate Defendants supplement and provide or are compelled to provide to Plaintiff, in readable form, class identity and premium payment information.

(Athanacio Decl., Ex. A). Rule 26 of the Federal Rules of Civil Procedure indisputably require expert disclosures to be accompanied by a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). Plaintiff does not deny that he did not provide written expert reports, but contends that he essentially provided the information required by Fed. R. Civ. P. 26(a)(2)(B) through a prior January 2008 disclosure, as well as 2009 declarations and deposition testimony of Udinsky and Nunberg. Defendants say that they never received the January 2008 disclosure until after the March 21, 2011 expert disclosure deadline. (Kingsley Reply Decl. ¶ 4). In any event, this court does not find the prior disclosures and deposition testimony, provided years ago, to be reasonable compliance with the requirements of Fed. R. Civ. P. 26(a)(2)(B).

There is palpable prejudice to defendants. The deadline for serving rebuttal expert reports has passed. And, all discovery will close in a few weeks.

Plaintiff's failure to provide sufficient expert disclosures is not substantially justified. Here, plaintiff says that Udinsky could not provide a written report because defendants have not yet produced their billing data in readable or usable form. Defendants disagree with the assertion that their billing data is somehow deficient, but point out that plaintiff nevertheless did not request an extension of the expert disclosure deadline or move to compel the

---

[1] Defendants also initially argued that plaintiff's expert reports were untimely because they were faxed on March 22, 2011, one day after the court-ordered deadline. However, the record indicates that plaintiff served his disclosures on March 21 by mail and then provided defense counsel with a courtesy fax copy on March 22. (See Opp. at 6).

2

information he now claims Udinsky needs. Moreover, any supposed issue with defendants' billing data would not explain why plaintiff failed to provide a written report from his linguistics expert Nunberg.

Based on the foregoing, this court finds that plaintiff is required to serve expert disclosures, including written reports prepared and signed by the witnesses, that comply with Fed. R. Civ. P. 26(a)(2)(B), and plaintiff is ordered to do so. The order is conditioned, however, on the presiding judge's determination that the present case schedule should be modified to allow additional time for defendants to serve any rebuttal expert reports and to conduct expert discovery.

Alternatively, if the presiding judge decides that modification of the scheduling order is not warranted, then this court recommends that he consider precluding plaintiff from offering expert testimony from Udinsky and Nunberg. FED. R. CIV. P. 37(c)(1).

SO ORDERED.

Dated: April 29, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:06-cv-03778-JW Notice has been electronically mailed to:

Bonnie Lau    bonnie.lau@snrdenton.com, diane.donner@snrdenton.com

Gayle M. Athanacio    gayle.athanacio@snrdenton.com, deanna.arthur@snrdenton.com, katherinecarr.james@snrdenton.com, sharon.rossi@snrdenton.com

Hillary Noll Kalay    hkalay@sonnenschein.com

Mark Paul Millen    MPMillen@aol.com

Samuel Kornhauser    skornhauser@earthlink.net

Sanford Kingsley    sanford.kingsley@snrdenton.com, cynthia.lakes@snrdenton.com, deanna.arthur@snrdenton.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.