*E-FILED 07-11-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,<br><br>    Plaintiff,<br> v.<br><br>ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY,<br><br>    Defendants.<br>               / | No. C06-03778 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MONETARY SANCTIONS**<br><br>[Re: Docket No. 289] |

  Defendants previously moved to compel plaintiff to serve proper expert and rebuttal expert disclosures. This court agreed that plaintiff was required to serve expert and rebuttal expert disclosures that complied with Fed. R. Civ. P. 26. But, because certain deadlines had already lapsed, this court conditioned its order on Judge Ware's determination that the then-existing case schedule should be modified. (See Docket Nos. 280 and 282). Upon review of this court's orders/reports and recommendations (R&Rs), Judge Ware extended certain case deadlines, including deadlines for service of plaintiff's expert and rebuttal expert disclosures. (Docket No. 286).

  Pursuant to Fed. R. Civ. P. 37, defendants now move for an order directing plaintiff to reimburse them for $64,097.00 in fees that defendants say they incurred in connection with the two prior motions to compel, as well as in opposing plaintiff's objection to this court's

orders/R&Rs. Plaintiff opposes the motion. The matter is deemed suitable for determination without oral argument, and the July 12, 2011 motion hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

If a motion to compel discovery or disclosure is granted, the court must, after giving an opportunity to be heard, require the party or attorney (or both) whose conduct necessitated the motion to pay the moving party's reasonable expenses, including attorney's fees, incurred in making the motion, unless (1) the moving party filed the motion without first making a good faith attempt to resolve the matter without court intervention or (2) the opposing party's nondisclosure or objection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A).

Here, this court finds that some award of fees is warranted. Additionally, this court is well familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates are within the range for cases of this magnitude and complexity. Nevertheless, this court is unpersuaded that defendants are entitled to the full amount of fees claimed. First, this court declines to award defendants fees incurred in meet-and-confer negotiations. That is an effort parties are expected—indeed, required—to undertake, whether or not the negotiations ultimately lead to a motion seeking relief. Second, the underlying motions concerned simple and straightforward issues; and, the relief sought by defendants' two prior motions to compel were substantially similar. Third, defendants' claimed fees are not supported by documentation that would allow the court to determine the reasonableness of the hours worked. However, any doubts this court may have as to the sufficiency of defense counsel's showing as to the reasonableness of the hourly rates claimed, or as to the efficiency of the time spent on the identified tasks, are eliminated by the award of a small fraction of the claimed fees.

Based on the foregoing, defendants' motion is granted in part as follows: Within 21 days from the date of this order, plaintiff's counsel shall pay $5,500.00 to defendants for

2

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

attorneys' fees incurred in connection with the dispute over plaintiff's expert disclosures.

SO ORDERED.

Dated:  July 11, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:06-cv-03778-JW Notice has been electronically mailed to:

Bonnie Lau     bonnie.lau@snrdenton.com, diane.donner@snrdenton.com

Gayle M. Athanacio     gayle.athanacio@snrdenton.com, deanna.arthur@snrdenton.com, katherinecarr.james@snrdenton.com, sharon.rossi@snrdenton.com

Hillary Noll Kalay     hkalay@sonnenschein.com

Mark Paul Millen     MPMillen@aol.com

Samuel Kornhauser     skornhauser@earthlink.net

Sanford Kingsley     sanford.kingsley@snrdenton.com, cynthia.lakes@snrdenton.com, deanna.arthur@snrdenton.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.