1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                    SAN FRANCISCO DIVISION
11    Vlaho Miletak,                          NO. C 06-03778 JW

12             Plaintiff,                      **ORDER RE. PLAINTIFF'S REQUEST**
       v.                                      **FOR CLARIFICATION**
13
      Allstate Ins. Co., et al.,
14
               Defendants.
15    _____/

16
         Presently before the Court is Plaintiff's Request for Clarification.[1]  In his Request for
17
      Clarification, Plaintiff contends that "Plaintiff's Counsel's understanding" of the Court's August 1,
18
      2011 Order[2] is that "no opposition to Defendants' motions to exclude experts[3] is due," because the
19
      Court's August 1 Order "states that the matters have been taken under submission and the hearing
20
      date has been vacated."  (Id. at 1.)  Plaintiff further contends that he "therefore did not seek an order
21

_____

22        [1] (Plaintiff's Opposition to Defendants' Motions to Exclude Plaintiff's "Experts" Allan
      Schwartz, Geoffrey Nunberg and Jerald Udinsky and Plaintiff's Request for Clarification, Docket
23    Item No. 314.)

24        [2] (Order Vacating Hearing; Taking Motions Under Submission, hereafter, "August 1 Order,"
      Docket Item No. 310.)
25
          [3] (Allstate Insurance Company's and Allstate Indemnity Company's Notice of Motion and
26    Motion to Exclude Testimony of Allan Schwartz, Docket Item No. 300; Allstate Insurance
      Company's and Allstate Indemnity Company's Notice of Motion and Motion to Exclude Testimony
27    of Geoffrey Nunberg, Docket Item No. 301; Allstate Insurance Company's and Allstate Indemnity
      Company's Notice of Motion and Motion to Exclude Testimony of Jerald Udinsky, Docket Item No.
28    302.)

**United States District Court**
For the Northern District of California

for administrative relief to continue the briefing schedule due to Plaintiff's Counsel [sic] long planned vacation."[4]  (Id.)  Finally, Plaintiff states that if Plaintiff's Counsel's "understanding" of the Court's August 1 Order is incorrect, Plaintiff "requests leave to file an opposition to Defendants' motions to exclude . . . until after Counsel returns from his long planned and noticed vacation."  (Id.)

Contrary to Plaintiff's understanding, the Court's August 1 Order did not state that "no opposition to Defendants' motions to exclude experts is due."  Rather, in its August 1 Order, the Court vacated the August 29, 2011 hearing on Defendants' Motions and took the Motions under submission without oral argument "[i]n light of the Court's June 17 Order."[5]  (August 1 Order at 1.) In its June 17 Order, the Court stated that: (1) "[o]n or before August 8, 2011, the parties shall file their Oppositions to [the Motions to exclude experts]," (2) "[o]n or before August 15, 2011, the parties shall file their Replies, if any"; and (3) "[u]pon completion of the briefing, unless otherwise ordered by the Court, the Motions will be taken under submission for consideration without oral argument."  (June 17 Order at 2.)  Thus, the Court's August 1 Order merely reaffirmed what it ordered in its June 17 Order.  In particular, the Court's August 1 Order did not alter the briefing schedule set forth in the Court's June 17 Order, which provided for Oppositions to be filed on or before August 8, 2011.[6]

Although there is no reasonable basis for Plaintiff to assume that he was not required to file Oppositions to Defendants' Motions to Exclude, the Court grants a brief extension for Plaintiff now to do so.  Accordingly, the Court ORDERS as follows:

----

[4]  On May 27, 2011, Plaintiff filed a Notice of Unavailability of Counsel stating that Plaintiff's Counsel would be "unavailable between August 3, 2011 and August 16, 2011, for all purposes."  (See Docket Item No. 288 at 1.)

[5]  On June 17, 2011, the Court issued an order setting a briefing schedule for the Motions to Exclude Experts in this case.  (See Order Granting Defendants' Motion for Administrative Relief, hereafter, "June 17 Order," Docket Item No. 293.)

[6]  If Plaintiff believed that the Court's August 1 Order precluded him from filing any Oppositions to Defendant's Motions, it is unclear why he did not immediately file a Request for Clarification, rather than waiting until August 8, 2011–the date on which his Oppositions were due, per the Court's June 17 Order–to file his Request for Clarification.

United States District Court
For the Northern District of California

(1)     On or before **August 18, 2011**, Plaintiff shall file his Oppositions to Defendants'
        Motions to Exclude;

(2)     On or before **August 25, 2011**, Defendants shall file their Replies, if any.

As stated in the Court's previous Orders, upon completion of the briefing, unless otherwise ordered by the Court, the Motions will be taken under submission for consideration without oral argument.  The Court will not entertain further Motions on this matter.

Dated:  August 10, 2011

_____
JAMES WARE
United States District Chief Judge

**United States District Court**
For the Northern District of California

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bonnie Lau bonnie.lau@snrdenton.com
Gayle M. Athanacio gayle.athanacio@snrdenton.com
Hillary Noll Kalay hkalay@sonnenschein.com
Mark Paul Millen MPMillen@aol.com
Samuel Kornhauser skornhauser@earthlink.net
Sanford Kingsley sanford.kingsley@snrdenton.com

**Dated:  August 10, 2011**                                    **Richard W. Wieking, Clerk**


                                                               **By:____/s/ JW Chambers_____**
                                                                   **Susan Imbriani**
                                                                   **Courtroom Deputy**

United States District Court
For the Northern District of California