IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Vlaho Miletak, | NO. C 06-03778 JW |
|       Plaintiff, | **PRELIMINARY PRETRIAL CONFERENCE SCHEDULING ORDER - (BENCH TRIAL); ORDER REFERRING PARTIES TO MAGISTRATE JUDGE SPERO FOR SETTLEMENT CONFERENCE** |
|   v. | |
| Allstate Ins. Co., et al., | |
|       Defendants. | |

This case is scheduled for a Preliminary Pretrial Conference on October 31, 2011. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Pretrial Statement. (hereafter, "Statement," Docket Item No. 350.) In their Joint Statement, the parties raised several questions as to the trial, such as whether either party is entitled to a jury trial and whether setting a trial schedule is premature at this time. Based on their joint submission, and the Court's review of the procedural posture of the case, the Court finds that it can resolve the issues raised by the parties and set a trial schedule for the case without the necessity of an appearance at this time. Accordingly, the Preliminary Pretrial Conference is VACATED and the parties are ordered to comply with the following:

(1) In the Joint Statement, Defendants contend that the Court should "refer this case to a settlement conference" before Magistrate Judge Spero. (Statement at 1.) Plaintiff responds that "while [Plaintiff's counsel] would ordinarily pursue further settlement negotiations, he believes that Defendants are merely posturing, particularly given that Plaintiff previously agreed to Defendants' request to mediate and even agreed to the mediator demanded by Defendants." (Id. at 1-2). Upon review, the Court finds good cause to refer the parties to a settlement conference with Judge Spero.

In particular, the Court does not find that Plaintiff's previous agreement to a request for mediation implies that any further request by Defendants for settlement is "mere[] posturing." Accordingly, the Court REFERS the parties to Judge Spero for a settlement conference. On or before **November 4, 2011**, the parties shall contact Judge Spero's chambers to set up a settlement conference in accordance with Judge Spero's schedule.

(2) In the Joint Statement, Plaintiff contends that it "demand[s] trial by jury," while Defendants contend that "any trial must be tried to the Court." (Statement at 3.) As discussed in the Court's October 19 Order, Plaintiff's only remaining causes of action are for: (1) violations of California Business and Professions Code §§ 17200, *et seq.*, and (2) unjust enrichment. (See Order on Motions Re. Various Experts' Reports; Order Denying Plaintiff's Motion for Summary Judgment or Partial Summary Judgment at 1-2, Docket Item No. 349.) It is well settled that there is no right to a jury trial for a cause of action under section 17200. See, e.g., Hodge v. Superior Court, 145 Cal. App. 4th 278, 284-85 (Cal. Ct. App. 2006). Further, there is no right to a jury trial where the relief sought "depends upon the application of equitable doctrines," such as unjust enrichment. See, e.g., Unilogic, Inc. v. Burroughs Corp., 10 Cal. App. 4th 612, 622 (Cal. Ct. App. 1992) (citation omitted). Thus, this case will be tried to the Court, rather than to a jury.

(3) Finally, in the Joint Statement, Defendants do not provide a proposed trial schedule, as they contend that "it is premature to set a trial date as the class has not yet received notice and had an opportunity to opt-out." (Statement at 3.) However, elsewhere in the Joint Pretrial Statement Defendants contend that they have not yet filed a motion for decertification because they "believe the Court can best make an informed decision on the appropriateness of certification at or during trial," and that they "will, if appropriate, move for decertification at that time." (Id. at 2.) Thus, Defendants simultaneously contend that: (1) it is premature to set a trial date, because the class has not yet received notice or had an opportunity to opt out; and (2) they have not yet filed a motion for decertification of the class because they believe that such a motion should only be made "at or during trial." Defendants' contentions are paradoxical and do not assist the Court in advancing the case. Thus, upon review of the procedural posture of the case, and in consideration of the age of the

case and the Court's own calendar, the Court finds that it is appropriate to set a trial schedule at this time. Accordingly, the Court sets the schedule as follows:

## TRIAL SCHEDULE

| | |
|---|---|
| **Final Pretrial Conference (¶4 )** *( ≈14 days before the Trial)* | **February 6, 2012 at 11 a.m.** |
| **Joint Final Pretrial Conference Statement and** *In Limine* **Motions Due** *( ≈30 days before Final Pretrial Conference)* **Once the in limine binders are lodged with the Court (¶3(b)), the Court will determine whether a hearing is necessary for the motions in advance of the Final Pretrial Conference and set the hearing accordingly.** | **January 6, 2012** |
| **Bench Trial Date and Sessions[1]** **Sessions 1-4** **Argue & Submit** | **February 21-24, 2012 at 1 p.m. - 4 p.m.** **February 28, 2012 at 1 p.m.** |

## Meet and Confer Requirement

1. No later than 30 days prior to the Final Pretrial Conference, the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief. Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

---

[1] **At the Final Pretrial Conference, the Court reserves the right to fold the afternoon sessions into morning sessions (9:00 a.m. - 12:00 p.m.) thus creating full days for trial. The final trial schedule will be confirmed at the Final Pretrial Conference.**

3

**Objections and Lodging Disputed Material with the Court**

2. If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference described in paragraph 1, and attempt to resolve the dispute. If the parties are unsuccessful in resolving the dispute, any party wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into evidence shall lodge with Chambers a copy of the disputed material at the commencement of trial. Attached to the submission shall be a brief statement of the objection and any response by the proffering party. The Court will indicate on the submitted copy whether the objection is overruled or sustained and return the material to counsel.

