*IT IS SO ORDERED*
*Judge James Ware*

SAMUEL KORNHAUSER, Bar No. 083528
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone:   (415) 981-6281
Facsimile:    (415) 981-7616

Mark P. Millen, Bar No. 196718
MARK P. MILLEN, ATTORNEY AT LAW
2 North Santa Cruz Avenue, Suite 205
Los Gatos, California 95030
Telephone:   (408) 399-9707
Facsimile:    (408) 399-9757
Attorneys for Plaintiff

GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@rjo.com
SHARON ROSSI (State Bar No. 232725)
srossi@rjo.com
ROGERS JOSEPH O'DONNELL
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

SANFORD KINGSLEY (State Bar No. 99849)
sanford.kingsley@snrdenton.com
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: 415.882.5000
Facsimile: 415.882.0300
Attorneys for Defendants
ALLSTATE INSURANCE COMPANY
AND ALLSTATE INDEMNITY
COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAHO MILETAK, an individual on his own behalf and on behalf of all other automobile insureds of Allstate Insurance Company,<br><br>     Plaintiff,<br><br>     v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation, ALLSTATE INDEMNITY COMPANY, an Illinois corporation<br>     Defendants. | **Case No. C 06-03778 JW (JCS)**<br>[~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Assigned to the Honorable James Ware |

On July 9, 2012, the matter of the Court's final approval of the proposed class action settlement, as set forth in the Stipulation and Settlement Agreement ("Settlement Agreement") submitted on February 3, 2012, came before the Court for consideration. Appearing on behalf of the Plaintiff Vlaho Miletak ("Plaintiff") and the Class were attorneys Samuel Kornhauser, Law Offices of Samuel Kornhauser and Mark P. Millen, ("Class Counsel"). Appearing on behalf of Defendants Allstate Insurance Company and Allstate Indemnity Company ("Allstate" or "Defendants") were Gayle M. Athanacio of Rogers Joseph O'Donnell, and Sanford Kingsley, SNR Denton US, LLP. Appearing for Objector, Phyllis Wilens, was Jeffrey Wilens of Lakeshore Law Center.

WHEREAS, this Court previously certified a class in this action of "all California Allstate Insurance Company and Allstate Indemnity Company motor vehicle insureds from January 1, 2002 through December 31, 2005 who received Allstate motor vehicle insurance renewal bills indicating a DUE DATE for payment one month before the date the policy renewed and who paid their full motor vehicle insurance premiums one month or more before the renewal policy effective date;"

WHEREAS, this Court denied both Plaintiff's and Defendants' motions for summary judgment in this action, finding numerous issues of material fact were in dispute;

WHEREAS, after extensive motion practice and discovery, the parties engaged in a private mediation and judicially supervised settlement conference, and as a result of these settlement efforts, executed and filed the Settlement Agreement with the Court on February 3, 2012 (incorporated herein by reference); and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement, which is hereby incorporated by reference; and

WHEREAS, the Court, on March 6, 2012, entered the Order Granting Joint Motion For Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice ("Preliminary Approval Order"), preliminarily approving the settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on July 9, 2012, to determine whether the settlement should be finally approved as fair, reasonable and adequate; and

WHEREAS, Allstate and Class Counsel have satisfactorily indicated to the Court that such Notice Plan was followed; and

WHEREAS, pursuant to the Notice Plan, a hearing was held on July 9, 2012, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

A.   The Fourth Amended Complaint filed in this action alleges that the motor vehicle renewal bills that Allstate sent its insureds were deceptive in that they had a "due date" approximately one month prior to the renewal policy effective date, violated California Business & Professions Code §17200, and resulted in Allstate's insureds paying the stated "pay in full" amount by the stated "due date" which was one month earlier than Plaintiff alleges any payments were due. Allstate denies that its renewal bills were deceptive, that its "due date" was improper, and that it did anything wrong.

B.   As part of the Preliminary Approval Order, the Court certified a settlement class, for settlement purposes only, defined as containing the following Members:

All insureds who, between January 1, 2002 and December 31, 2005, were California residents who had motor vehicle insurance with Allstate Insurance Company or Allstate Indemnity Company and received a six month insurance policy renewal bill indicating a "due date" for payment approximately one month before the date the policy was to renew, and paid the "pay in full" amount stated on the bill on or before the "due date" stated on the bill.

The Court hereby affirms this definition of Class Members for purposes of this Final Order and Judgment (hereinafter "Final Judgment").

2

C.      The Court certifies this Action, for settlement purposes only, as a Class Action, and in so doing, finds that the requirements for maintaining a settlement class, as defined in Section B above, have been met—in particular because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact—i.e., whether Allstate's motor vehicle insurance renewal bills were deceptive under California Business & Professions Code section 17200 —common to all members of the class that predominate over any individualized issues; (3) the claims or defenses of the Class Representative are typical of the claims or defenses of the Class; and (4) Plaintiff and Class Counsel have and will fairly and adequately protect the interests of the Class.

D.      Plaintiff and Allstate have entered into the Settlement Agreement which has been filed with the Court. The Settlement Agreement provides for the settlement of this Action with Allstate on behalf of Plaintiff and the Settlement Class, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Settlement, and directed that Notice to Class Members of the Settlement and of this hearing be disseminated in accordance with the terms of the Preliminary Approval Order.