**Lodging Joint Pretrial Conference Statement and *in Limine* Motions**

3. Pursuant to the date set forth in the Case Schedule, the parties shall file and lodge with Chambers the following:

    a. Joint Pretrial Conference Statement: The parties shall file a joint pretrial statement which shall contain the following information: (1) a brief description of the substance of claims and defenses which remain to be decided; (2) a detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) a statement assessing whether all or part of the action may be presented upon an agreed statement of facts; (6) a statement of stipulations requested or proposed for pretrial or trial purposes; (7) without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions; (8) a list of all witnesses likely to be called at trial; (9) a list of evidence the parties intend to present at trial through use of

excerpts from depositions, from interrogatory answers, or from responses to requests for admission; and (10) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination. **Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement.**

b. *In Limine* Motions: Any *in limine* motions shall be filed in writing and submitted along with the Joint Final Pretrial Conference Statement. Any opposition shall be filed in writing and served no later than ten (10) days after the opening briefs have been filed and served. **Fifteen (15)** days before the date of the Final Pretrial Conference, the parties shall organize their *in limine* motions as follows:

(1) Each side shall be responsible for producing a combined folder with all of their *in limine* motions, oppositions to their motions (if any), and replies (if any), respectively. The motion papers shall be clearly marked and separated in one single binder. The binder shall contain a table of contents, listing each motion with a short sentence regarding the grounds for in limine and a short sentence regarding the opposition; all statements must be supported by proper citations to the motions. **The table of contents shall also be saved a CD in MS Word or WordPerfect format to be attached inside the binder.**

(2) Please note that this binder is not a substitute for filing the motions and related papers via ECF; it is designed for the Court to evaluate the motions. Two copies of the binder shall be delivered to the Court (by way of the Clerk's Office) no later than **fifteen (15) days before the date of the Final Pretrial Conference by 4 PM.** The parties must also bring the binder to the Final Pretrial Conference for their own references.

(3) These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

**Final Pretrial Conference**

4. The Court will conduct a Final Pretrial Conference on the date set forth in the Case Schedule. The trial attorneys must attend the conference. At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

5

### Lodging Witness Lists,  Exhibit Lists

5. At the Final Pretrial Conference, the parties shall lodge with Chambers the joint list of witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

6. Upon request, in noncomplex cases the court will excuse the parties from using electronic formatted documents. In that event on the first day of trial, the parties shall submit exhibits as follows:

   a. A copy for the trial judge;

   b. A copy for the witness stand.

   c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

### Proposed Findings (Nonjury Trials)

7. In nonjury trials, on the first day of trial, each party shall submit its proposed findings of fact and conclusions of law.

### Bench Trial Schedule

8. The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim. When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

**Trial Procedure**

9. In opening statements, counsel shall not express personal knowledge or opinion concerning any matter in issue.

10. Counsel must question witnesses from the podium, using the microphone. Without requesting permission, counsel may approach witnesses for any proper purposes.

11. Address all remarks to the Court, not to opposing counsel.

12. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

13. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14. <u>Counsel must stand when making an objection.</u>

15. Conferences at the bench or sidebar are not favored by the Court. Any sidebar conferences which are allowed will be off the record. If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

16. Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

17. Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying. When a witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled. Any witness who has been excused from further testimony may remain as a spectator. It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

18. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

19. Witness examination shall consist of direct examination, cross-examination and re-direct examination. No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination. When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses. If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined. Counsel who will conduct the cross-examination should object while the witness is on direct.

20. After the commencement of trial testimony, upon request of co-parties, any objection, motion or other application for relief made by any co-party, orally or in writing, shall be deemed to be adopted and joined in by every other co-party, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each party unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

21. Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

22. Counsel calling a non-client witness to testify should have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may engage in discussions with witnesses during trial.

23. Any time taken away from presentation of evidence to the trier of fact due to, for example, lengthy legal motions made during the time allocated to the presentation of evidence, or

delays in the commencement of proceedings due to circumstances within the control of counsel, will be deducted from the time allocated for the presentation of evidence. Upon timely application based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

24. It is the practice of the Court periodically to inform counsel of the Court's record of how much time each side has remaining for the presentation of evidence based upon the stipulated trial schedule.

### Daily Trial Transcript

25. Any counsel desiring daily or expedited transcripts during trial should make immediate arrangements with the court reporter and should inform the Court and other counsel of such intentions.

Dated: October 25, 2011

JAMES WARE
United States District Chief Judge

9

**United States District Court**
**For the Northern District of California**

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bonnie Lau bonnie.lau@snrdenton.com
Gayle M. Athanacio gathanacio@rjo.com
Hillary Noll Kalay hkalay@sonnenschein.com
Mark Paul Millen MPMillen@aol.com
Samuel Kornhauser skornhauser@earthlink.net
Sanford Kingsley sanford.kingsley@snrdenton.com

**Dated: October 25, 2011**                               **Richard W. Wieking, Clerk**

                                                        **By:** **/s/ JW Chambers**
                                                                 **Susan Imbriani**
                                                                  **Courtroom Deputy**