E.      In accordance with the terms of the Settlement Agreement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Allstate's counsel and Class Counsel confirmed to the Court that the parties complied with the Notice Plan.

F.      The Court hereby finds that the Notice Plan constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to members of the Settlement Class, and fully satisfies the requirements of due process.

G.      Plaintiff and Allstate have applied to the Court for approval of the terms of the Settlement Agreement and for the entry of this Final Judgment. Pursuant to the Notice Plan, and upon notice to all parties, a hearing was held before this Court, on July 9, 2012, to determine whether the Settlement of the Action should be approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement, releasing the Released Parties from all Released Claims by Plaintiff and the Settlement Class, and

3

dismissing all claims in the Action on the merits, with prejudice and without leave to amend, should be entered.

H.  The Court hereby finds that approval of the Settlement Agreement will result in substantial savings in time and expense to the Court and the litigants and will further the interests of justice.

I.  The Court hereby finds that the Settlement Agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals.  The Court further finds that the Settlement Agreement is fair, reasonable and adequate and that the standards for final approval of a class action settlement have been met.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  The Court has jurisdiction over the subject matter of this Action, Plaintiff, the Settlement Class, and Allstate.

2.  With the exception of those Class Members who timely excluded themselves, all remaining Class Members are members of the Settlement Class and therefore bound by this Final Judgment and by the Settlement Agreement embodied therein, including the releases provided for in the Settlement Agreement and this Final Judgment ("Settlement Class").

3.  All provisions and terms of the Settlement Agreement are hereby found to be fair, reasonable and adequate as to the Settlement Class and Plaintiff, and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects.  The parties to the Settlement Agreement are hereby directed to consummate the Settlement Agreement in accordance with its terms.

4.  This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and Plaintiff and Settlement Class Members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

5.	As of the Effective Date of Settlement, by operation of the entry of this Final Judgment, each member the Settlement Class shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class member may have against the Released Parties.

6.	Released Parties" shall mean (i) Allstate Indemnity Company and Allstate Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) herein against whom Released Claims, as defined in Section VI(B)(1) of the Settlement Agreement, have or could have been asserted.

7.	"Released Claims" shall mean any and all claims or causes of action of any nature whatsoever, regardless of legal theory and the type of relief or damages claimed, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims) asserted in the Litigation or which could have been asserted in the Litigation as an individual or class action claim, and also including "Unknown Claims", as defined in paragraph 8 below, that have been or could have been asserted against the Released Parties in the Litigation or any other complaint, action, or litigation in any other court or forum based upon Allstate's use of the Due Date Renewal Bill or timing of payments by Class Members in response to the Due Date Renewal Bill, including but not limited to:

(a)	Any such claim for breach or violation of, or for benefits conferred by, any federal, state, common or other law or statute, regulation or ordinance, including without limitation those concerning consumer or other transactions, unfair or deceptive business practices, consumer legal remedies, or private attorney general;

(b)  Any such claim for breach of any duty imposed by law, by contract or otherwise, including without limitation breach of contract, constructive trust, restitution, or unjust enrichment;

(c)  Any such claim based on principles of tort law, consumer protection, or other kind of liability including without limitation negligence, fraud or consumer fraud, negligent or intentional misrepresentation, conversion, or other direct or derivative liability;

(d)  Any such claim for declaratory or injunctive relief, restitution or disgorgement, or other equitable relief; and

(e)  Any such claim for penalties, punitive damages, exemplary damages, or any other claim for damages based on a multiplication of compensatory damages.

Released Claims do not include claims which are not based on Allstate's use of the Due Date Renewal Bill or timing of payments by Class Members in response to the Due Date Renewal Bill.

8.  "Unknown Claims" shall mean any and all Released Claims that any Settlement Class Member, or anyone acting on their behalf or in their interest, does not know or even suspect to exist against any of the Released Parties which, if known, might have affected his, her or its decision regarding the settlement of the Action. Settlement Class Members further acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon the Released Claims occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

9.  It is hereby determined that the Notice to Class Members, as disseminated to Class Members in accordance with the provisions of the Preliminary Approval Order, was

the best notice practicable under the circumstances to all Class Members, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to Class Members, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Allstate complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

10.  The Settlement Agreement and this Final Judgment are not to be deemed admissions of liability or fault by Allstate, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Allstate. The Settlement Agreement is not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor Settlement Agreement shall be used as evidence of any admission of any fault or omission by Allstate or any other person. Neither this Final Judgment, any term or provision of the Settlement Agreement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement Agreement; however, Allstate may use the Settlement Agreement, the exhibits thereto, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.  It is hereby ordered that Allstate shall pay Class Counsel's attorneys' fees and costs in the amount of $ 1,250,000.00.

12.  It is hereby ordered that Allstate shall pay Plaintiff and Class Representative Vlaho Miletak as an incentive payment the amount of in the amount of $ 15,000.

13.  Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A.  Enforcing the Settlement Agreement;

B.  Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and

C.  Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

Dated: ___July 12, 2012___         _____
Hon. James Ware,
Chief Judge
United States District Court for the
Northern District of California